**CALLAHAN & BLAINE, APLC**
Daniel J. Callahan, SBN 91490
Christopher B. Queally, SBN 229154
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

NOTE: CHANGES MADE BY THE COURT

Attorneys for Defendants ASI CORPORATION, and ASI COMPUTER TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF KOREA, an agency or instrumentality of the Republic of Korea,<br><br>Plaintiffs,<br><br>v.<br><br>ASI CORPORATION, a Delaware corporation; ASI COMPUTER TECHNOLOGIES, INC., a California corporation,<br><br>Defendants. | **CASE NO. 2:16-cv-02056-MWF-JPR**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Judge:  Hon. Michael W. Fitzgerald<br>Dept.:  1600<br><br>Complaint Filed: March 25, 2016<br>Trial Date: None Set |

To facilitate the production and exchange of documents and other information in this litigation that are not in the public domain and are protected from disclosure under state or federal law as confidential proprietary, confidential trade secret or otherwise privileged information, the Court hereby ORDERS as follows:

**1.   Definitions.**

A.   When used in this Protective Order, the word "document" or "documents" means any and all information contained in written, recorded, or

1 graphic form in any media (specifically including software and machine readable
2 media) and in any tangible form, including, but not limited to: (a) any "writing" as
3 defined by California Evidence Code § 250 and Federal Rules of Evidence, Rule
4 1001; (b) interrogatory answers; (c) requests for admissions and responses thereto;
5 (d) motions and responses and their attachments; (e) documents produced by any
6 party or non-party in this proceeding whether pursuant to a rule, statute, subpoena,
7 or by agreement; (f) deposition transcripts and exhibits; and (g) any portions of
8 papers filed with the Court which quote from or summarize any of the foregoing.
9 The term encompasses, among other things, writings, drawings, graphs, charts,
10 photographs, physical objects, things, deposition transcripts, trial transcripts, hearing
11 transcripts, telephone records, and other data compilations, including without
12 limitation, all writings of whatever type, nature or description, whether typed,
13 handwritten, printed or otherwise, as well as all tape recordings, computer tapes,
14 discs and other electronic, magnetic or mechanical recordings, however produced or
15 reproduced, including information stored in a computer whether or not ever printed
16 or displayed.  The terms also include the original and each copy of the original.

      B.      "Confidential Information" for purposes of this Stipulated Protective Order means any document which is designated by the party producing or disclosing the document (the "Producing Party") as "Confidential" in the good faith belief that it has not been disclosed publicly and contains confidential proprietary, confidential trade secret or otherwise privileged information protected from disclosure under state or federal law.

      **2.**      **Designation of Documents as "Confidential."**

At the time of production or disclosure, or prior thereto, the Producing Party may designate for protection under this Protective Order any document containing Confidential Information produced or disclosed by that party by prominently marking it as "Confidential" evidencing the intention of the Producing Party to bring the document, or portion of that document, within the scope of this Protective Order.

1 Only the Producing Party may so designate a document. In the event that the
2 Producing Party inadvertently fails to mark a document as "Confidential" at the time
3 of production, a correction may be made in writing within ten (10) days of the
4 discovery by the Producing Party of the failure to have marked a document as
5 "Confidential" accompanied by substitute copies of each document, appropriately
6 marked "Confidential." The party receiving such documents (the "Receiving
7 Party") shall within ten (10) business days of receipt return the previously unmarked
8 documents and all copies thereof. The inadvertent production of the documents or
9 the giving of testimony subsequently claimed to be Confidential shall not constitute
10 a waiver of confidentiality.

11 The designation need only be made in English. It will be the responsibility of
12 the party attempting to use the information designated as CONFIDENTIAL to
13 translate such designation into the first language of any witness, consultant or other
14 individual whom such party intends to disclose the material to under this Protective
15 Order. It shall also be the responsibility of the party attempting to use the
16 information designated as CONFIDENTIAL to have the acknowledgement attached
17 as Exhibit **A** translated into the first language of the witness, consultant or other
18 individual using a court certified interpreter.

