BRYAN A. MERRYMAN (SBN: 134357)
bmerryman@whitecase.com
JAMES K. LEE (SBN: 162350)
jklee@whitecase.com
EARLE MILLER (SBN: 116864)
emiller@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for Plaintiff
THE EXPORT-IMPORT BANK OF KOREA

[Defendants' Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF KOREA, an agency or instrumentality of the Republic of Korea,<br><br>            Plaintiff,<br><br>     v.<br><br>ASI CORPORATION, a Delaware corporation; ASI COMPUTER TECHNOLOGIES, INC., a California corporation,<br><br>            Defendants. | Case No. 2:16-cv-02056-MWF-JPR<br><br>**JOINT RULE 26(f) SCHEDULING CONFERENCE REPORT**<br><br>Date:  September 19, 2016<br>Time:  11:00 a.m.<br>Ctrm:  1600 |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26, Local Rule 26, and the Court's August 8, 2016 Order Setting Scheduling Conference, plaintiff The Export-Import Bank of Korea ("KEXIM" or "Plaintiff") and defendants ASI Corporation and ASI Computer Technologies, Inc. (together, "Defendants"), submit this FRCP 26(f) Joint Scheduling Conference Report.

### A. Statement of the Case

KEXIM is the official export credit agency of the Republic of Korea, and provides comprehensive export loan and guarantee programs to support Korean enterprises conducting business overseas. KEXIM is an agency or instrumentality of the government of the Republic of Korea. Defendant ASI Corp. was a Delaware corporation. Defendant ASI Computer Technologies, Inc. ("ASI") is a California corporation. ASI is a wholesale distributor of computer software, hardware, and accessories.

KEXIM's Complaint alleges that Defendants participated with a company called Moneual, Inc. in an elaborate scheme of circular transactions, whereby the latter sold fraudulent receivables based on bogus purchase orders issued by foreign importers such as Defendants. The Complaint alleges that Moneual paid kickbacks to Defendants' executives and employees and that Defendants, in turn, issued the bogus purchase orders. KEXIM advanced Moneual approximately $52 million against invoices issued to Defendants, of which approximately $40 million has not been repaid. In this lawsuit, KEXIM seeks to recover that sum from Defendants based on Defendants' participation in Moneual's fraudulent scheme, including Defendants' direct misrepresentations to KEXIM and its actions in aiding and abetting, and conspiring with, Moneual to defraud KEXIM.

Defendants filed, and KEXIM opposed, a motion to dismiss the Complaint under FRCP 12(b)(7) for failure to join indispensable parties under FRCP 19, namely, Moneual and its CEO, Hong-Suk Park. The Court denied the motion to

dismiss on July 26, 2016.  Defendants answered the Complaint on August 4, 2016.  No counterclaim or third-party complaint has been filed.

Defendants contend that Defendants did not receive any "kickbacks" and Defendants had no knowledge of Moneual's circular transactions, that Defendants did not participate in any scheme to defraud Plaintiff, and that Plaintiff has failed to allege facts sufficient to sustain the causes of action pled.  Defendants further contend it was KEXIM that designated Moneual as one of South Korea's Hidden Champions of industry in 2012, and KEXIM agreed to furnish financial and non-financial support to Moneual in the early 2000s.  Defendants contend officers of both KEXIM and the Korea Trade Insurance Corporation ("KSURE") were bribed by Moneual to approve the factoring agreements, and/or take other action beneficial to Mr. Park and Moneual.  Defendants further contend that two officers from KEXIM (including the President's chief of staff) and at least three from KSURE have been convicted of felonies in South Korea relating to accepting bribes from Mr. Park to assist in increasing Moneual's credit limit from KEXIM,  and that the Korean Ministry of Finance and Strategy has enforced disciplinary measures against 57 employees of KEXIM for extending bad loans to Moneual and causing the losses to KEXIM at issue in this lawsuit.

### B.    Subject Matter Jurisdiction

The Court's jurisdiction is predicated on 28 U.S.C. § 1332(a)(4) (diversity, foreign state plaintiff).

### C.    Legal Issues

The issues presented by the pleadings are:

(1) Whether Defendants committed fraud on KEXIM by means of direct misrepresentations, concealments or failures to disclose material facts, aiding and abetting Moneual in carrying out any such activities, and/or conspiring with Moneual to do so.

(2) Whether Defendants engaged in negligent misrepresentation.

