1  **CALLAHAN & BLAINE, APLC**
   Daniel J. Callahan (Bar No. 91490)
2  Christopher B. Queally (Bar No. 229154)
   Damon D. Eisenbrey (Bar No. 215927)
3  3 Hutton Centre Drive, Ninth Floor
   Santa Ana, California 92707
4  Telephone: (714) 241-4444
   Facsimile: (714) 241-4445
5
6  Attorneys for Defendants ASI CORPORATION and
   ASI COMPUTER TECHNOLOGIES, INC.
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10                          WESTERN DIVISION

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

| | |
|---|---|
| 11  THE EXPORT-IMPORT BANK OF KOREA, an agency or instrumentality of the Republic of Korea,<br><br>13            Plaintiff,<br><br>14      v.<br><br>15  ASI CORPORATION, a Delaware corporation; ASI COMPUTER TECHNOLOGIES, INC., a California corporation,<br><br>17            Defendants. | **CASE NO. 2:16-cv-02056-MWF-JPR**<br><br>**DEFENDANT ASI COMPUTER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO AMEND TO FILE A COUNTERCLAIM AGAINST PLAINTIFF THE EXPORT-IMPORT BANK OF KOREA**<br><br>Judge:    Hon. Michael W. Fitzgerald<br>Date:     May 1, 2017<br>Time:     10:00 a.m.<br>Dept.:    5A<br><br>Complaint Filed:  March 25, 2016<br>Discovery Cutoff: January 29, 2018<br>Pre-Trial Conf.:  April 2, 2018<br>Trial Date:       April 24, 2018 |

22  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

23  **HEREIN:**

24        **PLEASE TAKE NOTICE** that on May 1, 2017, at 10:00 a.m., or as soon

25  thereafter as the matter may be heard in Courtroom 5A of the above entitled district

26  court, located at the First Street Courthouse, 350 West First Street, Los Angeles,

27  California 90012, Defendant ASI Computer Technologies, Inc. ("Defendant") will

28  and hereby does move the Court for an order granting Defendant leave to amend to

MOTION TO AMEND TO ADD COUNTERCLAIM

1   add a counterclaim against Plaintiff The Export-Import Bank of Korea ("Plaintiff"),

2   a copy of which is attached as Exhibit "A" to the Declaration of Christopher B.

3   Queally filed concurrently herewith.

4        This motion is based on Rules 13 and 15 of the Federal Rules of Civil

5   Procedure and the well-established extreme liberality with which leave to amend to

6   add an omitted counterclaim is to be applied.  Moreover, trial in this matter is

7   scheduled to commence on April 24, 2018, the non-expert discovery cut-off date is

8   January 29, 2018 and pursuant to the pretrial scheduling order, the last day to amend

9   pleadings is May 15, 2017.  While the parties have served and responded to written

10  discovery, no depositions have been conducted.  As such, this motion and the

11  proposed counterclaim are timely and Plaintiff has more than sufficient time to

12  conduct discovery thereon.  Allowing such a filing is in the interests of justice and

13  will promote the efficient resolution of all claims between the parties.

14       Counsel for the parties conducted a telephonic conference of counsel

15  regarding Defendant's motion on March 31, 2017.  Counsel for Plaintiff advised that

16  Plaintiff will not stipulate to leave to amend to add the counterclaim, and will

17  oppose this motion.

18       This motion is based on this notice of motion, the attached memorandum of

19  points and authorities, the Declaration of Christopher B. Queally and (Proposed)

20  Order filed concurrently herewith, the papers, pleadings, and records on file herein,

21  and such other and further oral and documentary evidence as may be presented at

22  the hearing on this motion.

23  Dated:  April 3, 2017        **CALLAHAN & BLAINE, APLC**

24

25          By: */s/ Christopher B. Queally*

26             Daniel J. Callahan
               Christopher B. Queally
               Damon E. Eisenbrey

27             Attorneys for Defendants ASI
               CORPORATION and

28             ASI COMPUTER TECHNOLOGIES,
               INC.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 2 -

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant ASI COMPUTER TECHNOLOGIES, INC. ("Defendant") respectfully submits this memorandum of points and authorities in support of its motion for an order granting Defendant leave to amend to add a counterclaim against plaintiff The Export-Import Bank of Korea ("Plaintiff"), a copy of which is attached as Exhibit "A" to the Declaration of Christopher B. Queally filed concurrently herewith.

