BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
JAMES K. LEE (SBN 162350)
jklee@whitecase.com
EARLE MILLER (SBN 116864)
emiller@whitecase.com
AMARA LEVY-MOORE (SBN 285803)
amara.levymoore@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329
Attorneys for Plaintiff
THE EXPORT-IMPORT BANK OF KOREA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF KOREA, an agency or instrumentality of the Republic of Korea,<br><br>Plaintiff,<br><br>v.<br><br>ASI CORPORATION, a Delaware corporation; ASI COMPUTER TECHNOLOGIES, INC., a California corporation,<br><br>Defendants. | Case No. 2:16-cv-02056-MWF-JPR<br><br>**OPPOSITION OF PLAINTIFF THE EXPORT-IMPORT BANK OF KOREA TO DEFENDANT ASI CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  June 12, 2017<br>Time:  10:00 a.m.<br>Ctrm:  5A<br>Judge:  Hon. Michael W. Fitzgerald<br><br>Complaint Filed:  March 25, 2016<br>Discovery Cutoff:  January 29, 2018<br>Pretrial Conf.:  April 2, 2018<br>Trial Date:  April 24, 2018 |

# **TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  BACKGROUND ....................................................................................................2

    A.   Brief Statement of the Case ........................................................................2

    B.   Documents Show That ASI Conducted Business as ASI Corp. While Participating in the Fraudulent Circular Transactions With Moneual ..........................................................................................4

    C.   KEXIM Engaged in Reasonable Negotiations to Enter into a Stipulation to Dismiss ASI Corp. ............................................................6

III. THE COURT SHOULD DENY ASI'S MOTION BECAUSE ASI'S OWN DOCUMENTS DEMONSTRATE THAT THERE IS A GENUINE DISPUTE OF MATERIAL FACT ..................................................7

    A.   ASI Has Continued to Enter Into Agreements in the Name of ASI Corporation, and to Present Itself on its Website as ASI Corporation, Well After Its Purported Dissolution in Delaware ...........7

    B.   If the Court Grants ASI's Motion, It Should Be Only on Condition That ASI May Not Assert as a Defense in This Action That ASI Corp., Rather Than ASICT, Would Be the Proper Defendant on KEXIM's Claims ................................................9

IV.  CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Frederic G. Krapf & Son, Inc. v. Gorson*,
   243 A.2d 713 (Del. 1968) ........................................................................................ 8

*LSE Leasing Corp. v. Greenblatt*,
   KNLCV065000878, 2006 Conn. Super. LEXIS 3771 (Conn. Super.
   Ct. Dec. 14, 2006) ................................................................................................... 8

*Pinkerton's, Inc. v. Superior Court*,
   49 Cal. App. 4th 1342 (1996) ............................................................................... 10

**STATUTES**

Calif. Bus. & Prof. Code § 17900 ............................................................................. 9

**RULES**

Fed. R. Civ. P. 11 ...................................................................................................... 6

- ii-

Americas 92833183

PLAINTIFF'S OPPOSITION TO DEFENDANT ASI CORPORATION'S
MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

ASI Corporation ("ASI Corp.") filed this motion following months of what The Export-Import Bank of Korea ("KEXIM") believed were discussions leading to a non-contentious resolution regarding the dismissal of ASI Corp. as a defendant in this action. From the outset of such discussions, KEXIM positively expressed its willingness to dismiss ASI Corp. as long as ASI Computer Technologies, Inc. ("ASICT," and together with ASI Corp., "ASI") could assure KEXIM that ASI Corp. was indeed a dissolved corporation under Delaware law and provide certain representations to eliminate any concern that ASI could later use ASI Corp.'s dismissal as a defense against any of KEXIM's claims on the grounds that such claims should have been brought against ASI Corp. rather than ASICT. But ASI refused to provide the assurances KEXIM requested. This motion is a waste of the Court's and the parties' time.