19 **3. Use of Confidential Information.**

20 All Confidential Information shall be used by the parties and their counsel
21 only for the purpose of the prosecution or defense of this action, including appeals,
22 retrials or ancillary actions, and shall not be disclosed to anyone except as provided
23 herein. Provided it is appropriately marked in accordance with the terms of this
24 Protective Order and protected from disclosure to unauthorized persons,
25 Confidential material may be used or referred to in connection with this action,
26 including, without limitation, in discovery, motions, trial and other pre-trial, trial,
27 and post-trial matters as provided herein. Nothing in this Protective Order affects
28 the right of anyone producing material designated "Confidential" hereunder to make

1  any otherwise lawful use or disclosure of the information produced by them.  Any
2  material designated "Confidential" that a Producing Party discloses outside of the
3  Producing Party (other than disclosure in this litigation pursuant to this Order) shall
4  immediately, and without the necessity of action by the non-producing party, be de-
5  designated and no longer subject to the restrictions of this Order unless such
6  disclosure is made pursuant to an existing agreement between the Producing Party
7  and the party to whom the material is disclosed that such material be kept
8  confidential.  This Order does not limit any party's right to object to the production
9  of documents or information, to move to lift or modify any protections afforded by
10 this Order, or to move for a further protective order if the protections afforded by
11 this Protective Order, in the opinion of the moving party, are insufficient.

**4.     Persons to Whom Confidential Information May Be Disclosed.**

Except as may be otherwise provided by further Order of the Court, Confidential Information may be disclosed only to the following:

(a)     The Court, its employees, and its agents, and only in the manner provided in Paragraphs 10 and 11 of this Protective Order unless the court orders otherwise;

(b)     Any stipulated or assigned mediator or referee provided such mediator or referee first agrees to be bound by this Protective Order by signing an acknowledgement in the form of Exhibit **A** hereto;

(c)     The parties' outside counsel and their respective support staffs as reasonably necessary, all of whom must be made aware of the terms of the Protective Order and must agree to comply;

(d)     Court reporters who record depositions, testimony or other matters in this action;

(e)     Experts or independent consultants engaged by the parties' attorneys, and their support staff to assist in this litigation, and fact witnesses being interviewed by counsel, provided that each such expert, independent consultant, or

fact witness first agrees to be bound by this Protective Order by signing an acknowledgement in the form of Exhibit A hereto;

       (f)    Officers, director or other employees of the parties, including inside counsel, but only to the extent those individuals are actively involved in the conduct of the litigation, or are assisting counsel in preparing the case, all of whom must be made aware of the terms of this Protective Order and must agree to comply;

       (g)    Any person who authored and/or previously produced or received the Confidential Information; and

       (h)    Deposition witnesses, provided that any such witness first is ordered to or agrees to be bound by this Protective Order by signing an agreement in the form of Exhibit A hereto. To the extent a deposition commences and the witness does not agree to be bound by this Protective Order, the deposition may continue (without divulging Confidential Information to the witness) and then be adjourned to allow a party to seek a court order binding the witness to this Protective Order, after which the deposition shall continue.

**5.    Deposition Testimony Containing Confidential Information.**

For deposition testimony, counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that particular, specifically identified testimony or documents shall be designated as Confidential Information within twenty (20) days of receipt of the transcript, with the basis for any such designation. If any party or non-party uses or elicits Confidential Information during the course of a deposition, that part of the deposition record reflecting such Confidential information, and only that part of the record, shall be marked "Confidential" and access to it shall be limited pursuant to the other terms of this Protective Order. No person shall be present during portions of the depositions so designated unless she/he is authorized under the terms of this Protective Order to receive Confidential Information. No party shall designate wholesale the entirety of a deposition as "Confidential" without a good faith basis for doing so.

**6. Hearings.**

Any information designated Confidential Information that is revealed in the course of a hearing is also subject to this Stipulated Protective Order if the judicial officer presiding at the hearing so orders.

**7. Unauthorized Disclosure.**

In the event that a non-producing party discloses Confidential Information to someone not authorized to receive such information, counsel for the non-Producing Party shall immediately give notice to counsel for the Producing Party who designated the materials as Confidential Information and shall reasonably cooperate with the Producing Party in recovering the Confidential Information and obtaining appropriate protection from further dissemination. Nothing herein shall be construed to require the non-Producing Party to initiate any court or other proceedings to recover or otherwise protect the Confidential Information.