- 2 -

    (3)    Whether Defendants engaged in negligent supervision of their officers, employees, or agents.

    (4)    Whether reliance by KEXIM on any alleged representations by Moneual or Defendants was justifiable.

    (5)    Whether KEXIM is barred from recovering damages under the doctrines of unclean hands and *in pari delicto* based on the participation of agents of the government of South Korea in the alleged scheme.

    (6)    Whether KEXIM failed to mitigate its alleged damages by refraining from increasing Moneual's unreasonable export credit limit.

    (7)    Whether any alleged liability of Defendants for negligence must be reduced by KEXIM's comparative fault.

**D.    Parties, Evidence, etc.**

The plaintiff is The Export-Import Bank of Korea, an agency or instrumentality of the Republic of Korea as defined by 28 U.S.C. § 1603(b).

The defendants are ASI Corporation, a Delaware corporation, and ASI Computer Technologies, Inc., a California corporation.

Defendants' corporate subsidiaries, parents, and affiliates are the following: ASI Computer Technologies Mexico, S. De RL De CV, ASI China Corporation, ASI Computer Technologies (HK) Limited, VAST Infotech Inc., Nspire Systems, Inc., ASI Computer Technologies (Canada), Inc., ASI Computer Technologies (Canada) Corp., ASI Acquisition Corp., ASI Asset Holdings LLC, ASI Torreon S.A. de C.V., ASI Chihuahua S.A. de C.V., ASI Queretaro S.A. de C.V., ASI Computers Puebla S.A. de C.V., ASI Aguascalientes S.A. de C.V., and ASI Nuevo Laredo S.A. de C.V.

The primary percipient witnesses are the following:

- Bill Chen

|    |                                                                                     |
|----|-------------------------------------------------------------------------------------|
| 1  | • Henry Chen                                                                        |
| 2  | • Frances Chou                                                                      |
| 3  | • Kyung-Sik Kang                                                                    |
| 4  | • Jeff Kim                                                                          |
| 5  | • Jong-Hyun Lee                                                                     |
| 6  | • Christine Liang                                                                   |
| 7  | • Hong-Suk (Harold) Park                                                            |
| 8  | • Jino Park                                                                         |
| 9  | • Cheol-Wook ("Charlie") Shin                                                       |
| 10 | • Hyunoh Cho                                                                        |
| 11 | • Hyunjoo LeeHangman Huh                                                            |
| 12 | • Hyomyung Chung                                                                    |
| 13 | • Kyeryung Cho                                                                      |
| 14 | • Inkyu Hwang                                                                       |
| 15 | • Woochan Hwang                                                                     |
| 16 | • Wootaek Suh                                                                       |
| 17 | • Changjong Lee                                                                     |
| 18 | • Jeongyup Oh                                                                       |
| 19 | • Beongha Jeon                                                                      |
| 20 | • Patrick Chin                                                                      |
| 21 | • Various other employees of KEXIM and KSURE who were                               |
| 22 | responsible for evaluating credit applications, underwriting, and loan              |
| 23 | processing whom Defendants are still unaware of.                                    |
| 24 | The key documents in the case known at this time are the "OEM Supply                |
| 25 | Agreement" between Moneual and ASI Corporation dated October 15, 2013               |
| 26 | (Complaint, ¶ 27); the four sets of purchase orders issued by defendant ASI         |
| 27 | Computer Technologies, Inc. and the invoices and shipping documents pertaining      |
| 28 | to each such set issued by Moneual (Complaint, ¶¶ 38, 42, 46, 50); the investigation |

reports relating to Moneual prepared by Korean government officials including the criminal and customs authorities; KEXIM's underwriting, loan processing and collection files and policies; the personnel files of all Korean government officials who were bribed by Mr. Park; the criminal court records of all Korean government officials who were arrested, tried and convicted of felonies for accepting bribes from Mr. Park; and bank records and related financial documents evidencing the payment of illicit kickbacks to ASI management and officers.

### E. Damages

Plaintiff seeks compensatory damages in the amount of $39,991,600, plus interest and attorneys' fees, plus exemplary damages on its fraud claim for relief in an amount according to proof. Plaintiff's compensatory claims are liquidated and readily provable by reference to its records of disbursements made to Moneual against the fraudulent purchase orders and invoices.

Defendants contend that KEXIM's alleged damages must be reduced and/or offset by recovery from Moneual, Mr. Park and any other third parties to avoid double recovery. In addition to this action, Defendants are informed and believe that KEXIM has instituted legal actions in Korea and China against third parties who KEXIM alleges are responsible for its financial losses.