I.   **INTRODUCTION**

This motion is based on Rules 13 and 15 of the Federal Rules of Civil Procedure, and is made on the grounds that: (1) the proposed counterclaim is compulsory as it is logically related to the subject matter of the complaint; (2) this motion and the counterclaim are timely and in good faith; (3) leave to file will not result in any undue prejudice to Plaintiff; and (4) the proposed counterclaim states valid claims against Plaintiff.  This motion is made on the further ground that allowing such a filing is in the interests of justice and will promote the efficient resolution of all claims between the parties.

Indeed, it is well established that a request for leave to amend to add omitted counterclaims must be liberally construed so as to avoid forfeiture of causes of action.  It is also well established that a motion for leave to amend must – as a matter of law and policy – be granted where, as here, defendant seeks to file a compulsory counterclaim in good faith.  Based on the foregoing, as explained in greater detail herein, Defendant's motion for leave to amend to add a counterclaim against Plaintiff should be granted.

II.   **BRIEF STATEMENT OF THE CASE**

A.   **The Complaint**

On March 25, 2016, Plaintiff filed the above referenced complaint against Defendant.  The complaint alleges that Defendant participated with Korean manufacturing company Moneual, Inc. ("Moneual") in an elaborate foreign import-

- 3 -

MOTION TO AMEND TO ADD COUNTERCLAIM

1  export financial scheme of circular transactions, whereby financial institutions like

2  Plaintiff factored the fraudulent credit receivables of Moneual based on bogus

3  purchase orders for Moneual products purportedly issued by foreign importers such

4  as Defendant.  The complaint further alleges that Moneual paid kickbacks to

5  Defendant employees and that Defendant, in turn, issued the bogus purchase orders.

6  According to Plaintiff, the bank factored/advanced Moneual approximately $52

7  million against such purchase orders issued by Defendant, of which approximately

8  $40 million has not been repaid.

9       As further alleged, Moneual management personnel involved in the purported

10  financial scheme – including its Chief Executive Officer, Hong-seok Park a/k/a

11  Harold Park ("Mr. Park"), the ringleader of the fraud – have been imprisoned in

12  Korea and fined for their criminal misconduct in the financial scheme.

13  **B.    The Answer and Affirmative Defenses**

14       On August 5, 2016, Defendant filed its answer and affirmative defenses

15  denying Plaintiff's allegations and denying that it is responsible or liable for

16  Plaintiff's alleged damages in any sum whatsoever.  Defendant did not receive

17  "kickbacks" and it did not participate in, nor have knowledge of, any alleged

18  financial scheme to defraud Plaintiff.  Defendant further notes that officers of both

19  KEXIM and the Korea Trade Insurance Corporation ("KSURE") were bribed by

20  Moneual to approve the alleged factoring agreements and/or to take other action

21  beneficial to Moneual and Mr. Park.  Two officers of KEXIM, and at least 4 from

22  KSURE, have been convicted of felonies in Korea for accepting bribes from Mr.

23  Park.  As such, Mr. Park, Moneual, Plaintiff and KSURE are responsible and liable

24  for Plaintiff's alleged losses, not Defendant.

25  **C.    The Counterclaim**

26       During the course of the underlying litigation, Defendant and its counsel have

27  learned and confirmed that Plaintiff's participation in Moneual's financial fraud has

28  caused direct financial damage to Defendant.  This includes at least $10 million of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 4 -

1  Defendant's money that Moneual has absconded with.  The proposed counterclaim
2  alleges affirmative causes of action against Plaintiff to recover this money, and
3  includes causes of action against Plaintiff for aiding and abetting (fraud) and
4  negligent supervision.

5      As such, the counterclaim is a compulsory pleading as it arises out of the
6  same occurrences as does the complaint or is otherwise logically related to the
7  subject matter of the complaint.  Allowing such a filing is in the interests of justice
8  and will promote the efficient resolution of all claims between the parties.

9      **D.    Trial and Cut-Off Dates**

10      Trial in this matter is scheduled to commence on April 24, 2018.  Pursuant to
11  the pretrial scheduling order, the last day to amend pleadings is May 15, 2017, and
12  the non-expert discovery cut-off date is January 29, 2018.  While the parties have
13  served and responded to written discovery, no depositions have been conducted.
14  Accordingly, this motion and the proposed counterclaim are timely and Plaintiff has
15  more than sufficient time to conduct discovery thereon.