As shown in the Declaration of Earle Miller submitted with this opposition, ASI continues to this day to maintain its website in the name of ASI Corp. and to hold its officers out as officers of ASI Corp., not ASICT. The representations KEXIM requested from ASI were necessary given, among other things, significant agreements in this action that postdate ASI Corp.'s dissolution were entered into in the name of, or otherwise reference as a party, ASI Corp. Such representations would eliminate any room for contention that ASICT would not be liable for transactions conducted under the guise of ASI Corp., and therefore also eliminate the possibility of expending unnecessary resources opposing meritless arguments.

In February 2017, KEXIM's counsel drafted a proposed stipulation for the dismissal of ASI Corp. per ASI's request, and participated in discussions regarding possible revisions to the stipulation acceptable to both parties. On May 4, 2017, however, ASI's counsel sent KEXIM's counsel an email stating that certain language in the proposed stipulation was unacceptable, and without any further attempt to negotiate the language, ended the discussions by filing this motion.

ASI claims that ASI Corp. is a dissolved Delaware corporation. However, ASI's website, www.asipartner.com, continues to state that it is maintained by ASI Corp., and several of the central agreements in this case are in the name of ASI Corp. Notwithstanding this, ASI refuses to provide straightforward representations warranting that it will not use ASI Corp.'s dismissal from this lawsuit to escape liability that may arise from actions it performed as ASI Corp., its asserted d/b/a. The numerous contracts and official ASI websites reflecting ASI Corp.'s involvement show that there is a genuine dispute of material fact as to ASI Corp.'s ongoing involvement in the Moneual fraud, compelling denial of its motion for summary judgment.

In the alternative, should the Court grant ASI's motion, KEXIM respectfully requests that it be on condition that:

1. ASICT be deemed to have assumed any and all liabilities of ASI Corp. as the surviving corporation from ASI Corp. and ASICT's merger in January 2002;
2. Any act performed by ASICT in the name of "ASI Corp.," "ASI Corp," or "ASI Corporation" be deemed imputed to ASICT, and any obligation or liability created by ASICT in the name of "ASI Corp.," "ASI Corp," or "ASI Corporation" is the responsibility of ASICT; and
3. ASICT be barred from asserting as a defense in this action that ASI Corp., rather than ASICT, would be the proper defendant on KEXIM's claims, or that any of KEXIM's claims should have been brought against ASI Corp. rather than against ASICT.

## II.   BACKGROUND

### A.   Brief Statement of the Case

KEXIM, the official export credit agency of the Republic of Korea, brought this lawsuit against ASI, an importer of foreign goods, alleging claims for relief for fraud, negligent misrepresentation, and negligent supervision.

In 2013, ASI entered into a supply agreement (the "2013 Supply Agreement") with Moneual whereby ASI was to be the exclusive importer and distributor of Moneual products within the United States, Canada, and Latin America. Complaint, Dkt. No. 1 ("Compl.") ¶ 27. Frances Chou, ASI's director and agent, who was authorized to enter into contracts and transactions on behalf of ASI, entered into and signed the 2013 Supply Agreement on behalf of ASI. Compl. ¶¶ 11, 29. After entering into the 2013 Supply Agreement, Moneual requested that KEXIM factor its export receivables due from ASI, a financing system under which KEXIM advanced money to Moneual at a discount to the face value of Moneual's invoices to ASI, to later collect the face amount of the invoices from ASI when they came due under the contractual trade terms. Compl. ¶¶ 21, 30.

After Moneual and ASI entered into the 2013 Supply Agreement, Frances Chou, on behalf of ASI, began placing bogus purchase orders with Moneual for the purported purchase of home theater personal computers manufactured by Moneual. Compl. ¶ 37. In all, ASI placed 36 such purchase orders, in four sets, between November 2013 and August 2014. Compl. ¶¶ 38, 42, 46, 50. ASI paid KEXIM for the invoices covering the first set of purchase orders, but has paid none of the invoices pertaining to the remaining purchase orders. Compl. ¶¶ 41, 67.