**8. Challenges to Confidentiality Designation.**

A party shall not be obligated to challenge the propriety of a designation of materials as "Confidential Information" at the time designated, and a failure to do so shall not preclude a subsequent challenge. In the event that any party objects at any time to the designation of material as "Confidential Information," or believes that certain Confidential Information no longer warrants confidential treatment pursuant to this Order, the parties first shall try to resolve the issue in good faith on an informal basis. If the dispute cannot be so resolved by the tenth (10th) day from the objecting party raising the issue, the Producing Party must begin the joint stipulation process under Local Rule 37 within ten (10) business days thereafter for a ruling from the Court on the continued application of the confidentiality designation of such materials. If such application is not made by that time, or within a mutually agreed extension, the materials in dispute shall be automatically de-designated and no longer subject to the restrictions of this Order. At all times and in all circumstances, the burden rests on the Producing Party to establish that anything

designated "Confidential Information" hereunder should receive confidential treatment under this Stipulated Protective Order, and the Court may impose sanctions, including, without limitation, attorneys' fees and costs, for any designation that it determines to have been without substantial justification.

### 9. Lodging Confidential Information With The Court.

When Confidential Information is intended to be filed or lodged with the Court in connection with discovery motions or proceedings, the parties shall follow Local Rule 79-5, unless they mutually agree in writing that the documents may be filed in the public record.

### 10. Use of Confidential Information in Pleadings or Evidence.

When using Confidential Information in pleadings or as evidence or otherwise, other than in connection with discovery motions or proceedings, the procedures of Local Rule 79-5 shall apply and shall be strictly adhered to by the parties, unless they mutually agree in writing, and obtain Court approval, to proceed otherwise.

### 11. Request or Demand for Confidential Information.

If anyone who is not a party to this Stipulated Protective Order requests or demands, by subpoena, discovery request or otherwise (collectively, a "Demand"), any Confidential Information, unless prohibited from doing so by law or court order, the party receiving the Demand will promptly notify the Producing Party that designated the material as Confidential Information and will cooperate reasonably with the Producing Party in its efforts, if any, to oppose or limit production of the material. The party receiving the Demand shall not be required to oppose the Demand, or otherwise incur attorneys' fees in cooperating with the Producing Party. The party receiving the Demand shall promptly notify the Producing Party that the party has received such Demand, to enable the Producing Party to take any steps it deems appropriate to protect its designated information. Unless the Producing Party notifies the party receiving the Demand within five (5) business days that it intends

to take such steps, the party receiving the Demand may comply with the Demand without penalty or liability under this Order.  If the Producing Party notifies the party receiving the Demand that it intends to take such steps, and within five (5) business days of such notification (or such longer period as may be agreed) in fact initiates such steps, then the information shall not be produced or disclosed by the party receiving such Demand absent written authorization from the Producing Party or a court order from a court of competent jurisdiction ordering such party to produce or disclose the information.  Any such notices shall be provided in the manner specified in Paragraph 15 of this Stipulated Protective Order.  Nothing in this provision authorizes a party to disobey a lawful court order.

**12. Independent Acquisition.**

(a) The restrictions and obligations set forth herein relating to Confidential Information shall not apply to any information that has come or shall come into the receiving party's legitimate possession independently of the Producing Party.  Moreover, none of the restrictions or obligations set forth herein shall apply to any Confidential Information that is or becomes public knowledge by means not in violation of this Stipulated Protective Order, or that the Court first determines is not entitled to confidential treatment.

(b) As used in this paragraph, the phrase "legitimate possession" does not include situations where an employee or former employee of a party has disclosed information which is considered or would be considered confidential under such employee or former employee's employment agreement, contract, handbook, or fiduciary duty with the employer or former employer.

(c) The provisions of Paragraph 12(a) shall not apply to information that has come into a receiving party's possession prior to initiation of this action pursuant to an agreement that such information be kept confidential.  The party asserting that any such information should be deemed Confidential under this Order shall have the burden to establish the existence of such an agreement.

### 13. Modification of Protective Order.

This Stipulated Protective Order may be modified at any time by further stipulation of the parties approved by order of the Court.  If the parties cannot reach an agreement in this regard, the party desiring the modification may apply to the Court for modification of the Stipulated Protective Order pursuant to Local Rule 37.  Nothing in this Stipulated Protective Order shall constitute:  (a) any agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by court order; (b) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery in this or any other action; (c) a waiver of any claim or immunity or privilege with respect to any testimony, document or information; or (d) an admission or agreement by any non-Producing Party that such information or anything designated "Confidential Information" is in fact Confidential Information.