### F. Insurance

Defendants are being provided a defense and indemnity under a directors and officers liability policy issued by Navigators, with a policy limit of $4,000,000. The defense is being provided under a reservation of rights.

### G. Motions (Non-Dispositive)

*Other parties:* Plaintiff may seek leave to add additional parties, including individual defendant officers or employees of ASI who received kickbacks in connection with the fraudulent scheme. Defendants contend Moneual and Mr. Park are indispensable parties and that this action cannot equitably proceed in their absence. Defendants believe the addition of other parties is absolutely required to

1 accord relief amongst the existing parties.  Defendants are currently investigating
2 possible cross claims against third parties currently unknown.  Defendants contend
3 they are at a significant disadvantage since, if Defendants are found liable, there
4 exist multiple joint tortfeasors including former employees of KEXIM, KSURE and
5 other Korean government officials, who are beyond the Court's jurisdiction and
6 likely penniless.  Moreover, KEXIM waited until after Mr. Park was convicted and
7 after the claims period closed in Moneual's bankruptcy to file claims against ASI.

8     *Other claims:*  Plaintiff does not consider the addition of other claims likely
9 at this time, but reserves its right to seek to do so in accordance with federal and
10 local rules.  Defendants have not filed a counterclaim.

11     *Amended Pleadings:*  No motion on this subject is currently contemplated,
12 but the parties reserve their right to file such a motion should discovery warrant.

13     *Transfer of Venue:*  No motion on this subject is currently contemplated but
14 the parties reserve their right to file such a motion should one become necessary or
15 warranted by other actions.

16     **H.**    **Manual for Complex Litigation**

17     The parties do not currently believe this case should be subject to the Manual
18 for Complex Litigation.  The parties reserve their right to raise the issue as the case
19 proceeds.

20     **I.**    **Status of Discovery**

21     The parties have made their initial disclosures pursuant to FRCP 26(a)(1).
22 The parties commenced on August 1, 2016, a rolling production of documents,
23 electronically stored information, and tangible things under those disclosures.

24     Both parties have served initial waves of written discovery.  A motion to
25 compel further responses may be necessary with respect to Defendants' responses
26 to KEXIM's request for production of documents if the parties are unable to resolve
27 their differences in the meet and confer process.  Defendants served their responses
28 to KEXIM's First Set of Requests for Production of Documents on August 15,

2016. As of the filing of this Report, KEXIM has not yet initiated any meet and confer effort as to Defendants' responses.

The parties have confirmed that, since KEXIM filed the Complaint on March 25, 2016, the parties have made reasonable efforts to preserve discoverable information, and have agreed that they will continue to do so until this case is resolved.

**J.   Discovery plan**

The parties intend to obtain written and deposition discovery on subjects related to the claims and defenses in this action, specifically including the following subjects:

- ASI's corporate structure;
- The history of ASI's relationship with Moneual and Moneual's principals and related entities;
- ASI's participation in the fraudulent scheme orchestrated by Moneual;
- Kickbacks, "commissions," and bribes that ASI personnel received from Moneual;
- The authority of ASI officers and agents to engage in the issuance of purchase orders;
- Money received by Moneual from KEXIM as advances against invoices;
- Money received by Moneual from ASI as payment for goods purportedly bought by ASI;
- The flow of funds among ASI, Moneual, Moneual-related straw companies, and Moneual and ASI employees and agents.
- The criminal convictions of various employees of KEXIM and KSURE for accepting bribes from Mr. Park to increase Moneual's credit limits.

- 7 -

- KEXIM's practices, procedures, guidelines and protocols for evaluating credit applications, due diligence, underwriting, loan processing and collections.
- KSURE's practices, procedures, guidelines and protocols for evaluating credit, due diligence and underwriting.
- Investigations conducted by various agencies of the government of the Republic of Korea on Moneual, Mr. Park and others investigated in Korea relating to the alleged scheme.
- KEXIM's alleged compensatory damages and Defendants' affirmative defense of failure to mitigate damages.