16  **III.   LEGAL ARGUMENT**

17      **A.    Leave to Amend Is Freely Granted**

18      Amendments to add an omitted counterclaim are controlled by Rule 15 of the
19  Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 13, Notes of Advisory
20  Committee on 2009 amendments ("An amendment to add a counterclaim will be
21  governed by Rule 15.").  It is well established that Rule 15 permits amendment
22  under a very liberal standard; leave to amend "shall be freely given when justice so
23  requires."  Fed. R. Civ. P. 15 (a)(2); *see also, Foman v. Davis*, 371 U.S. 178, 182
24  ("Rule 15 (a) declares that leave to amend 'shall be freely given when justice so
25  requires'; this mandate is to be heeded.").  This policy in granting leave to amend is
26  "to be applied with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*,
27  244 F.3d 708, 712 (9th Cir. 2001); *see also, Griggs v. Pace Am. Group, Inc.*, 170
28  F.3d 877, 880 (9th Cir. 1999) (noting that inferences should be drawn "in favor of

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

MOTION TO AMEND TO ADD COUNTERCLAIM

granting the motion").

### B.   Defendant's Counterclaim Is a Compulsory Pleading

The liberal standard for permitting amendment is especially important where, as here, the amendment concerns a compulsory counterclaim.  A defendant must plead as a counterclaim any claim which at the time of responding it has against the plaintiff, if that claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a); *In re Marshall*, 600 F.3d 1037, 1057 (9th Cir. 2010).  "The test for whether a claim is compulsory is: (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.  An affirmative answer to any of the four questions indicates the claim is compulsory." *Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd.*, 79 F.3d 480, 483, fn. 2 (5th Cir. 1996).

"A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195-1196 (9th Cir. 2005).  A compulsory counterclaim is barred if not asserted in the pending action.  The judgment precludes defendant from maintaining a later action on the omitted claim. *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995).  This rule prevents multiplicity of actions and the risk of inconsistent adjudications or disputes arising out of common matters. *Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962).

Here, the counterclaim alleges causes of action against Plaintiff for aiding and

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 6 -

abetting (fraud) and negligent supervision. The counterclaim is based on Plaintiff's participation in Moneual's financial fraud which has caused direct financial damage to Defendant in the amount of at least $10 million. As a result, the counterclaim arises out of the same occurrences as does the complaint or is otherwise logically related to the subject matter of the complaint; namely, Moneual's financial fraud and Plaintiff's participation in the same. This renders the counterclaim a compulsory pleading. This is reason alone to grant Defendant's request for leave to amend to add its counterclaim against Plaintiff.

### C.   Defendant's Proposed Counterclaim Meets the Requirements of Rule 15

Federal policy strongly favors determination of cases on their merits. *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts are guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance Wausau*, 765 F.Supp. 1429, 1432 (N.D. Cal. 1991) (courts are "quite liberal" in granting leave to amend). The party seeking leave to amend need only establish the reason why amendment is required; *i.e.*, "justice" so requires. The burden is then on the party opposing the motion to prove – with competent and strong evidence – that "justice" requires denial; *i.e.*, because of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of amendment. *Foman, supra*, 371 U.S. at 182; *see also*, *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *see also*, *Foman, supra*, 371 U.S. at 182 (same). Plaintiff cannot make such a showing.

It is well established "that delay alone is not sufficient to justify the denial of a motion requesting leave to amend." *Hip Hop Bev. Corp. v. RIC Representacoes Importacao e Comercio Ltda*, 220 F.R.D. 614, 621-622 (C.D. Cal. 2003). Courts have understood "bad faith" to mean such "tactics" where the amendment is interposed solely for delay, or to defeat the court's jurisdiction; which simply does

- 7 -

MOTION TO AMEND TO ADD COUNTERCLAIM

1   not exist in this case. *Id.* at 622. "'Undue prejudice' means substantial prejudice or

2   substantial negative effect." *Id.* The case law is clear that "[b]ald assertions of

3   prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a

4   proper disposition on the merits.'" *Hurn v. Retirement Fund Trust of the Plumbing,*

5   *Heating and Piping Industry of Southern California*, 648 F.2d 1252, 1254 (9th Cir.

6   1981). Moreover, "[a]ny prejudice to the nonmovant must be weighed against the

7   prejudice to the moving party by not allowing the amendment." *Bell v. Allstate Life*

8   *Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

9        Finally, an amendment is "futile" only if it would clearly be subject to

10   dismissal. While courts will determine the legal sufficiency of a propose

11   amendment using the same standard as applied on a Rule 12(b)(6) motion, such

12   issues are more appropriately raised in a motion to dismiss rather than in an

13   opposition to a motion for leave to amend. *Hip Hop Bev. Corp.*, *supra*, 220 F.R.D.