Official investigations by the Korean authorities revealed that ASI actively participated in this scheme of circular transactions. Compl. ¶ 69. ASI paid the invoices covering its first group of purchase orders to deceive KEXIM into believing that ASI and Moneual had a genuine and ongoing relationship. Compl. ¶¶ 65, 75(b), (e), and then issued additional purchase orders for a purported $40 million worth of goods that it had no expectation of receiving. Compl. ¶ 75(d). At the same time, ASI expressly represented to KEXIM that Moneual was one of its "most significant" suppliers. Compl. ¶ 58.

Several of ASI's executives and officers received substantial kickbacks from Moneual between 2012 and 2014 in excess of $1 million. Compl. ¶¶ 12, 13, 71.


### B. Documents Show That ASI Conducted Business as ASI Corp. While Participating in the Fraudulent Circular Transactions With Moneual

Multiple important documents in this action show or otherwise reference ASI Corp. as the entity performing acts that give rise to KEXIM's claims in this action. In these instances, ASI appears to use ASICT and ASI Corp. interchangeably, and there are no statements or other indication that ASI Corp. is merely a fictitious business name or d/b/a of ASICT.

The 2013 Supply Agreement entered into by and between "ASI Corp., a California corporation" and Moneual, is executed by Frances Chou as Director of ASI Corp., located at 48289 Fremont Blvd., Fremont CA 93538. *See* Declaration of Earle Miller in Support of Plaintiff's Opposition to Defendant ASI Corporation's Motion for Summary Judgment ("Miller Decl.") ¶ 2, Ex. A. Two Consulting Agreements between ASI and Webtouch, Inc., a company apparently owned and controlled by Frances Chou (the "Consulting Agreements"), dated October 18, 2005 and January 12, 2010, pursuant to which Frances Chou was authorized to enter into contracts and transactions on behalf of ASI with Moneual, were executed by Crystal Yuan, Vice President, HR & Admin., on behalf of ASI Corp., located at 48289 Fremont Blvd., Fremont, California 93538. Miller Decl. ¶ 3, Exs. B-1, B-2. Many of ASI's purchase orders to Moneual show that Moneual products were purportedly "shipped" to ASI Corp. although payment on the purchase orders were to be made from ASICT's bank account. Miller Decl. ¶ 4, Ex. C.

Many emails relating to ASI's role and participation in the fraudulent transactions with Moneual involve employees of ASI Corp., as evidenced by their email signature. For example, multiple emails show that an accounts payable supervisor of ASI Corp. monitored and alerted ASI of wire transfer receipts from bank accounts of sham customers controlled by Moneual, and that another employee of ASI Corp.'s accounts payable department regularly communicated the

receipt of such funds to Moneual and sought further instructions from Moneual regarding the application of such funds.  Miller Decl. ¶ 5, Exs. D-1, D-2, D-3. Even the subject line of the correspondence from ASI's collecting bank, Bank of the West, regarding documents against acceptance payments for shipments from companies participating in the circular transactions with Moneual, refers to ASI as both "ASI Corp and ASI Computer Technologies Inc."  Miller Decl. ¶ 6, Ex. E.

ASI's website, both before and during the course of this litigation – *including after the filing of this motion* – has shown that ASI consistently held itself out to the public as ASI Corp.

The "About Us" page on ASI's website, as it appeared on March 11, 2016, January 27, 2017, and May 12, 2017, introduces and describes ASI as <u>ASI Corp.</u> Miller Decl. ¶ 7, Exs. F-1, F-2, F-3.  ASI's 30th anniversary message posted on its website was signed by Kent Tibbils, described as Vice President of Marketing of <u>ASI Corporation</u>.  Miller Decl. ¶ 8, Ex. H; ¶ 9, Ex. I-2.  Many other pages on ASI's website show the same.

For example, its "Careers" page states "Your Path to Success Begins at ASI Corp."  Miller Decl., Ex. I-3.  A job opening posting that appeared on the website as of January 27, 2017 for a Senior Product Manager states that "ASI CORP is one of the largest PC Distributors in North America" and that "ASI Corp is an equal opportunity employer (EOE)."  Miller Decl., Ex. I-4.  Press releases ASI issued on January 12, 2016 and August 18, 2016, both of which were still posted on ASI's website as of January 27, 2017, were signed by the same Kent Tibbils, VP of Marketing of ASI Corp. (Miller Decl., Exs. I-5, I-6); the second of those press releases identifies ASI Corp. as the host of an upcoming technology exposition and describes ASI Corp. as "a leading distributor of computer components and peripheral products" in North America.  And the legal notation at the foot of each page of ASI's website reflects copyright © by <u>ASI Corp.</u>  Miller Decl., Exs. F-1 through I-6.

### C. KEXIM Engaged in Reasonable Negotiations to Enter into a Stipulation to Dismiss ASI Corp.

KEXIM's and ASI's attorneys met and conferred by telephone on November 21, 2016, regarding dismissal of ASI Corp. from this action based on ASI Corp.'s purported dissolution in 2002 as a result of its merger into ASICT. KEXIM's counsel requested documentation supporting ASI Corp.'s dissolution, including the pertinent merger agreement. Miller Decl. ¶ 10. Shortly after the meet and confer, ASI produced the relevant documentation supporting ASI Corp.'s merger into ASICT, and KEXIM agreed to enter into a stipulation for dismissal of ASI Corp. as long as ASI was willing to confirm two straightforward and non-controversial statements: (1) that post-merger, it conducted business in the name of "ASI Corp." or "ASI Corporation" as a d/b/a of ASICT; and (2) that ASICT has assumed all liabilities of ASI Corp. and would not assert as a defense in this action that any of KEXIM's claims should properly have been brought against ASI Corp. rather than ASICT. On December 8, 2016, counsel for ASI refused to confirm the foregoing, and simply asserted that KEXIM's "claims against ASI Corp. are clearly improper and would be subject to dismissal." Miller Decl. ¶ 11, Ex. J.

In a letter to ASI's counsel dated December 12, 2016, KEXIM again expressed its willingness to stipulate to dismiss ASI Corp. if ASI agreed to confirm the foregoing statements. The December 12 letter also requested that ASI provide evidence that ASICT registered, as required by law, its use of the fictitious business names "ASI Corp." or "ASI Corporation." Miller Decl. ¶ 12, Ex. K. Rather than explaining why it would not confirm such statements, and working towards an amicable resolution, ASI's counsel instead sent a letter to KEXIM's counsel on December 20, 2016, characterizing KEXIM's failure to dismiss ASI Corp. as a violation of Rule 11 and that ASICT's use of "ASI Corp." and "ASI Corporation" as a fictitious business name "in the past" is "irrelevant." Miller Decl. ¶ 13, Ex. L. ASI has never produced evidence – either in the meet and confer process or on this

1   motion – to show that it has ever properly registered its use of "ASI Corp." or "ASI
2   Corporation" as fictitious business names.  Miller Decl. ¶ 13.
3         On January 19, 2017, ASI's counsel sent KEXIM's counsel a letter
4   expressing ASI's willingness to represent that ASICT assumed all liabilities of ASI
5   Corp. post-merger, and that whenever ASI Corp. or ASI Corporation are used by
6   ASICT or its employees, such terms are used as a d/b/a for ASICT.  Miller Decl. ¶
7   14, Ex. M.  Accordingly, on February 1, 2017,  KEXIM's counsel prepared a draft
8   stipulation for the dismissal of ASI Corp. and sent the draft to ASI's counsel for
9   review.  Miller Decl. ¶ 15, Ex. N.  The parties' counsel subsequently engaged in
10  discussions on February 7, 2017 regarding possible revisions to the draft stipulation
11  that would be acceptable to both parties, but were unable to reach agreement.
12  Miller Decl., ¶ 15.  On May 4, 2017, after three months of silence, without
13  preamble and with no further discussion or suggestions regarding possible revisions
14  to the proposed stipulation, ASI's counsel sent an email to KEXIM's counsel
15  simply stating that ASI could not agree to the proposed stipulation because it
16  contained discussion of Frances Chou which had "potential implications" as to the
17  2013 Supply Agreement.  Miller Decl. ¶ 16, Ex. O.  ASI then filed this motion on
18  May 11, 2017.

**III.   THE COURT SHOULD DENY ASI'S MOTION BECAUSE ASI'S OWN DOCUMENTS DEMONSTRATE THAT THERE IS A GENUINE DISPUTE OF MATERIAL FACT**

    **A.   ASI Has Continued to Enter Into Agreements in the Name of ASI Corporation, and to Present Itself on its Website as ASI Corporation, Well After Its Purported Dissolution in Delaware**

25        The sole evidence ASI Corp. presents on this motion is that it was a
26  Delaware corporation, merged into ASICT, and is a "terminated" Delaware
27  corporation as of 2002.  ASI Corp. presents no evidence that ASICT used, or
28  properly registered, that name as a d/b/a.  By contrast, the evidence submitted with

this Opposition shows that ASICT continued to regularly conduct business as ASI Corp. post-merger, with no indication, express or implied, that ASI Corp. was merely a fictitious business name.  Moreover, many important documents in this action, and ASI's own website, identify ASI as ASI Corp. rather than ASICT.  KEXIM has been and remains willing to dismiss ASI Corp. as a defendant in this action, but only on condition that ASI cannot later attempt to take advantage of KEXIM's good faith dismissal to escape liability that arose from actions it performed under the name "ASI Corp.," "ASI Corp," or "ASI Corporation."[1]

For example, as described in more detail above, the 2013 Supply Agreement, a key agreement at issue in this action, was entered into by and between ASI Corp. and Moneual and executed by Frances Chou in her capacity as "Director of ASI Corp."  Miller Decl. ¶ 2, Ex. A.  ASI argues that it does not want to represent that it will be bound by any obligation or liability created by ASICT in the name of "ASI Corp." or "ASI Corporation" because ASI contends the 2013 Supply Agreement was a forged document, and such representation could be "construed as an admission that ASI Computer Technologies, Inc. assents to the [2013] Supply Agreement."  Miller Decl. ¶ 16, Ex. O.  This is untenable.  The authenticity of the 2013 Supply Agreement is a question of fact.  If the Court ultimately finds that the 2013 Supply Agreement is a forged document, it may conclude that the document would *not* be an obligation or liability created by ASICT.  Such reasoning cannot justify ASI's refusal to make the representations requested by KEXIM.

---

[1] In the event ASI Corp. is dismissed as a defendant in this action and ASICT refuses to take responsibility for acts performed by it in the name of "ASI Corp.," "ASI Corp," or "ASI Corporation" after the 2002 merger, KEXIM may be forced to consider requesting leave to add the officers and directors of ASI Corp. as new defendants to this action.  *See LSE Leasing Corp. v. Greenblatt*, KNLCV065000878, 2006 Conn. Super. LEXIS 3771, at *19 (Conn. Super. Ct. Dec. 14, 2006) ("Where the dissolution is voluntary, the performance of corporate acts by the officers and directors after dissolution is wrongful and they are exposed to personal liability") (applying Delaware law and citing *Frederic G. Krapf & Son, Inc. v. Gorson*, 243 A.2d 713, 715 (Del. 1968)).

-8-

1      In a host of other important documents, ASI uses the name ASI Corp. rather than ASICT to conduct its business. Those documents include, among others, two Consulting Agreements signed by ASI Corp. pursuant to which Frances Chou was authorized to participate, on behalf of ASI, in the fraudulent transactions with Moneual; purchase orders where Moneual is instructed to purportedly ship its products to ASI Corp.; and multiple emails relating to ASI's role and participation in the fraudulent transactions with Moneual where ASI employees corresponding with Moneual have email signatures that indicate that they are employees of ASI Corp. Miller Decl. ¶¶ 3-5, Exs. B-1 through D-3. In addition, ASI has held (and currently holds) itself out to the public as ASI Corp., as evidenced by numerous pages of its website, all of which also show the website as © ASI Corp. Even its correspondence with its collecting bank, Bank of the West, refers to ASI as both ASI Corp. and ASICT. Miller Decl. ¶ 6, Ex. E. None of the foregoing shows that ASICT used the names "ASI Corp.," "ASI Corp," or "ASI Corporation" as fictitious business names for ASICT. ASI submitted no evidence on this motion that ASICT uses the term ASI Corp. as a d/b/a.

Based on the documents submitted in this Opposition (Exs. A-E) and the contents of ASI's website (Exs. F-1 through I-6), there is a genuine dispute of material fact regarding ASI Corporation's status, and the motion for summary judgment must be denied.

**B.  If the Court Grants ASI's Motion, It Should Be Only on Condition That ASI May Not Assert as a Defense in This Action That ASI Corp., Rather Than ASICT, Would Be the Proper Defendant on KEXIM's Claims**

ASICT asserts that it used "ASI Corp." and "ASI Corporation" as its fictitious business name from time to time, but it has never produced evidence that it properly registered such names under section 17900 et seq. of the California Business & Professions Code despite KEXIM's request. Miller Decl. ¶ 13.

1    Under California law, "use of a fictitious business name does not create a
2    separate legal entity." *Pinkerton's, Inc. v. Superior Court*, 49 Cal. App. 4th 1342,
3    1348 (1996) ("Doing business under another name does not create an entity distinct
4    from the person operating the business. The business name is a fiction, and so too
5    is any implication that the business is a legal entity separate from its owner."
6    (internal citations and quotations omitted)).

7    If, as ASI contends, ASI Corp. is not a legal entity separate from ASICT, it
8    naturally follows that any act performed by ASICT using its purported fictitious
9    business names, "ASI Corp.," "ASI Corp," or "ASI Corporation", must be imputed
10   to ASICT, and any obligation or liability created by ASICT in such names is the
11   responsibility of ASICT. ASI's refusal to provide a representation that does not
12   require ASI to give up more than what is already required under California law is
13   baffling.

14   California law supports a finding that ASICT will be responsible for any
15   obligation or liability created by ASICT in the name of "ASI Corp.," "ASI Corp,"
16   or "ASI Corporation"; to avoid the possibility of unnecessary motions, use of
17   judicial resources and incurrence of legal costs, KEXIM requests that if the Court
18   grants this motion, it find expressly that such is the case. In addition, to guard
19   against the likelihood of future gamesmanship by ASI, if the Court grants this
20   motion the Court should further order that ASICT may not argue, in the course of
21   this lawsuit or at trial, that KEXIM's claims should have been brought against ASI
22   Corp. rather than ASICT.

23   **IV.   CONCLUSION**

24   The evidence presented with this Opposition shows a genuine dispute of
25   material fact as to ASI Corp.'s current status and its ongoing involvement in the
26   Moneual fraud. ASI Corp.'s motion for summary judgment must be denied.

27   If the Court determines to grant the motion, however, in the interest of
28   judicial efficiency KEXIM respectfully requests that it do so only on condition that:

- 10 -

1. ASICT be deemed to have assumed any and all liabilities of ASI Corp. as the surviving corporation from ASI Corp. and ASICT's merger in January 2002;

2. Any act performed by ASICT in the name of "ASI Corp.," "ASI Corp," or "ASI Corporation" be deemed imputed to ASICT, and any obligation or liability created by ASICT in the name of "ASI Corp.," "ASI Corp," or "ASI Corporation" is the responsibility of ASICT; and

3. ASICT be barred from asserting as a defense in this action that ASI Corp., rather than ASICT, would be the proper defendant on KEXIM's claims, or that any of KEXIM's claims should have been brought against ASI Corp. rather than against ASICT.

Dated: May 22, 2017

WHITE & CASE LLP

By: /s/ Earle Miller
Earle Miller
Attorneys for Plaintiff
The Export-Import Bank of Korea