### 14. Return or Destruction of Confidential Information.

Upon final termination of this litigation, the originals and all copies, whether exact copies or compilations, digests or non-exact copies in any form, of Confidential Information shall be, at the option of the Receiving Party, destroyed by the Receiving Party or returned to the Producing Party.  Nonetheless, outside counsel may retain in their file copies of all court filings, official transcripts and exhibits, and outside consultants may retain one file copy of all work papers and work product, provided that they continue to treat any Confidential Information therein in the manner provided in this Stipulated Protective Order.

If the Receiving Party opts to destroy Confidential Information such party must furnish the Producing Party with written confirmation that all Confidential Information has been destroyed within thirty days (30) from final termination of this litigation.

"Destroy" for purposes of this Order means to obliterate or extinguish in a

- 9 -
Protective Order

1 manner that is reasonably calculated to ensure that no third parties can access the
2 Confidential Information.  This includes, by way of example only, shredding
3 documents and deleting or purging electronic files.

**15.  Notices.**

Any notices to be provided under this Stipulated Protective Order shall be provided via U.S. mail and either fax or e-mail, and addressed as follows:

Notices to ASI Corporation:

Christopher B. Queally
CALLAHAN & BLAINE, APLC
3 Hutton Centre Drive, Ninth Floor
Santa Ana, CA 92707
(714) 241-4444
cqueally@callahan-law.com

and

Brian Lee
LEE & SHOMAKER LLP
11693 San Vicente Blvd., #200
Los Angeles, CA 90049
(310) 709-5206
brilee_ca@yahoo.com

Notices to The Export-Import Bank Of Korea:

Bryan A. Merryman
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
(213) 620-7700
bmerryman@whitecase.com

and


James K. Lee
WHITE & CASE LLP

```
31F One IFC
10 Gukjegeumyung-ro
Yeoungdeungpo-gu
Seoul, Korea
150-945
+82 (2) 6138 8811
jklee@whitecase.com
```

### 16. Termination.

This Stipulated Protective Order shall survive the termination of this action and the Court shall retain jurisdiction to enforce it.

DATED: July 25, 2016

/s/
Christopher B. Queally
CALLAHAN & BLAINE, APLC
Attorneys for Defendants ASI CORPORATION, and ASI COMPUTER TECHNOLOGIES, INC.

DATED: July 25, 2016

/s/
Bryan A. Merryman
WHITE & CASE LLP
Attorneys for Plaintiff THE EXPORT-IMPORT BANK OF KOREA

IT IS SO ORDERED.

DATED: August 1, 2016

UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

# CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, state the following:

**I have read and understand the Stipulated Protective Order ("Order") in *The Export-Import Bank of Korea v. ASI Corporation, et al.*, United States District Court Central District of California Court Case No.2:16-cv-02056-MWF-JPR, to which this Confidentiality Acknowledgment ("Acknowledgment") is attached. I understand that access to information designated as confidential in this action, may be provided to me and that such access is pursuant to the terms, conditions, and restrictions of the Order. By signing this Acknowledgment, I agree to be bound by the terms, conditions, and restrictions of the Order even though I may not have executed the Order. I hereby submit to the jurisdiction of the United States District Court Central District of California, for the limited purpose of enforcement of this Acknowledgment.**

**I will comply with all of the provisions of the Order. I will not use or disclose to others any information designated as Confidential pursuant to the Order, except in accordance with the Order, any amendment thereto, and any further Order of the Court, and only for matters in connection with this action. No later than thirty (30) days after the conclusion of this action, I will destroy or return the Confidential Information, including copies, notes or other transcriptions made therefrom, to the counsel who provided me with such Information. If I fail to abide by the terms of this Acknowledgment or the Order, I understand that I may be subject to sanctions, including sanctions for abuse of the discovery process pursuant to the Federal Rules of Civil Procedure, and/or may be subject to contempt of court proceedings.**

1  **I declare, under the penalty of perjury of the laws of the United States,**
2  **that the foregoing is true and correct.**
3
4
5  Dated: _____
                                        _____
6                                       Signature
7                                       _____
                                        Printed Name
8  _____
   Address
9  _____
   Name of Entity
10