The parties anticipate that discovery will encompass electronically stored information. The parties intend to produce such information in native format to the extent available. In addition, to ensure reasonableness and proportionality in discovery, the parties intend to meet and confer on an e-discovery protocol. The parties have agreed, to the extent possible, to limit the costs of electronic discovery and avoid any unnecessary delay, as will be outlined in their anticipated e-discovery protocol. The parties have also agreed to work in good faith to avoid unnecessary disputes relating to electronic discovery, and will attempt to agree on provisions in their e-discovery protocol designed to facilitate informal resolution of discovery disputes without resorting to court intervention.

KEXIM intends to commence deposition discovery in or about October 2016, following the parties' initial exchange of documents, with the deposition of ASI's designee(s) under FRCP 30(b)(6). KEXIM expects that discovery will likely be completed by June 2017. KEXIM notes that its representatives and employees may need to be deposed in Korea, where it is based. In addition, depositions of other key witnesses may need to take place in Asia, and in some cases may need to be arranged under the requirements of The Hague Convention on the Taking of

- 8 -

JOINT RULE 26 REPORT;
CASE NO. 2:16-CV-2056

Americas 91336198

Evidence Abroad in Civil and Commercial Matters (the "Hague Convention"), or other applicable treaties.

KEXIM has informed Defendants that it will make its appropriate officers and agents available for deposition (in Korea or in the United States depending on issues such as the witnesses' positions, schedules, and availability) without requiring Defendants to make applications under the Hague Convention. However, ASI has also indicated its intention to depose the President of KEXIM and a number of KEXIM personnel who have nothing to do with the issues in the case, and KEXIM will not voluntarily make such persons available.

KEXIM intends to take discovery also from various banks or financial institutions outside the United States through which it believes that Moneual and ASI funneled money and purported payments. That discovery may require the issuance of letters rogatory or Hague Convention application. KEXIM will also take the depositions of ASI officers and employees, including those who received kickbacks from Moneual.

While KEXIM anticipates that discovery will be completed by June 2017, KEXIM will immediately notify the Court, and may request additional time for discovery, should it require additional time to locate, notice, and take depositions in Korea or elsewhere abroad.

Defendants intend to depose those employees of KEXIM and KSURE involved in evaluating the credit of Moneual and Mr. Park, approving export loans and loan increases, and collection. KEXIM has not identified specifically which employees KEXIM is willing to produce pursuant to notice in either the U.S. or South Korea, and which of its employees it will not produce.

Defendants' desire to take the deposition of KEXIM's President arises out of the fact that Defendants believe one of the two KEXIM employees convicted for accepting bribes from Mr. Park was the President's chief of staff. Defendants are informed and believe and thereon allege that most of the key personnel in KEXIM's

1    management and credit approval departments knew Moneual's exports were
2    fictitious and continued to approve credit increases because KEXIM had made a
3    tremendous investment of resources (both financial and non-financial) in promoting
4    Moneual.  KEXIM admits in its Complaint that KEXIM provided years of financial
5    support to Moneual long before Moneual's alleged contract with Defendants.
6    Defendants have asserted waiver, consent, unclean hands and *in pari delicto* as
7    affirmative defenses (among others) based on Defendants' belief that Mr. Park's
8    alleged scheme was within the knowledge of KEXIM's management and consented
9    to implicitly.

10           Defendants also intend on conducting discovery on Moneual and Mr. Park's
11   other companies, which discovery will be time consuming and challenging.  Mr.
12   Park's web of financial entities reaches from Korea to Hong Kong to the U.S.
13   Much of the information relating to Moneual and its affiliated entities is likely in
14   the hands of the government of the Republic of Korea (KEXIM's sole shareholder)
15   or the trustee for Moneual's bankruptcy estate in Korea.  Defendants anticipate
16   multiple applications under the Hague Convention for documents and witnesses in
17   Hong Kong and Korea.

18           Defendants contend that document production and review in this matter will
19   take longer than usual since most of the documents are in Korean and must be
20   translated by court certified translators.  The parties have not reached an agreement
21   on cost sharing for translation services.  Many of the witnesses will not be fluent in
22   English and translators will likely be necessary for many depositions regardless of
23   where in the world they take place.

24           Based on the initial disclosures of the parties Defendants do not believe
25   discovery can be completed until June 2018.  This estimate is based on the fact that
26   many of the witnesses are in Asia and relevant documents are scattered between the
27   U.S., Korea, Hong Kong, and possibly Taiwan.
28

The parties do not currently believe that discovery need be conducted in phases or limited to or focused on particular issues.

The parties negotiated and agreed on a Stipulated Protective Order for the treatment of confidential information, which was entered (with some modifications by the Court) on August 1, 2016.  The parties do not currently anticipate any other orders that the Court should issue under FRCP 26(c).

The parties do not believe that any changes are needed to the limitations placed on discovery by federal or local rule, except that the parties have agreed that the time limit of FRCP 30(d)(1) may be expanded beyond seven hours for witnesses who require English translation.  The parties will negotiate the precise length of depositions for such witnesses, and will seek the Court's guidance in the event that they are unable to reach agreement.

**K.    Discovery Cut-off**

KEXIM proposes a discovery cut-off date of May 30, 2017.

Defendants propose a discovery cut-off date of March 27, 2018.  Defendants do not believe that in such a complex financial case discovery can be completed in the next nine months.  KEXIM alleges in its Complaint that Moneual perpetrated one of the biggest fraudulent schemes in Korean history and deceived 10 different banks into loaning Moneual over US$3,000,000,000.  Multiple government agencies in Korea conducted investigations of Moneual and Mr. Park, and the President of KEXIM even testified before a committee of the National Assembly of South Korea regarding the Moneual debacle.  KEXIM's suggestion that percipient discovery can be completed by May 2017 is not realistic.

**L.    Expert Discovery**

KEXIM proposes that disclosures under FRCP 26(a)(2) take place 90 days before the date set for trial and that the expert discovery cut-off be set for August 25, 2017.

Defendants propose that disclosures under FRCP 26(a)(2) take place January 22, 2018.

### M. Dispositive Motions

Defendants intend on filing a motion for judgment on the pleadings under FRCP 12(c) and a motion for summary judgment or partial summary judgment under FRCP 56.

The parties propose that any dispositive motions be heard at least 60 days before the date set for trial.

### N. Settlement/Alternative Dispute Resolution

The parties propose to utilize ADR Procedure Number 3 (private mediator) under Local Rule 16-15.4.  The parties will meet and confer on selection of a mediator.

### O. Trial Estimate

Plaintiff estimates a trial length of between 5 and 10 court days and contemplates calling approximately 10-12 percipient witnesses and 2-3 expert witnesses.

Defendants estimate a trial length of 15 court days and contemplate calling approximately 34 percipient witnesses and  3-4 expert witnesses.

Both parties have demanded a jury trial.

To accommodate what is expected to be extensive foreign discovery including discovery under the Hague Convention, KEXIM proposes a trial date in October 2017.

Defendants propose a trial date of July 31, 2018 for the same reasons.

### P. Trial Counsel

KEXIM will be represented at trial by Bryan A. Merryman, James K. Lee, and Earle Miller of White & Case LLP.

Defendants will be represented at trial by Daniel J. Callahan, Christopher B. Queally and Damon D. Eisenbrey of Callahan & Blaine, APLC.

**Q.     Independent Expert or Master**

The parties do not believe that the appointment of a master or independent scientific expert is necessary in this case.

**R.     Timetable**

See attached Schedule of Pretrial and Trial Dates Worksheet.

**S.     Other Issues**

As noted in Section J above, many of the witnesses in this case are located in Asia and therefore scheduling their depositions may require extra procedural steps and schedule coordination.

Relatedly, some witnesses' native language is not English and the depositions of those witnesses will need to be taken under translation.  The parties have agreed that the time limit of FRCP 30(d)(1) may be expanded beyond seven hours for witnesses who require English translation.

The parties do not expect to request severance or bifurcation of parties, issues, or proof.

Another action has been filed against Defendants relating to the Moneual scheme: *Seok Kang, as Trustee on behalf of KT Engcore Corporation v. ASI Corporation, et al.*, Superior Court for the State of California, County of Alameda, Case No. RG16818221 (filed June 3, 2016) ("*Kang*").  If the *Kang* matter is removed to the U.S. District Court for the Northern District of California Defendants may file a motion for change of venue to the Central District of California.  The *Kang* matter is still in the pleading stage.

Dated:  September 2, 2016                    WHITE & CASE LLP

By:  */s/ Earle Miller*_____
     Earle Miller
     Attorneys for Plaintiff
     The Export-Import Bank of Korea

- 13 -

| | |
|---|---|
| Dated:  September 2, 2016 | CALLAHAN & BLAINE, APLC |
| | By:  */s/ Christopher B. Queally*<br>      Christopher B. Queally<br>Attorneys for Defendants<br>ASI CORPORATION and ASI<br>COMPUTER TECHNOLOGIES, INC. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 14 -