14   at 622-623; *see also*, *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)

15   (holding that leave to amend "is to be liberally granted where from the underlying

16   facts or circumstances, the plaintiff may be able to state a claim"); *Labrador v.*

17   *Seattle Mortg. Co.*, 681 F.Supp.2d 1106, 1108 (N.D. Cal. 2010) (an "amendment is

18   futile when the proposed [amendment] fails to allege enough facts to state a claim to

19   relief that is plausible on its face.").

20        Here, Defendant's motion for leave to amend to add an omitted counterclaim

21   against Plaintiff is not an "eleventh hour" action. Specifically, the trial date is one

22   year away, the discovery cut-off date is ten months away and pursuant to the pretrial

23   scheduling order, Defendant is within the cut-off date set by the Court to file an

24   amended pleading. As such, this motion and the proposed counterclaim are timely

25   and Plaintiff has more than sufficient time to conduct discovery thereon.

26        Likewise, this motion and the proposed counterclaim are brought for the sole

27   purpose of preserving and prosecuting Defendant's affirmative claims for $10

28   million in damages against Plaintiff, not for delay or to defeat the court's

MOTION TO AMEND TO ADD COUNTERCLAIM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

jurisdiction.  Moreover, it was during the course of the underlying litigation (in late 2016 and early 2017, after the complaint and answer were filed) that Defendant and its counsel learned of Plaintiff's full participation in Moneual's financial fraud through Plaintiff's document production.  Accordingly, this motion for leave was timely filed and in good faith.

Similarly, given the logical factual and legal relation between the counterclaim and the complaint, the scope of this litigation will not be greatly altered by the filing of the proposed counterclaim so as to create an undue prejudice to Plaintiff.  While the parties' respective discovery plans may require adjustment in light of the proposed counterclaim, the affect of Defendant's motion for leave on the discovery does not constitute unfair prejudice.  This is especially true given that no depositions have been noticed or conducted.

Further, Defendant's counterclaim is factually detailed and is based on Plaintiff's participation in Moneual's financial fraud which has caused direct financial damage to Defendant.  The causes of action in the counterclaim are also alleged in the complaint; namely, aiding and abetting (fraud) and negligent supervision.  Indeed, each of the proposed counterclaims plainly states a claim upon which relief may be granted; and Plaintiff cannot establish otherwise.  As such, Defendant's motion for leave is not precluded by futility of amendment

In sum, Defendant has moved promptly and in good faith to add its counterclaims against Plaintiff.  Defendant's proposed counterclaim will not unduly prejudice Plaintiff, nor will it be futile.  Therefore, Defendant respectfully requests that the Court grant its motion for leave to file its counterclaim.

## IV.   CONCLUSION

Based on the foregoing, and in view of the well-established liberality with which Rule 15 of the Federal Rules of Civil Procedure is to be applied, Defendant's good faith and timely motion for leave to amend to add an omitted compulsory counterclaim against Plaintiff should – as a matter of law and policy – be granted.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

MOTION TO AMEND TO ADD COUNTERCLAIM

1  Indeed, allowing such a filing is in the interests of justice and will promote the

2  efficient resolution of all claims between the parties.

3

4  Dated:  April 3, 2017                    **CALLAHAN & BLAINE, APLC**

5

6                                          By:  */s/ Christopher B. Queally*
                                                Daniel J. Callahan
7                                               Christopher B. Queally
                                                Damon E. Eisenbrey
8                                               Attorneys for Defendants ASI
                                                CORPORATION and
9                                               ASI COMPUTER TECHNOLOGIES,
                                                INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO AMEND TO ADD COUNTERCLAIM

# CERTIFICATE OF SERVICE

Case Name: The Export-Import Bank of Korea v. ASI Corporation, et al.

No.:   2:16-cv-02056

On April 3, 2017, I filed the following document(s) described as

DEFENDANT ASI COMPUTER TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO AMEND TO FILE A COUNTERCLAIM AGAINST PLAINTIFF THE EXPORT-IMPORT BANK OF KOREA

electronically through the CM/ECF system. All parties on the Notice of Electronic Filing to receive electronic notice have been served through the CM/ECF system.

The party(ies) listed below are currently on the list to receive e-mail notices for this case.

| | |
|---|---|
| Bryan A. Merryman<br>James K. Lee<br>Earle Miller<br>**WHITE & CASE LLP**<br>555 South Flower Street<br>Suite 2700<br>Los Angeles, CA 90071<br>*Attorneys for Plaintiff The Export-Import Bank of Korea* | |

☒ **BY EMAIL:** I have caused the above-mentioned document(s) to be electronically served on the above-mentioned person(s), who are currently on the list to receive e-mail notices for this case.

Executed on April 3, 2017, at Santa Ana, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Janine Luirette

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM