1  CHRISTOPHER B. QUEALLY (SBN 229154)
   cqueally@grsm.com
2  PHILIP H. LO (SBN 178538)
   plo@grsm.com
3  GORDON REES SCULLY MANSUKHANI, LLP
4  2211 Michelson Drive
   Suite 400
5  Irvine, CA 92612
   Telephone: (949) 255-6987
6  Facsimile:  (949) 474-2060
7
   Attorneys for Defendants
8  ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG
   AND HENRY CHEN
9

10          UNITED STATES DISTRICT COURT

11          CENTRAL DISTRICT OF CALIFORNIA

12                WESTERN DIVISION

13  THE EXPORT-IMPORT BANK OF          CASE NO.  2:16-CV-02056-MWF-JPR
    KOREA, an agency or instrumentality of  Judge:  Hon. Michael W. Fitzgerald
14  the Republic of Korea,               Dept.:   5A

15                    Plaintiff,

16          vs.                          **JOINT ANSWER OF**
                                         **DEFENDANTS ASI COMPUTER**
17  ASI CORPORATION, a Delaware          **TECHNOLOGIES, INC.,**
    corporation; ASI COMPUTER            **CHRISTINE LIANG AND HENRY**
18  TECHNOLOGIES, INC., a California     **CHEN TO PLAINTIFF THE**
    corporation; BILL CHEN, an individual;  **EXPORT-IMPORT BANK OF**
19  HENRY CHEN a/k/a HUNG CHEN, an       **KOREA'S SECOND AMENDED**
    individual; FRANCES CHOU a/k/a MEI   **COMPLAINT**
20  LING CHOU a/k/a FRANCES MEILING
    CHOU, an individual; CHRISTINE
21  LIANG a/k/a CHRISTINE LI-YIN         Complaint Filed:   March 25, 2016
    LIANG a/k/a LI YIN CHU, an individual,  Discovery Cutoff:  May 7, 2018
22                                       Pre-Trial Conf.:    July 9, 2018
                      Defendants.        Trial Date:        July 31, 2018
23

24          Defendants ASI Computer Technologies, Inc. (hereinafter individually

25  "ASI"), Christine Liang and Henry Chen (hereinafter collectively "the ASI

26  Defendants") by and through their undersigned counsel, jointly answer the Second

27  Amended Complaint ("SAC") of Plaintiff The Export-Import Bank of Korea

28  ("Plaintiff" or "KEXIM") as follows:

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-1-

1        1.    The ASI Defendants deny knowledge or information sufficient to

2    form a belief as to the truth or falsity of the allegations in paragraph 1 of the

3    Second Amended Complaint and therefore deny them.

4        2.    The ASI Defendants deny that ASI or ASI Corporation participated in

5    the alleged fraudulent scheme of Moneual, Inc. ("Moneual") or Hong-seok

6    (Harold) Park.  The ASI Defendants deny that ASI Corporation is a going concern.

7    The ASI Defendants admit that Hong-seok Park is the former Chief Executive

8    Officer (CEO) of Moneual and that Mr. Park has been imprisoned.  The ASI

9    Defendants deny knowledge or information sufficient to form a belief as to the

10   truth or falsity of all other allegations in paragraph 2 of the Second Amended

11   Complaint and therefore deny them.

12       3.    The ASI Defendants deny that Moneual secured the connivance of the

13   ASI Defendants in an alleged fraudulent scheme.  The ASI Defendants deny that

14   Moneual paid kickbacks to executives and employees of the ASI Defendants.  The

15   ASI Defendants deny knowledge or information sufficient to form a belief as to the

16   truth or falsity of the remaining allegations in paragraph 3 of the Second Amended

17   Complaint and therefore deny them.

18       4.    The ASI Defendants deny that the ASI Defendants were participants

19   in a fraudulent scheme of Moneual or that the ASI Defendants accepted kickbacks

20   to participate in a fraudulent scheme.  The ASI Defendants allege that ASI reached

21   $1 billion in revenue in 2005, before it did business with Moneual.  The ASI

22   Defendants deny knowledge or information sufficient to form a belief as to the

23   truth or falsity of all other allegations in paragraph 4 of the Second Amended

24   Complaint and therefore deny them.

25       5.    The ASI Defendants deny knowledge or information sufficient to

26   form a belief as to the truth or falsity of the allegations in paragraph 5 of the

27   Second Amended Complaint and therefore deny them.

28   ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-2-

**DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**    **CASE NO: 2:16-CV-02056**

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

6.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Second Amended Complaint and therefore deny them.

7.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Second Amended Complaint and therefore deny them.

8.     The ASI Defendants deny that ASI Corporation is presently a Delaware corporation. ASI Corporation was a corporation organized under the laws of the State of Delaware but was dissolved in approximately 2002.  ASI Corporation has been dismissed from this lawsuit.  The ASI Defendants admit ASI is a corporation organized under the laws of the State of California.  The ASI Defendants admit that ASI was founded by Christine Liang, ASI's President, over 30 years ago.  The ASI Defendants admit that "ASI Corp." is currently a fictitious business name which is used by ASI.  The ASI Defendants admit that ASI maintains an office at 19850 E. Business Parkway Walnut, California 91789.  The ASI Defendants deny that ASI currently treats its officers, directors, employees and agents as affiliated interchangeably with either or both of ASI Corporation and ASI.  The ASI Defendants admit that the domain name @asipartner.com is that of ASI, and that when ASI uses "ASI Corp." as a dba the same domain is typically used.  The ASI Defendants admit that ASI is a distributor of information technology hardware and software products.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 8 of the Second Amended Complaint and therefore deny them.

9.     The ASI Defendants admit that Bill Chen worked for ASI Corporation from approximately 1998 to approximately 2001, and then for ASI from approximately 2001 to approximately November 2014.  The ASI Defendants admit that Bill Chen became the Vice President, Finance for ASI in approximately 2005

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1 and held such title until November 2014 when Bill Chen left ASI.  The ASI

2 Defendants admit that the Vice President, Finance, had duties that included

3 overseeing ASI's Accounting and Credit Departments, overseeing ASI's

4 budgeting, financial forecasting and cash flow, and reviewing and approving ASI's

5 financial reporting.  Bill Chen has not worked for ASI or any subsidiary since

6 approximately November 2014.  The ASI Defendants deny knowledge or

7 information sufficient to form a belief as to the truth or falsity of all other

8 allegations in paragraph 9 of the Second Amended Complaint and therefore deny

9 them.

10      10.    The ASI Defendants admit that Henry Chen works for ASI and his

11 title is Vice President of Business Development.  The ASI Defendants admit that

12 the Vice President of Business Development has duties that include overseeing

13 product management and marketing with vendors and customers, overseeing new

14 business development with customers, developing strategic business planning with

15 vendors and ASI's product managers, supervising ASI's product managers'

16 performance and revenue goal, and managing ASI's product directors and

17 managers.  The ASI Defendants deny Henry Chen is an officer of ASI.  The ASI

18 Defendants admit that Henry Chen is a resident and citizen of California.  The ASI

19 Defendants deny knowledge or information sufficient to form a belief as to the

20 truth or falsity of all other allegations in paragraph 10 of the Second Amended

21 Complaint and therefore deny them.

22      11.    The ASI Defendants admit that at times Frances Chou acted as a

23 liaison between ASI and some of its vendors and customers.  The ASI Defendants

24 allege Frances Chou was at all times relevant an independent contractor and not an

25 agent.  The ASI Defendants deny Frances Chou had actual or ostensible authority

26 to enter into contracts or transactions on behalf of ASI. The ASI Defendants allege

27 Frances Chou's work for ASI was conducted pursuant to two consulting

28 agreements between ASI and Chou's consulting company Webtouch, Inc., wherein

-4-

Webtouch, Inc. and Frances Chou are identified as independent contractors and not agents. The ASI Defendants deny Frances Chou was ever a director or authorized agent of ASI. The ASI Defendants deny that Frances Chou was ever authorized to enter into contracts or transactions on behalf of ASI or ASI. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 11 of the Second Amended Complaint and therefore deny them.

12.     The ASI Defendants admit that Christine Liang is the President of ASI and has been President since the inception of ASI. The ASI Defendants admit Christine Liang was President of ASI Corporation. The ASI Defendants admit Christine Liang is a resident and citizen of California. The ASI Defendants admit that Christine Li-Yin Liang and Li Yin Chu are aliases Christine Liang has used in the past. The ASI Defendants deny that defendant Christine Liang controlled all activities of ASI central to this Second Amended Complaint. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 12 of the Second Amended Complaint and therefore deny them.

13.     The ASI Defendants admit that ASI purchased products from Moneual, Inc. from approximately 2007 to approximately 2014 on an order fulfillment basis pursuant to a Distribution Agreement between Moneual, Inc. and ASI entered into on January 1, 2007. The ASI Defendants allege "order fulfillment" is the steps involved in receiving, processing and delivering orders for products to end customers in the distribution chain. The ASI Defendants allege ASI only purchased products or placed orders for products from Moneual, Inc. when and if ASI received an order from a third party for Moneual, Inc. products. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 13 of the Second Amended Complaint and therefore deny them.

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          CASE NO: 2:16-CV-02056

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

14.     The ASI Defendants admit Hong-seok (Harold) Park is the former CEO of Moneual, Inc. and was convicted of crimes and sentenced to prison in the Republic of Korea.  The ASI Defendants allege Harold Park's crimes included bribing two executives of KEXIM, including the Chief of the Small and Medium Enterprise Department Woo Taek Seo, to obtain the export factoring loans which are the subject of the Second Amended Complaint.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other the allegations in paragraph 14 of the Second Amended Complaint and therefore deny them.

15.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Second Amended Complaint and therefore deny them.

16.     The ASI Defendants admit that the ASI Defendants are citizens of California.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 16 of the Second Amended Complaint and therefore deny them.

17.     The ASI Defendants admit that ASI is a citizen of the state of California with a place of business in Walnut, California.  The ASI Defendants deny that ASI Corporation is a resident or citizen, or maintains a place of business in Walnut, California or elsewhere in California.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 17 of the Second Amended Complaint and therefore deny them.

18.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Second Amended Complaint and therefore deny them.

///

///

19.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Second Amended Complaint and therefore deny them.

20.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Second Amended Complaint and therefore deny them.

21.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Second Amended Complaint and therefore deny them.

22.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Second Amended Complaint and therefore deny them.

23.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Second Amended Complaint and therefore deny them.

24.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Second Amended Complaint and therefore deny them.

25.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the Second Amended Complaint and therefore deny them.

26.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Second Amended Complaint and therefore deny them.

27.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Second Amended Complaint and therefore deny them.

///

*Gordon Rees Scully Mansukhani, LLP*
*2211 Michelson Drive Suite 400*
*Irvine, CA 92612*

-7-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

28.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Second Amended Complaint and therefore deny them.

29.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Second Amended Complaint and therefore deny them.

30.     The ASI Defendants deny the allegations in paragraph 30 of the Second Amended Complaint.  The ASI Defendants are informed and believe and on that basis allege the "OEM Suppy [sic] Agreement" ("the Supply Agreement") was manufactured by Moneual Vice President Chol Wook ("Charlie") Shin who forged the signature of Frances Chou to the Supply Agreement.  The ASI Defendants are informed and believe and on that basis allege KEXIM is aware of the fact the Supply Agreement was forged by Charlie Shin since Mr. Shin admitted to as much during his deposition in January 2018 in South Korea.  The ASI Defendants had no knowledge of the Supply Agreement until such Supply Agreement was produced by KEXIM in this case.

31.     The ASI Defendants deny the allegations in paragraph 31 of the Second Amended Complaint.  The ASI Defendants are informed and believe and on that basis allege the Supply Agreement was manufactured by Moneual Vice President Charlie Shin who forged the signature of Frances Chou to the Supply Agreement.  The ASI Defendants are informed and believe and on that basis allege KEXIM is aware of the fact the Supply Agreement was forged by Charlie Shin since Mr. Shin admitted to as much during his deposition in January 2018 in South Korea.  The ASI Defendants had no knowledge of the Supply Agreement until such Supply Agreement was produced by KEXIM in this case.

32.     The ASI Defendants deny the allegations in paragraph 32 of the Second Amended Complaint.  The ASI Defendants are informed and believe and on that basis allege the Supply Agreement was manufactured by Moneual Vice

-8-

1    President Charlie Shin who forged the signature of Frances Chou to the Supply

2    Agreement.  The ASI Defendants are informed and believe and on that basis allege

3    KEXIM is aware of the fact the Supply Agreement was forged by Charlie Shin

4    since Mr. Shin admitted to as much during his deposition in January 2018 in South

5    Korea.  The ASI Defendants had no knowledge of the Supply Agreement until

6    such Supply Agreement was produced by KEXIM in this case.  Frances Chou has

7    never had authority to enter into contracts with vendors, suppliers or

8    manufacturers.

9        33.    The ASI Defendants admit that ASI entered into an agreement entitled

10    Distribution Agreement with Moneual dated January 1, 2007 (the "Distribution

11    Agreement").  The ASI Defendants admit that Christine Liang executed the

12    Distribution Agreement on behalf of ASI as President of ASI.  The ASI

13    Defendants admit the Distribution Agreement is governed by California law.  The

14    ASI Defendants are informed and believe and based thereon allege the Distribution

15    Agreement includes certain terms granting ASI the unfettered right to return unsold

16    merchandise to Moneual for credit and to arbitrarily terminate the Distribution

17    Agreement.  The ASI Defendants are informed and believe and based thereon

18    allege the Supply Agreement contained similar terms and that based on such terms

19    no bank experienced in international financing could or would reasonably rely

20    upon the Supply Agreement in entering a non-recourse factoring arrangement with

21    a manufacturer or borrower.  The ASI Defendants are informed and believe and

22    based thereon allege that Woo Taek Seo (hereinafter "Seo"), the former Chief of

23    the Small and Medium Enterprise Department (hereinafter "SME") of KEXIM was

24    one of the individuals at KEXIM responsible for reviewing the Supply Agreement

25    to determine whether the purported arrangement between ASI and Moneual was

26    one which could be factored on a non-recourse basis.  The ASI Defendants are

27    informed and believe and based thereon allege Seo was bribed by Moneual, in part,

28    to overlook the right to return clauses and to allow the non-recourse factoring line

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-9-

1   of credit to be opened at KEXIM. The ASI Defendants are informed and believe

2   and based thereon allege Seo accepted bribes from Moneual in 2012, 2013 and

3   2014 totaling more than $90,000. The ASI Defendants are informed and believe

4   and based thereon allege Harold Park admitted at his deposition on February 28,

5   2018, that he bribed Seo and that Seo was "very good" to Moneual. The ASI

6   Defendants deny knowledge or information sufficient to form a belief as to the

7   truth or falsity of the remaining allegations in paragraph 33 of the Second

8   Amended Complaint and therefore deny them.

9       34.    The ASI Defendants admit that ASI began conducting transactions

10  with Moneual in 2007. The ASI Defendants further admit the Supply Agreement

11  contains a purchase guarantee. The ASI Defendants deny the remainder of

12  allegations in paragraph 34 of the Second Amended Complaint. The ASI

13  Defendants are informed and believe and thereon allege the guarantee attached as

14  an exhibit to the Supply Agreement was manufactured by Charlie Shin and that

15  Charlie Shin forged Frances Chou's signature to it. The ASI Defendants allege

16  that neither ASI nor ASI Corp. have ever guaranteed a minimum purchase of

17  products from a manufacturer, vendor or supplier.

18      35.    The ASI Defendants are informed and believe and on that basis allege

19  that the Supply Agreement was fabricated by Charlie Shin and that the purported

20  signature of Frances Chou on the Supply Agreement was forged. The ASI

21  Defendants deny knowledge or information sufficient to form a belief as to the

22  truth or falsity of all other allegations in paragraph 35 of the Second Amended

23  Complaint and therefore deny them.

24      36.    The ASI Defendants deny knowledge or information sufficient to

25  form a belief as to the truth or falsity of the allegations in paragraph 36 of the

26  Second Amended Complaint and therefore deny them.

27      37.    The ASI Defendants admit that the Korea Trade Insurance

28  Corporation or "KSURE" is a corporation under the Ministry of Trade, Industry

-10-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    and Energy.  The ASI Defendants are informed and believe, and there on allege

2    Moneual obtained the certification from KSURE by bribing at least 4 officials at

3    KSURE to obtain such information including the President of KSURE and a

4    general counsel.  The ASI Defendants are informed and believe, and there on

5    allege such officials were convicted of accepting bribes from Moneual and that

6    Harold Park was convicted of paying such bribes.  The ASI Defendants are

7    informed and believe, and there on allege that KSURE was formerly part of

8    KEXIM, that KSURE sometimes competes with KEXIM, and that the Deputy

9    President of KSURE sits on certain committee(s) of KEXIM *ex officio*.  The ASI

10   Defendants deny knowledge or information sufficient to form a belief as to the

11   truth or falsity of all other allegations in paragraph 37 of the Second Amended

12   Complaint and therefore deny them.

13          38.    The ASI Defendants deny knowledge or information sufficient to

14   form a belief as to the truth or falsity of the allegations in paragraph 38 of the

15   Second Amended Complaint and therefore deny them.

16          39.    The ASI Defendants deny knowledge or information sufficient to

17   form a belief as to the truth or falsity of the allegations in paragraph 39 of the

18   Second Amended Complaint and therefore deny them.

19          40.    The ASI Defendants admit that on November 18, 2013, Moneual sent

20   an email to Bill Chen requesting information from ASI.  The ASI Defendants

21   admit that on November 19, 2013, Bill Chen replied from his ASI account and

22   attached certain financial information about ASI which did not include an auditor's

23   signature.  ASI admits that on November 22, 2013, Bill Chen sent ASI's financial

24   information with an auditor's signature. The ASI Defendants are informed and

25   believes and thereon alleges the information sent by Bill Chen was not, and could

26   not have been, material in KEXIM's decision to open an export factoring line of

27   credit in December 2013 for Moneual invoices to ASI since KEXIM has admitted

28   that it was not until May 2014 that ASI's credit, as an importer, qualified for an

-11-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  export factoring line of credit to be opened for Moneual.  The ASI Defendants

2  deny knowledge or information sufficient to form a belief as to the truth or falsity

3  of all other allegations in paragraph 40 of the Second Amended Complaint and

4  therefore deny them.

5  41.  The ASI Defendants are informed and believe and thereon allege the

6  information sent by Bill Chen was not, and could not have been, material in

7  KEXIM's decision to open an export factoring line of credit in December 2013,

8  since KEXIM has admitted that it was not until May 2014 that ASI's credit, as an

9  importer, qualified for an export factoring line of credit for Moneual.  The ASI

10  Defendants are informed and believe and thereon allege the ASI Defendants were

11  not in a contractual relationship with KEXIM or any other type of relationship

12  which would give rise to a duty to disclose to KEXIM.  The ASI Defendants are

13  informed and believe and thereon allege that Moneual's application to KEXIM for

14  the export factoring line of credit at issue listed Christine Liang as the ASI

15  representative for the transactions.  The ASI Defendants are informed and believe

16  and thereon allege that KEXIM never contacted or attempted to contact Christine

17  Liang about the transactions, the financial statements, or anything else.  The ASI

18  Defendants allege they believed in good faith the audited financial statements of

19  ASI were true and accurate based on the fact ASI was given a "clean" opinion by

20  its external auditors.  The ASI Defendants deny knowledge or information

21  sufficient to form a belief as to the truth or falsity of all other allegations in

22  paragraph 41 of the Second Amended Complaint and therefore deny them.

23  42.  The ASI Defendants are informed and believe and thereon allege the

24  export factoring agreements (hereinafter "EFA") were procured by Moneual with

25  the assistance of Seo whom Moneual started bribing in 2012.  The ASI Defendants

26  are informed and believe and thereon allege that Harold Park paid bribes to Seo in

27  October 2013 and December 2013, when KEXIM was conducting due diligence on

28  Moneual for purposes of the factoring loans at issue.  The ASI Defendants are

-12-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  informed and believe and thereon allege that at the time, Moneual was an existing

2  customer of the SME and that the SME functioned as the "window" to Moneual

3  for performing due diligence.  The ASI Defendants are informed and believe and

4  thereon allege that export factoring loans are typically handled at KEXIM by the

5  Structured Trade Finance Department (or "STF") and that the export factoring

6  loans to Moneual was the first time the SME had worked on export factoring loans.

7  The ASI Defendants are informed and believe and thereon allege that the STF's

8  sharing of responsibilities with the SME was brought about through the influence

9  of Seo, who was bribed, and Chang Jong Lee, a team leader in the SME who was

10 also bribed by Moneual.  The ASI Defendants are informed and believe and

11 thereon allege that Chang Jong Lee has also been convicted of accepting bribes

12 from Moneual and that Harold Park was convicted of paying bribes to Moneual.

13 The ASI Defendants are informed and believe and thereon allege that at one point

14 between January 2012 and November 2014, Moneual gave gift cards worth

15 $10,000 to Chang Jong Lee, that Lee informed Seo and gave the gift cards to him,

16 and that Seo kept $5,000 worth of the gifts cards and returned $5,000 to Chang

17 Jong Lee.  The ASI Defendants are informed and believe and thereon allege that

18 Chang Jong Lee used that remaining $5,000 (aside from the other bribes he

19 received) to treat various employees of the SME who had worked on Moneual's

20 loans to dinner in exchange for their assisting with the loans.  The ASI Defendants

21 are informed and believe and thereon allege the EFAs make no mention of

22 purchase orders from ASI, but only commercial invoices from Moneual to ASI.

23 ASI is informed and believes and thereon alleges the first EFA of December 2013

24 is signed by, among others, Seo.  The ASI Defendants deny knowledge or

25 information sufficient to form a belief as to the truth or falsity of all other

26 allegations in paragraph 42 of the Second Amended Complaint and therefore deny

27 them.

28 ///

1       43.    The ASI Defendants are informed and believe and thereon allege the

2   increases were brought about by Moneual's bribes paid to Seo, the head of the

3   SME, and Chang Jong Lee.  ASI is informed and believes and thereon alleges

4   Moneual's applications for the increases to $29 million and $40 million were

5   submitted first to the SME not the STF, even though the STF is the department

6   within KEXIM which is responsible, traditionally, for export factoring lines of

7   credit.  The ASI Defendants are informed and believe and thereon allege the SME

8   collected the information on Moneual for purposes of due diligence on the initial

9   $12 million line and the increases to $29 million and $40 million.  The ASI

10  Defendants are informed and believe and thereon allege that when KEXIM was

11  conducting due diligence on Moneual, Moneual's financial information was

12  entered into a forensic software used by KEXIM which identified window dressing

13  in Moneual's financials and noted: "CAUTION," "INTENSIVE ANALYSIS."

14  The ASI Defendants are informed and believe and thereon allege KEXIM ignored

15  the warnings and the obvious window dressing and issued the export factoring

16  loans anyway.  The ASI Defendants are informed and believe and thereon allege

17  KEXIM ignored the window dressing in Moneual's financials because executives

18  in the SME were bribed.  The ASI Defendants deny knowledge or information

19  sufficient to form a belief as to the truth or falsity of the remaining allegations in

20  paragraph 43 of the Second Amended Complaint and therefore deny them.

21      44.    The ASI Defendants deny knowledge or information sufficient to

22  form a belief as to the truth or falsity of the allegations in paragraph 44 of the

23  Second Amended Complaint and therefore deny them.

24      45.    The ASI Defendants deny that ASI placed bogus purchase orders in

25  furtherance of a fraud.  The ASI Defendants allege ASI purchased products from

26  Moneual, Inc. from approximately 2007 to approximately 2013 on an order

27  fulfillment basis pursuant to a Distribution Agreement between Moneual, Inc. and

28  ASI entered into on January 1, 2007.  ASI did not place orders with Moneual, Inc.

*Gordon Rees Scully Mansukhani, LLP*
*2211 Michelson Drive Suite 400*
*Irvine, CA 92612*

-14-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   pursuant to a Supply Agreement which was fabricated.  The ASI Defendants deny
2   knowledge or information sufficient to form a belief as to the truth or falsity of all
3   other allegations in paragraph 45 of the Second Amended Complaint and therefore
4   deny them.

5        46.   The ASI Defendants deny that ASI placed bogus purchase orders in
6   furtherance of a fraud.  The ASI Defendants admit that on or about November 21,
7   2013, ASI placed approximately eight purchase orders for Moneual products to fill
8   orders placed by third parties with ASI, and that such orders were pursuant to a
9   Distribution Agreement entered on January 1, 2007.  The ASI Defendants admit
10  that payment was due 180 days from the waybill date.  The ASI Defendants deny
11  knowledge or information sufficient to form a belief as to the truth or falsity of all
12  other allegations in paragraph 46 of the Second Amended Complaint and therefore
13  deny them.

14       47.   The ASI Defendants deny that ASI placed bogus purchase orders in
15  furtherance of a fraud.  The ASI Defendants are informed and believe and on that
16  basis allege that on or about December 18, 2013, the goods called for in a set of
17  November 21, 2013 purchase orders placed pursuant to a Distribution Agreement
18  entered into January 1, 2007 were transmitted from a supposed contract
19  manufacturer of Moneual called Power Profit Industrial International.  The ASI
20  Defendants admit that pursuant to the Distribution Agreement entered January 1,
21  2007 an invoice purporting to be from Moneual for $11,920,000 was received by
22  ASI.  The ASI Defendants admit that a company by the name ASI Computer
23  Technologies (HK) Ltd. existed in Hong Kong and such company was a subsidiary
24  of ASI.  ASI Computer Technologies (HK) Ltd. conducts no business in the U.S.,
25  maintains no assets in the U.S., has no offices in the U.S. and has no employees in
26  the U.S.  The ASI Defendants are informed and believe and thereon allege the
27  invoices identified a Hong Kong company called Power Profit Industrial
28  International as the "place of delivery."  The ASI Defendants are informed and

-15-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  believe and thereon allege that the purported Supply Agreement included a clause

2  stating ASI would be the distributor of Moneual products in the U.S., Canada and

3  Latin America.  The ASI Defendants are informed and believe and thereon allege

4  that KEXIM never asked Moneual why, if ASI was to be the distributor in North

5  America, Moneual had presented purchase documents, including invoices, showing

6  an alleged transaction between one Hong Kong company, Power Profit, to another

7  purported Hong Kong company, ASI Computer Technologies (HK) Ltd.  The ASI

8  Defendants are informed and believe and thereon allege Moneual's application to

9  KEXIM for the export factoring line of credit made no mention of a company

10 called ASI Computer Technologies (HK) Ltd. or a woman named Frances Chou.

11 The ASI Defendants are informed and believe and thereon allege that a reasonable

12 factor in the position of KEXIM would have, and should have, questioned the

13 authenticity and veracity of the purported transaction presented in the commercial

14 invoice and should have refused to purchase the invoice.  The ASI Defendants are

15 informed and believe and thereon allege that it was the SME, not the STF, which

16 was in charge of verifying the authenticity of export transactions presented by

17 Moneual to KEXIM under the EFAs for purchase.  The ASI Defendants are

18 informed and believe and thereon allege a reasonable factoring bank in the position

19 of KEXIM would have and should have known the transaction Moneual presented

20 was not factorable but KEXIM's SME approved of the veracity and authenticity of

21 such transaction because the Chief of the SME had been bribed in December 2013,

22 the same month the goods were allegedly shipped.  The ASI Defendants deny

23 knowledge or information sufficient to form a belief as to the truth or falsity of all

24 other allegations in paragraph 47 of the Second Amended Complaint and therefore

25 deny them.

26        48.    The ASI Defendants are informed and believe and thereon allege that

27 it was the SME, not the STF, which was in charge of verifying the authenticity of

28 export transactions presented by Moneual to KEXIM under the EFAs for purchase.

-16-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    The ASI Defendants are informed and believe and thereon allege the commercial

2    invoices, packing lists, waybills and purported purchase orders were submitted by

3    Moneual to the SME, not the STF, for review, approval and verification of the

4    authenticity of the export transaction.  The ASI Defendants are informed and

5    believe and allege thereon that it was the SME which verified the authenticity of

6    the export transaction.  The ASI Defendants are informed and believe and thereon

7    allege a reasonable factoring bank in the position of KEXIM would have, and

8    should have, known the transaction Moneual presented was not factorable but that

9    KEXIM's SME approved of the veracity and authenticity of such transaction

10    because, among other reasons, the Chief of the SME had been bribed in December

11    2013, the same month the goods were allegedly shipped.  The ASI Defendants

12    admit that in January 2014 KEXIM purchased Moneual's purported accounts

13    receivable.  The ASI Defendants are informed and believe and thereon allege the

14    purchase of the accounts receivable was in violation of KEXIM's own policies and

15    regulations since, at the time, the credit of ASI as an importer was not strong

16    enough for export factoring. The ASI Defendants deny that the ASI Defendants

17    received kickbacks or that ASI participated in Moneual's fraudulent circular

18    transactions.  The ASI Defendants deny knowledge or information sufficient to

19    form a belief as to the truth or falsity of the remaining allegations in paragraph 48

20    of the Second Amended Complaint and therefore deny them.

21          49.    The ASI Defendants admit that on or about June 16, 2014,

22    $11,919,960 was sent by wire transfer from ASI Computer Technologies (HK)

23    Ltd. to Plaintiff.  The ASI Defendants are informed and believe and thereon allege

24    the $11,919,960 was wired because the third party which placed the order of

25    Moneual products with ASI has received the products and had paid.  The

26    transaction was pursuant to the Distribution Agreement between ASI and Moneual

27    entered January 1, 2007.  The ASI Defendants deny knowledge or information

28    ///

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT      CASE NO: 2:16-CV-02056

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   sufficient to form a belief as to the truth or falsity of all other allegations in

2   paragraph 49 of the Second Amended Complaint and therefore deny them.

3       50.     The ASI Defendants deny that ASI placed bogus purchase orders in

4   furtherance of a fraud.  The ASI Defendants admit that on or about April 21, 2014,

5   ASI placed approximately eight purchase orders for Moneual products to fill orders

6   placed by third parties with ASI, and that such orders were pursuant to a

7   Distribution Agreement entered on January 1, 2007.  The ASI Defendants admit

8   that payment was due 180 days from the waybill date.  The ASI Defendants deny

9   knowledge or information sufficient to form a belief as to the truth or falsity of all

10  other allegations in paragraph 46 of the Second Amended Complaint and therefore

11  deny them.

12      51.     The ASI Defendants deny that ASI placed bogus purchase orders in

13  furtherance of a fraud.  The ASI Defendants admit that the commercial invoice,

14  packing list and waybill presented by Moneual to KEXIM represented that the

15  goods called for in the third set of purchase orders placed pursuant to a

16  Distribution Agreement entered into January 1, 2007 were transmitted from a

17  supposed contract manufacturer of Moneual called Dynazen HK, Ltd.  The ASI

18  Defendants admit that pursuant to the Distribution Agreement entered January 1,

19  2007 an invoice purporting to be from Moneual for $11,920,000 was received by

20  ASI.  The ASI Defendants admit that a company by the name ASI Computer

21  Technologies (HK) Ltd. existed in Hong Kong and such company was a subsidiary

22  of ASI.  ASI Computer Technologies (HK) Ltd. conducts no business in the U.S.,

23  maintains no assets in the U.S., has no offices in the U.S. and has no employees in

24  the U.S.  The ASI Defendants are informed and believe and thereon allege the

25  invoices identified a Hong Kong company called Dynazen HK., Ltd. ("Dynazen")

26  as the "place of shipment."  The ASI Defendants are informed and believe and

27  thereon allege that the purported Supply Agreement included a clause stating ASI

28  would be the distributor of Moneual products in the U.S., Canada and Latin

-18-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

America.  The ASI Defendants are informed and believe and thereon allege that KEXIM never asked Moneual why, if ASI was to be the distributor in North America, Moneual had presented purchase documents, including invoices, showing an alleged transaction between one Hong Kong company, Dynazen, to another purported Hong Kong company, ASI Computer Technologies (HK) Ltd.  The ASI Defendants are informed and believe and thereon allege Moneual's application to KEXIM for the export factoring line of credit made no mention of a company called ASI Computer Technologies (HK) Ltd. or a woman named Frances Chou. The ASI Defendants are informed and believe and thereon allege that a reasonable factor in the position of KEXIM would have, and should have, questioned the authenticity and veracity of the purported transaction presented in the commercial invoice and should have refused to purchase the invoice.  The ASI Defendants are informed and believe and thereon allege that it was the SME, not the STF, which was in charge of verifying the authenticity of export transactions presented by Moneual to KEXIM under the EFAs for purchase.  The ASI Defendants are informed and believe and thereon allege a reasonable factoring bank in the position of KEXIM would have and should have known the transaction Moneual presented was not factorable but KEXIM's SME approved of the veracity and authenticity of such transaction because the Chief of the SME had been bribed in March 2014, approximately one month before the purchase order was allegedly placed.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of all other allegations in paragraph 51 of the Second Amended Complaint and therefore deny them.

52.     The ASI Defendants are informed and believe and thereon allege that it was the SME, not the STF, which was in charge of verifying the authenticity of export transactions presented by Moneual to KEXIM under the EFAs for purchase. The ASI Defendants are informed and believe and thereon allege the commercial invoices, packing lists, waybills and purported purchase orders were submitted by

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  Moneual to the SME, not the STF, for review, approval and verification of the

2  authenticity of the export transaction.  The ASI Defendants are informed and

3  believe and allege thereon that it was the SME which verified the authenticity of

4  the export transaction.  The ASI Defendants are informed and believe and thereon

5  allege a reasonable factoring bank in the position of KEXIM would have, and

6  should have, known the transaction Moneual presented was not factorable but that

7  KEXIM's SME approved of the veracity and authenticity of such transaction

8  because, among other reasons, the Chief of the SME had been bribed in March

9  2014.  The ASI Defendants are informed and believe and allege thereon that the

10  Korean Financial Supervisory Service ("FSS") is an agency of the Korean

11  government with enforcement authority over commercial banks.  The ASI

12  Defendants are informed and believe and allege thereon that the FSS conducted a

13  "sector specific" examination of KEXIM in late 2014 at the request of the Korean

14  Minister of Strategy and Finance and issued an Examination Report as a result.

15  The ASI Defendants are informed and believe and allege thereon that the FSS

16  concluded KEXIM was lax in its credit review Moneual and that the second, third

17  and fourth sets of purchase orders presented a possibility of falsification because,

18  among other reasons, Moneual had switched contract manufacturers from Power

19  Profit to Dynazen.  The ASI Defendants are informed and believe and allege

20  thereon that the FSS further concluded that KEXIM should have conducted a field

21  investigation on Dynazen by visiting Dynazen and examining its operations.  The

22  ASI Defendants are informed and believe and allege thereon that KEXIM

23  eventually issued loans to Dynazen, that Chang Jong Lee, a team leader in the

24  SME who was bribed by Moneual, worked on the loans to Dynazen.  The ASI

25  Defendants are informed and believe and allege thereon that a reasonable factor

26  bank in the position of KEXIM would have, and should have, known that the

27  purchase documents presented by Moneual including the commercial invoice,

28  packing lists and waybills were not genuine, and should have questioned the

-20-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   transaction.  The ASI Defendants are informed and believe and allege thereon that

2   Duk Hoon Lee, the former president of KEXIM, admitted under oath in testimony

3   before the National Assembly of the Republic of Korea that if KEXIM had

4   conducted a proper field investigation, the Moneual fraud would not have

5   occurred. The ASI Defendants admit that in June 2014 KEXIM purchased

6   Moneual's purported accounts receivable.  The ASI Defendants deny that the ASI

7   Defendants received kickbacks or that ASI participated in Moneual's fraudulent

8   circular transactions.  The ASI Defendants deny knowledge or information

9   sufficient to form a belief as to the truth or falsity of the remaining allegations in

10  paragraph 52 of the Second Amended Complaint and therefore deny them.

11       53.   The ASI Defendants deny that ASI defaulted on payment to KEXIM.

12  The ASI Defendants are informed and believe and allege thereon that by

13  purportedly accepting an assignment from Moneual KEXIM stepped into the shoes

14  of Moneual with regard to the purported Supply Agreement and that under such

15  purported Supply Agreement, ASI was not obligated to pay Moneual unless and

16  until the customer which ordered from ASI received the goods and paid ASI for

17  the goods.  ASI did not receive notice the goods were received and ASI did not

18  receive payment from any customer.  The ASI Defendants deny knowledge or

19  information sufficient to form a belief as to the truth or falsity of the remaining

20  allegations in paragraph 52 of the Second Amended Complaint and therefore deny

21  them.

22       54.   The ASI Defendants deny that ASI placed bogus purchase orders in

23  furtherance of a fraud.  The ASI Defendants admit that on or about May 8, 2014,

24  ASI placed approximately 10 purchase orders for Moneual products to fill orders

25  placed by third parties with ASI, and that such orders were pursuant to a

26  Distribution Agreement entered on January 1, 2007.  The ASI Defendants admit

27  that on or about April 21, 2014, ASI placed approximately 2 additional purchase

28  orders for Moneual products to fill orders placed by third parties with ASI, and that

-21-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   such orders were pursuant to a Distribution Agreement entered on January 1, 2007

2   The ASI Defendants admit that payment was due 180 days from the waybill date.

3   The ASI Defendants deny knowledge or information sufficient to form a belief as

4   to the truth or falsity of all other allegations in paragraph 54 of the Second

5   Amended Complaint and therefore deny them.

6       55.    The ASI Defendants deny that ASI placed bogus purchase orders in

7   furtherance of a fraud.  The ASI Defendants admit that the commercial invoice,

8   packing list and waybill presented by Moneual to KEXIM represented that the

9   goods called for in the third set of purchase orders placed pursuant to a

10  Distribution Agreement entered into January 1, 2007 were transmitted from a

11  supposed contract manufacturer of Moneual called Dynazen HK, Ltd.  The ASI

12  Defendants admit that pursuant to the Distribution Agreement entered January 1,

13  2007 an invoice purporting to be from Moneual for $16,986,000 was received by

14  ASI.  The ASI Defendants admit that a company by the name ASI Computer

15  Technologies (HK) Ltd. existed in Hong Kong and such company was a subsidiary

16  of ASI.  ASI Computer Technologies (HK) Ltd. conducts no business in the U.S.,

17  maintains no assets in the U.S., has no offices in the U.S. and has no employees in

18  the U.S.  The ASI Defendants are informed and believe and thereon allege the

19  invoices identified a Hong Kong company called Dynazen as the "place of

20  shipment."  The ASI Defendants are informed and believe and thereon allege that

21  the purported Supply Agreement included a clause stating ASI would be the

22  distributor of Moneual products in the U.S., Canada and Latin America.  The ASI

23  Defendants are informed and believe and thereon allege that KEXIM never asked

24  Moneual why, if ASI was to be the distributor in North America, Moneual had

25  presented purchase documents, including invoices, showing an alleged transaction

26  between one Hong Kong company, Dynazen, to another purported Hong Kong

27  company, ASI Computer Technologies (HK) Ltd.  The ASI Defendants are

28  informed and believe and thereon allege Moneual's application to KEXIM for the

-22-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    export factoring line of credit made no mention of a company called ASI Computer

2    Technologies (HK) Ltd. or a woman named Frances Chou.  The ASI Defendants

3    are informed and believe and thereon allege that a reasonable factor in the position

4    of KEXIM would have, and should have, questioned the authenticity and veracity

5    of the purported transaction presented in the commercial invoice and should have

6    refused to purchase the invoice.  The ASI Defendants are informed and believe and

7    thereon allege that it was the SME, not the STF, which was in charge of verifying

8    the authenticity of export transactions presented by Moneual to KEXIM under the

9    EFAs for purchase.  The ASI Defendants are informed and believe and thereon

10   allege a reasonable factoring bank in the position of KEXIM would have and

11   should have known the transaction Moneual presented was not factorable but

12   KEXIM's SME approved of the veracity and authenticity of such transaction

13   because the Chief of the SME had been bribed in March 2014, approximately three

14   months before the purchase order was allegedly placed.  The ASI Defendants deny

15   knowledge or information sufficient to form a belief as to the truth or falsity of all

16   other allegations in paragraph 55 of the Second Amended Complaint and therefore

17   deny them.

18        56.    The ASI Defendants are informed and believe and thereon allege that

19   it was the SME, not the STF, which was in charge of verifying the authenticity of

20   export transactions presented by Moneual to KEXIM under the EFAs for purchase.

21   The ASI Defendants are informed and believe and thereon allege the commercial

22   invoices, packing lists, waybills and purported purchase orders were submitted by

23   Moneual to the SME, not the STF, for review, approval and verification of the

24   authenticity of the export transaction.  The ASI Defendants are informed and

25   believe and allege thereon that it was the SME which verified the authenticity of

26   the export transaction.  The ASI Defendants are informed and believe and thereon

27   allege a reasonable factoring bank in the position of KEXIM would have, and

28   should have, known the transaction Moneual presented was not factorable but that

1   KEXIM's SME approved of the veracity and authenticity of such transaction

2   because, among other reasons, the Chief of the SME had been bribed in March

3   2014.  The ASI Defendants are informed and believe and allege thereon that the

4   FSS is an agency of the Korean government with enforcement authority over

5   commercial banks.  The ASI Defendants are informed and believe and allege

6   thereon that the FSS conducted a "sector specific" examination of KEXIM in late

7   2014 at the request of the Korean Minister of Strategy and Finance and issued an

8   Examination Report as a result.  The ASI Defendants are informed and believe and

9   allege thereon that the FSS concluded KEXIM was lax in its credit review of

10  Moneual and that the second, third and fourth sets of purchase orders presented the

11  possibility of falsification because, among other reasons, Moneual had switched

12  contract manufacturers from Power Profit to Dynazen.  The ASI Defendants are

13  informed and believe and allege thereon that the FSS further concluded that

14  KEXIM should have conducted a field investigation on Dynazen by visiting

15  Dynazen and examining its operations.  The ASI Defendants are informed and

16  believe and allege thereon that KEXIM eventually issued loans to Dynazen, that

17  Chang Jong Lee, a team leader in the SME who was bribed by Moneual, worked

18  on the loans to Dynazen.  The ASI Defendants are informed and believe and allege

19  thereon that a reasonable factor bank in the position of KEXIM would have, and

20  should have, known that the purchase documents presented by Moneual including

21  the commercial invoice, packing lists and waybills were not genuine, and should

22  have questioned the transaction.  The ASI Defendants are informed and believe

23  and allege thereon that Duk Hoon Lee, the former president of KEXIM, admitted

24  under oath in testimony before the National Assembly of the Republic of Korea

25  that if KEXIM had conducted a proper field investigation, the Moneual fraud

26  would not have occurred.  The ASI Defendants admit that in June 2014 KEXIM

27  purchased Moneual's purported accounts receivable.  The ASI Defendants deny

28  that the ASI Defendants received kickbacks or that ASI participated in Moneual's

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-24-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    fraudulent circular transactions.  The ASI Defendants deny knowledge or

2    information sufficient to form a belief as to the truth or falsity of the remaining

3    allegations in paragraph 56 of the Second Amended Complaint and therefore deny

4    them.

5         57.    The ASI Defendants deny that ASI defaulted on payment to KEXIM.

6    The ASI Defendants are informed and believe and allege thereon that by

7    purportedly accepting an assignment from Moneual KEXIM stepped into the shoes

8    of Moneual with regard to the purported Supply Agreement and that under such

9    purported Supply Agreement, ASI was not obligated to pay Moneual unless and

10   until the customer which ordered from ASI received the goods and paid ASI for

11   the goods.  ASI did not receive notice the goods were received and ASI did not

12   receive payment from any customer.  The ASI Defendants deny knowledge or

13   information sufficient to form a belief as to the truth or falsity of the remaining

14   allegations in paragraph 57 of the Second Amended Complaint and therefore deny

15   them.

16        58.    The ASI Defendants deny that ASI placed bogus purchase orders in

17   furtherance of a fraud.  The ASI Defendants admit that on or about August 20,

18   2014, ASI placed approximately 8 purchase orders for Moneual products to fill

19   orders placed by third parties with ASI, and that such orders were pursuant to a

20   Distribution Agreement entered on January 1, 2007.  The ASI Defendants admit

21   that payment was due 180 days from the waybill date.  The ASI Defendants deny

22   knowledge or information sufficient to form a belief as to the truth or falsity of all

23   other allegations in paragraph 58 of the Second Amended Complaint and therefore

24   deny them.

25        59.    The ASI Defendants deny that ASI placed bogus purchase orders in

26   furtherance of a fraud.  The ASI Defendants admit that the commercial invoice,

27   packing list and waybill presented by Moneual to KEXIM represented that the

28   goods called for in the fourth set of purchase orders placed pursuant to a

-25-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   Distribution Agreement entered into January 1, 2007 were transmitted from a

2   supposed contract manufacturer of Moneual called Dynazen HK, Ltd.  The ASI

3   Defendants admit that pursuant to the Distribution Agreement entered January 1,

4   2007 an invoice purporting to be from Moneual for $11,085,600 was received by

5   ASI.  The ASI Defendants admit that a company by the name ASI Computer

6   Technologies (HK) Ltd. existed in Hong Kong and such company was a subsidiary

7   of ASI.  ASI Computer Technologies (HK) Ltd. conducts no business in the U.S.,

8   maintains no assets in the U.S., has no offices in the U.S. and has no employees in

9   the U.S.  The ASI Defendants are informed and believe and thereon allege the

10  invoices identified a Hong Kong company called Dynazen as the "place of

11  shipment."  The ASI Defendants are informed and believe and thereon allege that

12  the purported Supply Agreement included a clause stating ASI would be the

13  distributor of Moneual products in the U.S., Canada and Latin America.  The ASI

14  Defendants are informed and believe and thereon allege that KEXIM never asked

15  Moneual why, if ASI was to be the distributor in North America, Moneual had

16  presented purchase documents, including invoices, showing an alleged transaction

17  between one Hong Kong company, Dynazen, to another purported Hong Kong

18  company, ASI Computer Technologies (HK) Ltd.  The ASI Defendants are

19  informed and believe and thereon allege Moneual's application to KEXIM for the

20  export factoring line of credit made no mention of a company called ASI Computer

21  Technologies (HK) Ltd. or a woman named Frances Chou.  The ASI Defendants

22  are informed and believe and thereon allege that a reasonable factor in the position

23  of KEXIM would have, and should have, questioned the authenticity and veracity

24  of the purported transaction presented in the commercial invoice and should have

25  refused to purchase the invoice.  The ASI Defendants are informed and believe and

26  thereon allege that it was the SME, not the STF, which was in charge of verifying

27  the authenticity of export transactions presented by Moneual to KEXIM under the

28  EFAs for purchase.  The ASI Defendants are informed and believe and thereon

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT         CASE NO: 2:16-CV-02056

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    allege a reasonable factoring bank in the position of KEXIM would have and

2    should have known the transaction Moneual presented was not factorable but

3    KEXIM's SME approved of the veracity and authenticity of such transaction

4    because the Chief of the SME had been bribed in March 2014, approximately five

5    months before the purchase order was allegedly placed.  The ASI Defendants deny

6    knowledge or information sufficient to form a belief as to the truth or falsity of all

7    other allegations in paragraph 59 of the Second Amended Complaint and therefore

8    deny them.

9        60.    The ASI Defendants are informed and believe and thereon allege that

10   it was the SME, not the STF, which was in charge of verifying the authenticity of

11   export transactions presented by Moneual to KEXIM under the EFAs for purchase.

12   The ASI Defendants are informed and believe and thereon allege the commercial

13   invoices, packing lists, waybills and purported purchase orders were submitted by

14   Moneual to the SME, not the STF, for review, approval and verification of the

15   authenticity of the export transaction.  The ASI Defendants are informed and

16   believe and allege thereon that it was the SME which verified the authenticity of

17   the export transaction.  The ASI Defendants are informed and believe and thereon

18   allege a reasonable factoring bank in the position of KEXIM would have, and

19   should have, known the transaction Moneual presented was not factorable but that

20   KEXIM's SME approved of the veracity and authenticity of such transaction

21   because, among other reasons, the Chief of the SME had been bribed in March

22   2014.  The ASI Defendants are informed and believe and allege thereon that the

23   FSS is an agency of the Korean government with enforcement authority over

24   commercial banks.  The ASI Defendants are informed and believe and allege

25   thereon that the FSS conducted a "sector specific" examination of KEXIM in late

26   2014 at the request of the Korean Minister of Strategy and Finance and issued an

27   Examination Report as a result.  The ASI Defendants are informed and believe and

28   allege thereon that the FSS concluded KEXIM was lax in its credit review of

Moneual and that the second, third and fourth sets of purchase orders presented the possibility of falsification because, among other reasons, Moneual had switched contract manufacturers from Power Profit to Dynazen.  The ASI Defendants are informed and believe and allege thereon that the FSS further concluded that KEXIM should have conducted a field investigation on Dynazen by visiting Dynazen and examining its operations.  The ASI Defendants are informed and believe and allege thereon that KEXIM eventually issued loans to Dynazen, that Chang Jong Lee, a team leader in the SME who was bribed by Moneual, worked on the loans to Dynazen.  The ASI Defendants are informed and believe and allege thereon that a reasonable factor bank in the position of KEXIM would have, and should have, known that the purchase documents presented by Moneual including the commercial invoice, packing lists and waybills were not genuine, and should have questioned the transaction.  The ASI Defendants are informed and believe and allege thereon that Duk Hoon Lee, the former president of KEXIM, admitted under oath in testimony before the National Assembly of the Republic of Korea that if KEXIM had conducted a proper field investigation, the Moneual fraud would not have occurred.  The ASI Defendants are informed and believe and thereon allege that the purported purchase orders for the fourth set listed an order date of August 20, 2014.  The ASI Defendants are informed and believe and thereon allege the waybill, packing lists and commercial invoices listed a shipment date of August 22, 2014.  The ASI Defendants are informed and believe and thereon allege a reasonable factoring bank in the position of KEXIM would have, and should have, questioned how Moneual could have received purchase orders for approximately 3,500 units of goods, notified its contract manufacturer, manufactured the goods, packed the goods, labeled the goods, and shipped the goods from Hong Kong, and invoiced ASI for the goods all in a 48-hour period when, in all previous purchase sets, the same tasks had taken Moneual weeks to complete.  The ASI Defendants are informed and believe and thereon allege that

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-28-

Moneual's application for purchasing receivables to the SME is supposed to go through three levels of review before being submitted to the STF for payment, and that the fourth set of purchase documents only went through two levels of review because the team leader at the time was on leave. The ASI Defendants are informed and believe and thereon allege that on July 9, 2014 Kyeong Koo Kim of the SME had received from Moneual a second purported OEM Supply Agreement dated November 1, 2013, this one between ASI Computer Technologies, Inc. and Moneual. The ASI Defendants are informed and believe and thereon allege that the second purported OEM Supply Agreement was similar to the first but differed in that the purported purchase guarantee of ASI Corporation / ASI Computer Technologies, Inc. had been reduced from $600,000,000 to $300,000,000, and that the purported signature of Frances Chou was entirely different than the purported signature of Frances Chou on the original Supply Agreement. The ASI Defendants are informed and believe and thereon allege that the recipient of the second purported OEM Supply Agreement was Kyeong Koo Kim, one of the individuals from the SME in charge of verifying the authenticity of the export transaction presented in the fourth set of purchase documents. The ASI Defendants are informed and believe and thereon allege that a reasonable factoring bank in the position of KEXIM would have and should have noticed the signatures on the two purported Supply Agreements were different and that the purported guaranteed purchase had been reduced by half. The ASI Defendants are informed and believe and thereon allege that a reasonable factoring bank in the position of KEXIM should have been highly suspicious of the purported second OEM Supply Agreement which was dated 16 days after the first purported OEM Supply Agreement and questioned why the second, more recent, had not been presented to KEXIM in December 2013 when Moneual was applying for the export factoring line of credit. The ASI Defendants are informed and believe and thereon allege that a reasonable factoring bank in the position of KEXIM would have considered

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   the submission of the purported OEM Supply Agreement dated October 15, 2013

2   with a guaranteed purchase of $600,000,000, rather than the second purported

3   OEM Supply Agreement dated November 1, 2013 with a guaranteed purchase of

4   $300,000,000, in December 2013 to be a material misrepresentation on the export

5   factoring application and under the EFAs.  The ASI Defendants are informed and

6   believe and thereon allege that because the FSS concluded the SME was in charge

7   of reviewing the export contracts presented by Moneual for purposes of export

8   factoring, the SME should have compared the purported first OEM Supply

9   Agreement dated October 15, 2013 and the second purported OEM Supply

10  Agreement dated November 1, 2013, both having integration clauses, noticed the

11  purported signatures of "Frances Chou" were completely different, discovered

12  Moneual's fraud, refused to purchase the fourth set of purchase documents,

13  accelerated immediate payment on the second and third sets of purchase

14  documents from Moneual due to the fraud, and contacted Christine Liang of ASI

15  who was listed as the represented of ASI on KEXIM's application for the export

16  factoring lines of credit.  The ASI Defendants are informed and believe and

17  thereon allege that KEXIM did not do any of these things.  The ASI Defendants

18  are informed and believe and thereon allege that if KEXIM had accelerated

19  payment from Moneual in July 2014, three months before Moneual filed for

20  receivership reorganization in South Korea, Moneual would have recovered the

21  amounts dispersed for the second and third sets and not suffered any losses.  The

22  ASI Defendants admit that in August 2014 KEXIM purchased Moneual's

23  purported accounts receivable.  The ASI Defendants deny that the ASI Defendants

24  received kickbacks or that ASI participated in Moneual's fraudulent circular

25  transactions.  The ASI Defendants deny knowledge or information sufficient to

26  form a belief as to the truth or falsity of the remaining allegations in paragraph 60

27  of the Second Amended Complaint and therefore deny them.

28  ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

61.     The ASI Defendants deny that ASI defaulted on payment to KEXIM. The ASI Defendants are informed and believe and allege thereon that by purportedly accepting an assignment from Moneual KEXIM stepped into the shoes of Moneual with regard to the purported Supply Agreement and that under such purported Supply Agreement, ASI was not obligated to pay Moneual unless and until the customer which ordered from ASI received the goods and paid ASI for the goods.  ASI did not receive notice the goods were received and ASI did not receive payment from any customer.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 61 of the Second Amended Complaint and therefore deny them.

62.     The ASI Defendants deny the purchase orders were actually signed by Frances Chou and further deny Frances Chou was a "director" of ASI.  The ASI Defendants are informed and believe and thereon allege that former Moneual Vice President Chol Wook ("Charlie") Shin affixed a signature of Frances Chou electronically to the purchase orders.  The ASI Defendants are informed and believe and thereon allege the purported signature of Frances Chou on the purchase orders does not even resemble the purported signature of Frances Chou on the first purported OEM Supply Agreement dated October 15, 2013.  The ASI Defendants are informed and believe and thereon allege that a reasonable factoring bank in the position of KEXIM would have and should have noticed the signatures do not match and refused to purchase any sets of purchase documents.  The ASI Defendants do not contest that ASI issued the purchase order numbers at the request of Frances Chou.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 62 of the Second Amended Complaint and therefore deny them.

///

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    63.    The ASI Defendants deny knowledge or information sufficient to

2  form a belief as to the truth or falsity of the allegations in paragraph 63 of the

3  Second Amended Complaint and therefore deny them.

4    64.    The ASI Defendants deny knowledge or information sufficient to

5  form a belief as to the truth or falsity of the allegations in paragraph 64 of the

6  Second Amended Complaint and therefore deny them.  The ASI Defendants are

7  informed and believe and thereon allege that in 2012 KEXIM deemed Moneual a

8  Hidden Champion of Korean industry pursuant to KEXIM's Hidden Champion

9  program.  The ASI Defendants are informed and believe and thereon allege that as

10  part of that program KEXIM conducted its own research on Moneual's products,

11  including Moneual's HTPCs, and concluded that Moneual had "superior

12  technology."  The ASI Defendants are informed and believe and thereon allege that

13  the FSS, as part of its Examination Report, found KEXIM's Hidden Champion

14  program and, in particular, its selection of Moneual as a Hidden Champion to be

15  flawed.  The ASI Defendants are informed and believe and thereon allege that the

16  FSS concluded KEXIM accepted the representations of Moneual about its

17  technology and finances without any objective, corroborating information.   The

18  ASI Defendants are informed and believe and thereon allege that the FSS

19  determined approximately 57 employees of KEXIM were lax in their assessment

20  of Moneual and failed to perform proper due diligence on Moneual.  The ASI

21  Defendants are informed and believe and thereon allege that the Korean Minister

22  of Strategy and Finance, upon being informed of the results of the FSS, requested

23  that KEXIM take action against its employees, including disciplinary action

24  against those employees who violated the law and KEXIM's lending guidelines.

25  The ASI Defendants are informed and believe and thereon allege that KEXIM

26  disciplined approximately 30 employees as result including several employees in

27  the SME who worked on the export factoring loans at issue for, among other

28  things: (a) failing to properly review the agreements between Moneual and ASI;

-32-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

(b) failing to conduct field investigations of Moneual and its contract manufacturers; and (c) factoring the second, third and fourth sets of purchase documents relating to HTPCs sold to ASI even though such documents presented a distinct possibility of falsification.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 64 of the Second Amended Complaint and therefore deny them

65.    The ASI Defendants admit that on or about June 16, 2014, $11,919,960 was sent by wire transfer from ASI Computer Technologies (HK) Ltd. to Plaintiff.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 65 of the Second Amended Complaint and therefore deny them.

66.    The ASI Defendants deny that the ASI Defendants expressly affirmed the authority of Frances Chou to enter into transactions with Moneual, Inc.  At no point during the relevant time period identified in the Second Amended Complaint did Frances Chou have authority to enter into contracts or transactions on behalf of ASI.  The ASI Defendants admit that on or about July 13, 2014, Bill Chen sent an email to Kyeong Koo Kim of KEXIM with a letter as an attachment.  The ASI Defendants admit the letter stated what is quoted in paragraph 66 of the SAC.  The ASI Defendants allege the body of the email stated "I'm not response [sic] any more of the confirmation in the future, please remember this is not my job function, you should contact Frances Chou directly.  She should be the right contact person to verify PO & confirmation, her email address: franceschou@asipartner.com.hk." The ASI Defendants are informed and believe and allege thereon that the contradictory nature of the statements in the body of the email and the letter attached should have raised suspicion with a reasonable factoring bank in the position of KEXIM.  The ASI Defendants are informed and believe and allege thereon that a reasonable factoring bank in the position of

-33-

KEXIM should have contacted Christine Liang, the individual identified as the representative of ASI in Moneual's application for the factoring loans, at that point to clarify the contradictory statements of Bill Chen. The ASI Defendants are informed and believe and allege thereon KEXIM never contacted or attempted to contact Christine Liang at any time until after all four sets of purchase documents had been factored. The ASI Defendants allege that Kyeong Koo Kim, the recipient of the Bill Chen email and letter testified at deposition on February 26, 2018 that the inquiry to Moneual about its relationship with ASI and the resulting email from Bill Chen with letter attached were for purposes of KEXIM's export fulfillment loans to Moneual, not for the export factoring loans. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 66 of the Second Amended Complaint and therefore deny them.

67. The ASI Defendants deny that the alleged actions of Bill Chen were intended to or did perpetuate a false implication regarding a relationship between Moneual, Inc. and ASI. The ASI Defendants allege that Kyeong Koo Kim, the recipient of the Bill Chen email and letter testified at deposition on February 26, 2018 that the inquiry to Moneual about its relationship with ASI and the resulting email from Bill Chen with letter attached were for purposes of KEXIM's export fulfillment loans to Moneual, not for the export factoring loans. The ASI Defendants are informed and believe and thereon allege that approximately 4 days prior to receiving Bill Chen's July 13, 2014 email, Kyeong Koo Kim had received from Moneual a second purported OEM Supply Agreement, this one dated November 1, 2013, between ASI Computer Technologies, Inc. and Moneual. The ASI Defendants are informed and believe and thereon allege that the purported signature of Frances Chou on the second purported OEM Supply Agreement did not resemble at all the purported signature of Frances Chou on the first purported OEM Supply Agreement. The ASI Defendants are informed and believe and

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-34-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  thereon allege that in light of the two signatures and Bill Chen's admonishment to

2  contact Frances Chou a reasonable factoring bank in the position of KEXIM would

3  have and should have refused to purchase the fourth set of purchase documents and

4  immediately accelerated payment from Moneual on the second and third sets.  The

5  ASI Defendants deny knowledge or information sufficient to form a belief as to the

6  truth or falsity of all other allegations in paragraph 67 of the Second Amended

7  Complaint and therefore deny them.

8      68.    The ASI Defendants admit that in October 2014 Moneual filed for

9  receivership in South Korea.  The ASI Defendants admit that ASI received a letter

10 from KEXIM in late October or early November 2014 demanding payment on the

11 second, third and fourth sets of purchase documents as stated in paragraph 68 of

12 the SAC.  The ASI Defendants deny that the ASI Defendants had or have an

13 outstanding obligation to pay Plaintiff or Moneual, Inc. $39,991,600.  The ASI

14 Defendants admit that ASI did not respond to the October 2014 letter.  The ASI

15 Defendants deny knowledge or information sufficient to form a belief as to the

16 truth or falsity of all other allegations in paragraph 68 of the Second Amended

17 Complaint and therefore deny them.

18     69.    The ASI Defendants admit that on or about October 27, 2014 a man

19 named Jong Hyun Lee who claimed to be a representative of KEXIM visited ASI's

20 Fremont, California offices.  The ASI Defendants deny knowledge or information

21 sufficient to form a belief as to the truth or falsity of the remaining allegations in

22 paragraph 69 of the Second Amended Complaint and therefore deny them.

23     70.    The ASI Defendants admit that on or about October 27, 2014, a man

24 identifying himself as Mr. Lee and purporting to be an agent of KEXIM met

25 briefly with Henry Chen in California.  The ASI Defendants deny that Henry Chen

26 made any representations as to the alleged authority of Frances Chou, or stated that

27 Frances Chou was any company's procurement officer in Asia.  The ASI

28 Defendants admit that on October 28, 2014 at approximately 9:02 a.m. PST Henry

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  Chen sent an email to Mr. Lee stating, in full: "Hi John, [¶] After reviewing the PO

2  status, those are open PO and no shipment receipt in our warehouse. Please let me

3  know if there is any question about it. Thanks." The ASI Defendants deny

4  knowledge or information sufficient to form a belief as to the truth or falsity of all

5  other allegations in paragraph 70 of the Second Amended Complaint and therefore

6  deny them.

7      71.    The ASI Defendants deny knowledge or information sufficient to

8  form a belief as to the truth or falsity of the allegations in paragraph 71 of the

9  Second Amended Complaint and therefore deny them.

10      72.    The ASI Defendants deny that ASI issued bogus purchase orders in

11  furtherance of a fraud. The ASI Defendants admit that on December 15, 2014, at

12  approximately 5:58 p.m. PST Henry Chen sent an email to Mr. Lee, stating:

13          Hi John, [¶] It was nice to talk to you today. As I

14          mentioned earlier, the PO you sent was never receipt by

15          ASI. Per our business Patrice in the past, we always made

16          the payment with Moneual after the payment and shipment

17          receipt from customer. There is no delivery schedule and

18          payment receipt from those PO. Please let me know if you

19          have any question , I will be glad to help you on it. Thanks

20          for the understanding.

21  The ASI Defendants deny knowledge or information sufficient to form a belief as

22  to the truth or falsity of all other allegations in paragraph 72 of the Second

23  Amended Complaint and therefore deny them.

24      73.    The ASI Defendants deny that ASI issued bogus purchase orders in

25  furtherance of a fraud. The ASI Defendants deny that the ASI Defendants

26  intended to deceive Plaintiff into providing financing to Moneual for transactions

27  that did not exist. The ASI Defendants deny knowledge or information sufficient

28  ///

1  to form a belief as to the truth or falsity of all other allegations in paragraph 73 of
2  the Second Amended Complaint and therefore deny them.

3       74.    The ASI Defendants deny that Henry Chen made a false statement to
4  any agent of Plaintiff.  The ASI Defendants deny that a true statement by Henry
5  Chen evidences participation in an alleged scheme to defraud Plaintiff.  The ASI
6  Defendants deny knowledge or information sufficient to form a belief as to the
7  truth or falsity of all other allegations in paragraph 74 of the Second Amended
8  Complaint and therefore deny them.

9       75.    The ASI Defendants deny that ASI issued bogus purchase orders in
10 furtherance of a fraud.  The ASI Defendants admit that ASI did not make a
11 payment to any party for those purchase orders placed on or about April 21, 2014,
12 May 8, 2014 and August 20, 2014.  The ASI Defendants are informed and believe
13 and on that basis allege the third parties which ordered the products from ASI did
14 not receive the products and did not pay.  The ASI Defendants deny knowledge or
15 information sufficient to form a belief as to the truth or falsity of all other
16 allegations in paragraph 75 of the Second Amended Complaint and therefore deny
17 them.

18      76.    The ASI Defendants admit that on or about January 23, 2015, the
19 Seoul Central District Prosecutor issued a press release which roughly
20 corresponded with the Prosecutor's unsealing of indictments of those involved in
21 the Moneual scandal.  The ASI Defendants are informed and believe and thereon
22 allege the Press Release did not identify ASI by name but indicted the Moneual
23 scandal was the epitome of Korean "government mafia," or "corrupt government
24 officials."  The ASI Defendants are informed and believe and thereon allege the
25 Press Release identified 2 executives of KEXIM who were indicted on charges of
26 accepting bribes from Moneual: Woo Taek Seo, the former head of the SME and
27 Chang Jong Lee a former team leader of the SME who was in Russia at the time.
28 The ASI Defendants are informed and believe and thereon allege that at the time of

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-37-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  the indictment Woo Taek Seo's position at KEXIM was that of General Manager

2  of the Office of Secretary which was essentially the chief of staff for President Duk

3  Hoon Lee.  The ASI Defendants are informed and believe and thereon allege that

4  Press Release listed the indictment of four executives of KSURE, including

5  KSURE's President, for accepting bribes from Moneual, and one auditor from the

6  Korean National Tax Service, which is akin to the U.S. IRS, for accepting bribes

7  from Moneual.  The ASI Defendants admit the press release discussed Moneual's

8  foreign importers and alleged actions taken by such foreign importers, but the ASI

9  Defendants deny the Press Release identified ASI or any employee or former

10  employee of ASI by name.  The ASI Defendants are informed and believe and

11  thereon allege that at his deposition on February 28, 2018, Hong-seok (Harold)

12  Park testified that he had signed and acknowledged statements put in front of him

13  by the Prosecutor because he was told that if he did not, his life would be made

14  "miserable."  The ASI Defendants deny knowledge or information sufficient to

15  form a belief as to the truth or falsity of the remaining allegations in paragraph 76

16  of the Second Amended Complaint and therefore deny them.

17      77.    The ASI Defendants deny that ASI helped Moneual create bogus

18  purchase orders.  The ASI Defendants deny knowledge or information sufficient to

19  form a belief as to the truth or falsity of the remaining allegations in paragraph 77

20  of the Second Amended Complaint and therefore deny them.

21      78.    The ASI Defendants deny the ASI Defendants knew of Moneual's

22  scheme and further deny agreeing to assist Moneual in its scheme.  The ASI

23  Defendants deny knowledge or information sufficient to form a belief as to the

24  truth or falsity of the remaining allegations in paragraph 68 of the Second

25  Amended Complaint and therefore deny them.

26      79.    The ASI Defendants admit that as President of ASI, Christine Liang

27  signed the January 1, 2007 Distribution Agreement between ASI and Moneual.

28  The ASI Defendants allege Christine Liang's signature was the result of, in part,

-38-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    Christine Liang being advised by others at ASI that Moneual was, in effect, a

2    legitimate corporation and that its products would sell in the U.S.  The ASI

3    Defendants allege Christine Liang's signature was the result of, in part, ASI's

4    previous dealings with Harold Park as an executive of Samsung and BenQ, and

5    that as a result of such dealings the ASI Defendants had no reason to believe

6    Harold Park was anything other than a legitimate entrepreneur.  The ASI

7    Defendants allege the Distribution Agreement contained certain right of return and

8    right of cancellation clauses which gave ASI the right to return unsold products to

9    Moneual for credit and the right to cancel the Distribution Agreement at any time.

10   The ASI Defendants are informed and believe and thereon allege such clauses

11   rendered the relationship between ASI and Moneual unsuitable and improper for

12   non-recourse factoring since any reasonable factoring bank in the position of

13   KEXIM would have, and should have, known that ASI, as the importer and buyer,

14   could merely return any and all merchandise to Moneual for credit but that because

15   of the non-recourse nature KEXIM could not recover from Moneual.   The ASI

16   Defendants deny that because Christine Liang signed the Distribution Agreement

17   Christine Liang had knowledge of the purported transactions between ASI and

18   Moneual pursuant to the Distribution Agreement.  The ASI Defendants allege

19   Christine Liang does not personally conduct due diligence on vendors, suppliers or

20   manufacturers.  The ASI Defendants deny knowledge or information sufficient to

21   form a belief as to the truth or falsity of the remaining allegations in paragraph 79

22   of the Second Amended Complaint and therefore deny them.

23          80.    The ASI Defendants admit that Henry Chen did not conduct due

24   diligence on Moneual.  The ASI Defendants allege Henry Chen does not

25   personally conduct due diligence on vendors, suppliers or manufacturers.  The ASI

26   Defendants deny knowledge or information sufficient to form a belief as to the

27   truth or falsity of the remaining allegations in paragraph 80 of the Second

28   Amended Complaint and therefore deny them.

-39-

81.   The ASI Defendants admit that from 2007 to approximately 2014 ASI purchased and sold Moneual products.  The ASI Defendants admit that ASI generally did not inspect or examine products sold by Moneual.  The ASI Defendants allege that ASI does not generally inspect its vendors' products. The ASI Defendants are informed and believe and allege thereon ASI sold Moneual products on an order fulfillment, dropship basis which generally means products were shipped directly from Moneual or its export agent to the buyer.  The ASI Defendants deny that ASI did not perform any independent due diligence on customers of ASI.  The ASI Defendants are informed and believe and thereon allege that ASI was not obligated to pay Moneual for orders of products unless and until customers which ordered Moneual products received the goods ordered and paid ASI.  The ASI Defendants are informed and believe and thereon allege that the level of due diligence ASI did or did not perform on Moneual or customers of Moneual products was commensurate with the level of risk involved in the transactions.  The ASI Defendants are informed and believe and thereon allege that as a factoring bank which had been requested by Moneual to provide non-recourse financing in amounts of $12 million, $29 million and $40 million, it was incumbent upon KEXIM to perform the highest level of due diligence possible to ensure payment on advances including, but not limited to, site inspections of Moneual's facilities every other month, directly contacting Christine Liang who was listed as the representative of ASI on Moneual's application for export factoring, performing site inspections of Moneual's contract manufacturers to determine legitimacy of operations, refusing to purchase receivables where the companies listed as the buyers on invoices did not match the company listed in the export contract, identifying the end buyers of the products and contacting such buyers, attempting to locate Moneual's products for sale at major U.S. electronics retailers (including physical locations and online) as other banks, such as Woori Bank, did, benchmarking Moneual's purported sales with other manufacturers in

-40-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   the same industry, having loan officers with industry expertise evaluate Moneual's

2   products and Moneual's purported sales, following up on the probability of

3   window-dressing in Moneual's financials when KEXIM's financial forensic

4   software explicitly warned that Moneual's financials should be viewed with

5   CAUTION and INTENSIVE ANALYSIS, refusing to purchase the fourth set of

6   receivables and immediately advancing payment from Moneual on the second and

7   third sets of receivables when, on July 9, 2014, Moneual submitted to Kyeong Koo

8   Kim a purported OEM Supply Agreement dated November 1, 2013 which

9   contained an integration clause and purported to be the actual export agreement

10  between ASI and Moneual and was dated 16 days after the first purported OEM

11  Supply Agreement which had been submitted by Moneual, rendering such first

12  purported OEM Suppy Agreement a material misrepresentation under the EFAs,

13  and noticing as of the second set of receivables the purported signature of Frances

14  Chou on the purchase orders did not resemble at all the purported signature of

15  Frances Chou on the first purported OEM Supply Agreement.  The ASI

16  Defendants deny knowledge or information sufficient to form a belief as to the

17  truth or falsity of the remaining allegations in paragraph 81 of the Second

18  Amended Complaint and therefore deny them.

19      82.    The ASI Defendants admit that ASI's gross transactions with regard

20  to Moneual products from approximately 2007 to approximately 2014 add up to

21  approximately $1.2 billion.  The ASI Defendants allege that ASI's distribution

22  margin with regard to Moneual transactions was below the industry average.  The

23  ASI Defendants are informed and believe and thereon allege that at some point

24  between 2007 and 2014, Harold Park convinced Bill Chen who then convinced

25  Christine Liang to lower ASI's distribution margin on sales of Moneual products.

26  The ASI Defendants deny knowledge or information sufficient to form a belief as

27  to the truth or falsity of the allegations in paragraph 82 of the Second Amended

28  Complaint and therefore deny them.

-41-

83.     The ASI Defendants admit that independent contractor Frances Chou requested purchase order numbers from ASI for customers whom Frances Chou had brought to ASI for Moneual products.  The ASI Defendants admit that based on the representations of independent contractor Frances Chou and other agents of Moneual, ASI issued the purchase order numbers believing such numbers to represent actual orders of Moneual products from customers to ASI.  The ASI Defendants admit that Charlie Shin testified at his deposition he was the one who actually created the purchase orders, not ASI.  The ASI Defendants admit one of the responsibilities of Henry Chen was to supervise product managers and independent contractors engaging in sales.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 83 of the Second Amended Complaint and therefore deny them.

84.     The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84 of the Second Amended Complaint and therefore deny them.

85.     The ASI Defendants admit ASI sold Moneual products to a company called Polaris Media Research Holding Limited.  The ASI Defendants deny that the ASI Defendants participated or agreed to participate in a fraudulent scheme of Moneual.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 85 of the Second Amended Complaint and therefore deny them.

86.     The ASI Defendants admit the purchase orders Moneual presented to KEXIM listed payment terms of 180 days.  The ASI Defendants are informed and believe and thereon allege that factoring a receivable purportedly worth millions of dollars which has a payment date of 180 days is extremely unusual.  The ASI Defendants are informed and believe and allege thereon that in factoring a receivable purportedly worth millions of dollars with a 180 payment term, a

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-42-

reasonable factoring bank in the position of KEXIM should have used a two-factor export factoring arrangement.  The ASI Defendants deny that the ASI Defendants were participants in circular payments or a fraudulent scheme.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 86 of the Second Amended Complaint and therefore deny them.

87.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87 of the Second Amended Complaint and therefore deny them.

88.    The ASI Defendants admit that the following customers were set up as customers of ASI pursuant to the request of independent contractor Frances Chou: (i) Polaris; (ii) Worldwide Excellence Limited; (iii) Noble Link Limited; (iv) Prime Nation Limited; (v) Multi Way Electronics Ltd.; (vi) Pioneer Rich Group Limited; and (viii) and Dragon Wisdom Industrial Limited.  The ASI Defendants admit that these customers, through independent contractor Frances Chou, placed orders for Moneual products with ASI.  The ASI Defendants deny the ASI Defendants laundered money, deceived banks, accounting firms, or anyone else.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 88 of the Second Amended Complaint and therefore deny them.

89.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89 of the Second Amended Complaint and therefore deny them.

90.    The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Second Amended Complaint and therefore deny them.

91.    The ASI Defendants deny that the ASI Defendants were participants in circular payments or a fraudulent scheme, or that the ASI Defendants deceived

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   or continued to deceive KEXIM.  The ASI Defendants deny knowledge or

2   information sufficient to form a belief as to the truth or falsity of the remaining

3   allegations in paragraph 91 of the Second Amended Complaint and therefore deny

4   them.

5         92.    The ASI Defendants deny knowledge or information sufficient to

6   form a belief as to the truth or falsity of the allegations in paragraph 92 of the

7   Second Amended Complaint and therefore deny them.

8         93.    The ASI Defendants deny knowledge or information sufficient to

9   form a belief as to the truth or falsity of the allegations in paragraph 93 of the

10  Second Amended Complaint and therefore deny them.

11        94.    The ASI Defendants deny ASI issued fraudulent purchase orders for

12  any reason.  The ASI Defendants deny ASI had reason to expect Moneual was

13  transmitting purchase orders to banks in Korea.  The ASI Defendants are informed

14  and believe and allege thereon the standing payment instructions identified in

15  paragraph 94 of the SAC were transmitted to Frances Chou, a former independent

16  contractor of ASI and that Frances Chou testified at a deposition that she signed

17  such standing payment instructions on behalf of ASI but that she did not have the

18  authority to do so and, in fact, should not have done so.  The ASI Defendants deny

19  that ASI had any reason to expect that Moneual would seek to have its receivables

20  factored by KEXIM at any time.  The ASI Defendants are informed and believe

21  and allege thereon Moneual knew that ASI, its ownership and its President would

22  not agree to Moneual's scheme which is why Charlie Shin of Moneual fabricated

23  the two purported OEM Supply Agreements and affixed the signature of Frances

24  Chou, rather than requesting Christine Liang to sign the purported OEM Supply

25  Agreements.  The ASI Defendants lack knowledge or information sufficient to

26  form a belief as to the truth or falsity of the remaining allegations in paragraph 94

27  of the Second Amended Complaint and therefore deny them.

28  ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-44-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

95.     The ASI Defendants admit that ASI's bank records show that from 2010 to 2014 ASI made payments by wire transfer to a handful of banks based in Korea.  The ASI Defendants deny that such wires did not reflect payments for what the ASI Defendants believed to be genuine transactions.  The ASI Defendants deny that ASI did not perform an appropriate level of due diligence on Moneual and customers ordering Moneual products.  The ASI Defendants deny that the ASI Defendants knew the transactions with Moneual and its customers were not genuine.  The ASI Defendants deny that the ASI Defendants did not care whether the transactions with Moneual and its customers were genuine or not.  The ASI Defendants admit Christine Liang signed the January 1, 2007 Distribution Agreement.  The ASI Defendants deny Christine Liang authorized, approved or knew of any fraudulent transactions with Moneual.  The ASI Defendants are informed and believe and thereon allege that Harold Park, who was the mastermind of the Moneual scheme, testified at deposition on February 28, 2018 that he never spoke with Christine Liang about Moneual's fraudulent scheme, and that he could not say Christine Liang knew of the fraudulent nature of Moneual's scheme.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 95 of the Second Amended Complaint and therefore deny them.

96.     The ASI Defendants deny that the ASI Defendants received notification in December 2013 that KEXIM would be factoring Moneual's accounts receivable.  The ASI Defendants deny that the ASI Defendants knew transactions with Moneual and Moneual's customers were not genuine.  The ASI Defendants deny Henry Chen knew that the purchase order numbers would be used to sell fraudulent receivables to KEXIM.  The ASI Defendants are informed and believe and thereon allege that at his deposition on January 26, 2018, Charlie Shin, who created the forged OEM Supply Agreement and purported ASI purchase orders, testified he did not believe Henry Chen knew of the false nature of

-45-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  Moneual's business or transactions.  The ASI Defendants are informed and believe

2  and thereon allege that both Charlie Shin and Harold Park admitted at their

3  depositions that they never communicated with Christine Liang about the

4  fraudulent nature of Moneual's business.  The ASI Defendants are informed and

5  believe and thereon allege Christine Liang was listed as the representative of ASI

6  on Moneual's application for export factoring loans.  The ASI Defendants are

7  informed and believe and thereon allege KEXIM never contacted or attempted to

8  contact Christine Liang or Henry Chen before factoring the four sets of

9  receivables.  The ASI Defendants are informed and believe and allege thereon that

10  if KEXIM had contacted Christine Liang prior to factoring any of Moneual's

11  receivables and presented the purported first OEM Supply Agreement to Christine

12  Liang, Christine Liang would have informed KEXIM the purported agreement was

13  not genuine, that ASI had entered into a Distribution Agreement with Moneual

14  which included standard rights of return, that ASI would not guarantee a minimum

15  purchase of products from a vendor, especially one in the hundreds of millions,

16  that Frances Chou was not a director of ASI and had absolutely no authority to sign

17  agreements with vendors, suppliers or manufacturers, and that in issuing a non-

18  recourse export factoring line of credit to Moneual KEXIM was proceeding at its

19  own peril since ASI, under the January 1, 2007 Distribution Agreement, had the

20  absolute right to return products for credit, and to cancel the agreement.  The ASI

21  Defendants are informed and believe and allege thereon that when Jong Hyun Lee

22  contacted Henry Chen and visited ASI after Moneual filed for receivership, Mr.

23  Lee did not ask about either of the purported OEM Supply Agreements or show

24  them to Henry Chen because, by that time, KEXIM had realized its mistakes.  The

25  ASI Defendants lack knowledge or information sufficient to form a belief as to the

26  truth or falsity of the remaining allegations in paragraph 96 of the Second

27  Amended Complaint and therefore deny them.

28  ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

97.     The ASI Defendants admit that on or about June 16, 2014, $11,919,960 was sent by wire transfer from ASI Computer Technologies (HK) Ltd. to Plaintiff.  The ASI Defendants are informed and believe and thereon allege the $11,919,960 was wired because the third party which placed the order of Moneual products with ASI has received the products and had paid.  The transaction was pursuant to the Distribution Agreement between ASI and Moneual entered January 1, 2007.  The ASI Defendants deny that the ASI Defendants knew the transaction was not genuine, had any reason to believe the transaction was not genuine.  The ASI Defendants deny the payment was made to create the illusion that purchase orders purporting to be from ASI were genuine transactions.  The ASI Defendants deny deceiving or attempting to deceive KEXIM.  The ASI Defendants deny participating, agreeing to participate or knowing of a fraudulent scheme.  The ASI Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 97 of the Second Amended Complaint and therefore deny them.

98.     The ASI Defendants deny the executives or employees of ASI received bribes.  The ASI Defendants deny the executives or employees of ASI received kickbacks.  The ASI Defendants are informed and believe and there on allege that the report of the Korea Customs Service which references alleged kickbacks to Christine Liang, Bill Chen and Henry Chen is dated November 2013. The ASI Defendants are informed and believe and there on allege that the original report of the Korea Customs Service was dated October 2013.  The ASI Defendants are informed and believe and there on allege that only the October 2013 report, and not the November 2013 report, was admitted as evidence in the criminal trial of Harold Park and his accomplices in South Korea.  The ASI Defendants are informed and believe and there on allege that during his deposition on February 28, 2018, when Harold Park was confronted with a copy of the transcript from his November 2013 interrogation by the Korea Custom Service

-47-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   wherein he implicated Christine Liang and Henry Chen based on alleged kickbacks

2   to such individuals in exchange for assistance in "conniving" the transactions,

3   Harold Park repudiated his statements and noted that he did not believe the

4   interrogation was accurate.  The ASI Defendants are informed and believe and

5   thereon allege that after the litigation was filed, ASI wrote to the Korea Customs

6   Service and requested that its officers waive foreign sovereign immunity and agree

7   to sit for deposition in this case.  The ASI Defendants are informed and believe and

8   there on allege that the Korea Customs Service replied with a short letter stating

9   the Korea Customs Service is not required to respond to ASI's request.  The ASI

10   Defendants lack knowledge or information sufficient to form a belief as to the truth

11   or falsity of the remaining allegations in paragraph 98 of the Second Amended

12   Complaint and therefore deny them.

13       99.    The ASI Defendants lack knowledge or information sufficient to form

14   a belief as to the truth or falsity of the allegations in paragraph 99 of the Second

15   Amended Complaint and therefore deny them.

16       100.   The ASI Defendants admit that in approximately 2008 ASI's

17   distribution margin on sales of Moneual products was approximately 1.5%.  The

18   ASI Defendants are informed and believe and thereon allege that at some point

19   after 2008, Harold Park informed Bill Chen that Moneual wanted to lower ASI's

20   distribution margin.  The ASI Defendants are informed and believe and thereon

21   allege that in response, Bill Chen agreed to assist Harold Park in trying to convince

22   Christine Liang to lower ASI's distribution margin for what Christine Liang

23   believed were legitimate transactions, but that in exchange Bill Chen demanded he

24   secretly be paid some of ASI's distribution margin personally.  The ASI

25   Defendants allege that sometime after 2008 Bill Chen approached Christine Liang

26   to inform her Moneual needed to lower ASI's distribution margin on the Moneual

27   products sold by ASI.  The ASI Defendants allege Bill Chen did not inform

28   Christine Liang about Bill Chen or anyone else receiving money.  The ASI

-48-

1   Defendants allege Bill Chen did not inform Christine Liang that Moneual's
2   transactions were not genuine.  The ASI Defendants allege that based on the
3   representations of Bill Chen, Christine Liang did not object.  The ASI Defendants
4   are informed and believe and thereon allege that had Bill Chen and/or Harold Park
5   informed Christine Liang that transactions with Moneual were not genuine
6   Christine Liang would have immediately discontinued ASI's business with
7   Moneual, terminated Bill Chen, and cancelled the consulting agreement between
8   ASI and Webtouch, Inc.  The ASI Defendants lack knowledge or information
9   sufficient to form a belief as to the truth or falsity of the remaining allegations in
10  paragraph 100 of the Second Amended Complaint and therefore deny them.

11      101.   The ASI Defendants deny that the ASI Defendants accepted
12  kickbacks for any reason.  The ASI Defendants are informed and believe and
13  thereon allege that The ASI Defendants are informed and believe and there on
14  allege that during his deposition on February 28, 2018, when Harold Park was
15  confronted with a copy of the transcript from his November 2013 interrogation by
16  the Korea Custom Service wherein he implicated Christine Liang and Henry Chen
17  based on alleged kickbacks to such individuals in exchange for assistance in
18  "conniving" the transactions, Harold Park repudiated his statements and noted that
19  he did not believe the interrogation was accurate.  The ASI Defendants are
20  informed and believe and thereon allege that at his deposition on February 28,
21  2018, Harold Park testified that he was interrogated by the Seoul Central District
22  Prosecutor for several weeks and that he had signed and acknowledged statements
23  put in front of him by the Prosecutor because he was told that if he did not, his life
24  would be made "miserable."  The ASI Defendants deny knowledge or information
25  sufficient to form a belief as to the truth or falsity of the remaining allegations in
26  paragraph 101 of the Second Amended Complaint and therefore deny them.

27      102.   The ASI Defendants deny knowledge or information sufficient to
28  form a belief as to the truth or falsity of the allegations in paragraph 102 of the

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          CASE NO: 2:16-CV-02056

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    Second Amended Complaint and therefore deny them.

2         103.  The ASI Defendants deny having received cash payments from

3    Moneual for any reasons.  The ASI Defendants deny knowledge or information

4    sufficient to form a belief as to the truth or falsity of the remaining allegations in

5    paragraph 103 of the Second Amended Complaint and therefore deny them.

6         104.  The ASI Defendants deny that any of the ASI Defendants received

7    kickbacks for any reason.  The ASI Defendants admit that Henry Chen is listed as

8    the 50% shareholder in the incorporation papers of a corporation called THC Ltd.

9    The ASI Defendants deny that THC Ltd. was a paper company established by

10   Henry Chen to receive kickbacks from Moneual for their assistance in the

11   fraudulent scheme.  The ASI Defendants admit that bank records show that wire

12   payments were made to the account of Berwick Resources Ltd., a company owned

13   by the sister of Christine Liang, from 2012 to 2014.  The ASI Defendants deny

14   Christine Liang received kickbacks for any reason.  The ASI Defendants deny

15   knowledge or information sufficient to form a belief as to the truth or falsity of the

16   remaining allegations in paragraph 104 of the Second Amended Complaint and

17   therefore deny them.

18        105.  The ASI Defendants deny the ASI Defendants engaged in fraudulent

19   transactions with Moneual.  The ASI Defendants admit that on or about November

20   2009 Henry Chen met with Harold Park and others in California, that Christine

21   Liang exchanged greetings with Harold Park when he visited ASI in Fremont,

22   California in May 2012, that Christine Liang met with Harold Park in Taipei,

23   Taiwan in June 2012, and that Henry Chen met with Harold Park in January 2013.

24   The ASI Defendants are informed and believe and thereon allege that Moneual's

25   export factoring line of credit with KEXIM was not opened until approximately a

26   year after the latest of such meetings and that Moneual did not even request such

27   line of credit until sometime after October 1, 2013.  The ASI Defendants deny

28   knowledge or information sufficient to form a belief as to the truth or falsity of the

1   remaining allegations in paragraph 105 of the Second Amended Complaint and

2   therefore deny them.

3       106.   The ASI Defendants deny the ASI Defendants ever discussed,

4   negotiated, or knew of circular transactions of Moneual or fraudulent transactions

5   designed to defraud banks.  The ASI Defendants deny the ASI Defendants ever

6   received kickbacks from Moneual, Harold Park or anyone else.  The ASI

7   Defendants deny knowledge or information sufficient to form a belief as to the

8   truth or falsity of the remaining allegations in paragraph 106 of the Second

9   Amended Complaint and therefore deny them.

10      107.   The ASI Defendants deny the ASI Defendants participated in,

11  condoned, or knew of any fraudulent scheme, fraudulent transactions or money

12  laundering of Moneual at any time.  The ASI Defendants deny knowledge or

13  information sufficient to form a belief as to the truth or falsity of the remaining

14  allegations in paragraph 107 of the Second Amended Complaint and therefore

15  deny them.

16      108.   The ASI Defendants admit that Harold Park and his accomplices were

17  convicted of defrauding at least 10 banks of several billion dollars from 2007 to

18  2014.  The ASI Defendants admit that Harold Park was also convicted in the same

19  trial of bribing two executives of KEXIM's SME, including SME Chief Woo Taek

20  Seo, of bribing four executives of KSURE including KSURE's President, of

21  bribing an auditor of Korea's National Tax Service, and of bribing an executive of

22  KT Networks, among other crimes.  The ASI Defendants are informed and believe

23  and thereon allege the criminal judgment against Harold Park did not state ASI,

24  Christine Liang or Henry Chen knew of Moneual's fraudulent scheme or agreed to

25  participate.  The ASI Defendants admit that on appeal, Harold Park's sentence was

26  reduced from 23 years to 15 years.  The ASI Defendants deny the ASI Defendants

27  participated in, condoned, or knew of any fraudulent scheme, fraudulent

28  transactions or money laundering of Moneual at any time.  The ASI Defendants

*Gordon Rees Scully Mansukhani, LLP*
*2211 Michelson Drive Suite 400*
*Irvine, CA 92612*

-51-

deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 107 of the Second Amended Complaint and therefore deny them.

109.   The ASI Defendants admit the allegations in paragraph 109 of KEXIM's Second Amended Complaint.

110.   The ASI Defendants re-allege the admissions, denials and allegations in paragraphs 1 to 109 of this Answer, and incorporate such admissions and denials herein as if fully set forth.

111.   The ASI Defendants deny making any material misrepresentation, concealing any material information or failing to disclose any material information. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 111 of the Second Amended Complaint and therefore deny them.

112.   The ASI Defendants deny making any material misrepresentation, concealing any material information or failing to disclose any material information. The ASI Defendants deny that ASI or its predecessor ever received a notification informing ASI or its predecessor to make payment to KEXIM for any reason. The ASI Defendants deny any relationship was ever formed between ASI and KEXIM. The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 112 of the Second Amended Complaint and therefore deny them.

113.   The ASI Defendants deny making any material misrepresentation, concealing any material information or failing to disclose any material information.

    a.   The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 113.a. of the Second Amended Complaint and therefore deny them.

    b.   The ASI Defendants deny the allegations in paragraph

-52-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

113.b. of the Second Amended Complaint.  The ASI
Defendants are informed and believe and allege thereon
Charlie Shin admitted at his deposition that he created the
purported OEM Supply Agreement.  The ASI Defendants
are informed and believe and allege thereon the
purported signature of Frances Chou on the purported
OEM Supply Agreement does not resemble the purported
signature on the purchase orders submitted by Moneual,
and that a reasonable factoring bank in the position of
KEXIM would have immediately noticed this fact and
refused to purchase the first set of purchase documents.

c.   The ASI Defendants deny knowledge or information
sufficient to form a belief as to the truth or falsity of the
allegations in paragraph 113.c. that the HTPCs were
priced at an amount nearly 400 times their actual market
value, and therefore deny such allegations.  The ASI
Defendants deny the remaining allegations in paragraph
113.c. of the SAC.

d.   The ASI Defendants deny knowledge or information
sufficient to form a belief as to the truth or falsity of the
remaining allegations in paragraph 113.d. of the Second
Amended Complaint and therefore deny them.

e.   The ASI Defendants admit that on November 19 and 22,
2013, Bill Chen sent ASI's 2010-2012 balance sheets
income statements, and auditor's cover letter and opinion
to KEXIM.  The ASI Defendants deny the remaining
allegations in paragraph 113.e.  The ASI Defendants are

-53-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1     informed and believe and allege thereon that KEXIM has

2     already admitted that prior to May 2014, ASI's credit as

3     an importer and buyer did not qualify for export factoring

4     loans to domestic exporters such as Moneual.  The ASI

5     Defendants are informed and believe and allege thereon

6     that if ASI's credit did not qualify for the export

7     factoring loans prior to May 2014, KEXIM could not

8     have reasonably relied upon ASI's financial statements

9     for 2010 to 2012.

10    f.    The ASI Defendants admit that Moneual furnished

11      KEXIM with some type of certification from KSURE

12      pertaining to Moneual's business history.  The ASI

13      Defendants are informed and believe and thereon allege

14      Moneual obtained the KSURE certificate by bribing at

15      least four executives of KSURE, including KSURE's

16      President.  The ASI Defendants are informed and believe

17      and thereon allege the executives of KSURE were

18      convicted of accepting the bribes. The ASI Defendants

19      deny knowledge or information sufficient to form a belief

20      as to the truth or falsity of the remaining allegations in

21      paragraph 113.f. of the Second Amended Complaint and

22      therefore deny them.

23    g.    The ASI Defendants admit that purchase order numbers

24      were issued by ASI at the request of Frances Chou and

25      that such purchase order numbers correspond to the

26      second and third sets of purchase documents Moneual

27      presented to KEXIM for purchase.  The ASI Defendants

28      deny that ASI itself received any goods deriving from the

-54-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1    first set of purchase order numbers.  The ASI Defendants

2    deny that ASI could have or should have known any

3    HTPCs were overpriced.  The ASI Defendants deny

4    knowledge or information sufficient to form a belief as to

5    the truth or falsity of the remaining allegations in

6    paragraph 113.g. of the Second Amended Complaint and

7    therefore deny them.

8    h.    The ASI Defendants admit that on or about June 16,

9    2014, $11,919,960 was sent by wire transfer from ASI

10   Computer Technologies (HK) Ltd. to Plaintiff.  The ASI

11   Defendants are informed and believe and thereon allege

12   the $11,919,960 was wired because the third party which

13   placed the order of Moneual products with ASI has

14   received the products and had paid.  The transaction was

15   pursuant to the Distribution Agreement between ASI and

16   Moneual entered January 1, 2007.   The ASI Defendants

17   deny knowledge or information sufficient to form a belief

18   as to whether the customers which ordered from ASI ever

19   received the goods.  ASI denies the remaining allegations

20   in paragraph 113.h. of the SAC.

21   i.    The ASI Defendants admit Bill Chen was an officer of

22   ASI.  The ASI Defendants deny knowledge or

23   information sufficient to form a belief as to the truth or

24   falsity of the remaining allegations in paragraph 113.i. of

25   the Second Amended Complaint and therefore deny

26   them.

27   j.    The ASI Defendants admit Bill Chen was an officer of

28   ASI.  The ASI Defendants deny knowledge or

-55-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 113.j. of the Second Amended Complaint and therefore deny them.

k.   The ASI Defendants are informed and believe and thereon allege KEXIM could not have relied upon the allegations in paragraph 113.k. of the SAC since all four sets of receivables had already been purchased by KEXIM.  The ASI Defendants deny the remaining allegations in paragraph 113.k. of the Second Amended Complaint.

114.   The ASI Defendants deny that the ASI Defendants made any misrepresentations.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 114 of the Second Amended Complaint and therefore deny them.

115.   The ASI Defendants deny the allegations in paragraph 115 of the SAC.

a.   The ASI Defendants deny the allegations in paragraph 115 of the Second Amended Complaint.

b.   The ASI Defendants admit Bill Chen was previously ASI's Vice President, Finance.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 115.b. and therefore deny such allegations.

c.   The ASI Defendants admit Henry Chen is the Vice President, Business Development of ASI.  The ASI Defendants deny the remaining allegations in paragraph 115.c. of the SAC.

-56-

d.      The ASI Defendants deny that Frances Chou was an employee, director or agent of ASI.  The ASI Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 115.d. of the Second Amended Complaint and therefore deny them.

116.    The ASI Defendants deny the allegations in paragraph 116 of the SAC.  The ASI Defendants are informed and believe and allege thereon KEXIM would have entered into the EFAs with Moneual regardless of representations or non-disclosures by ASI because Woo Taek Seo, the Chief of the SME at the time, had been bribed by Moneual in 2012, 2013 and 2014 for his assistance to secure loans from KEXIM.  The ASI Defendants are informed and believe and allege thereon that Woo Taek Seo received bribes in October 2013 and December 2013 during the same time period KEXIM's SME was performing due diligence on Moneual for purposes of the export factoring loans at issue, that Seo was convicted of accepting such bribes, and Harold Park was convicted of paying such bribes. The ASI Defendants are informed and believe and allege thereon that the FSS conducted a sector specific examination of KEXIM on its loans to Moneual, including the export factoring loans at issue, and determined that KEXIM was lax in its due diligence of Moneual and its importers, that KEXIM approved of the second, third and fourth sets of receivables presented by Moneual even though such receivables presented a probability of falsification, and that KEXIM failed to recognize the purported OEM Supply Agreement contained clauses giving ASI the right to return products for credit.  The ASI Defendants are informed and believe and allege thereon that the Minister of Strategy and Finance requested KEXIM discipline its employees who worked on the export factoring loans at issue because of the misconduct by such employees and the violation of Korean banking laws. The ASI Defendants are informed and believe and allege thereon that KEXIM

-57-

**DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**          **CASE NO: 2:16-CV-02056**

Gordon Rees Scully Mansukhani, LLP
2211 Micheson Drive Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   disciplined dozens of employees for their role in issuing credit to Moneual,

2   including terminating Woo Taek Seo and Chang Jong Lee for accepting bribes

3   from Moneual.

4       117.   The ASI Defendants deny the allegations in paragraph 117 of the

5   SAC.  The ASI Defendants are informed and believe and allege thereon that the

6   Strategy and Finance Committee of the National Assembly of the Republic of

7   Korea, the FSS, the Financial Supervisory Commission, the Ministry of Strategy

8   and Finance and the Korea Customs Service have all determined that KEXIM's

9   investigation into Moneual and its due diligence was unreasonable, improper and

10  violated Korean law.  The ASI Defendants are informed and believe and allege

11  thereon that many of these agencies determined that the Moneual incident was

12  *caused* by the "moral hazard" and "moral complacency" of KEXIM itself.

13      118.   The ASI Defendants deny the allegations in paragraph 118 of the

14  SAC.

15      119.   The ASI Defendants deny the allegations in paragraph 119 of the

16  SAC.

17          a.   The ASI Defendants deny the allegations in paragraph

18               119.a. of the Second Amended Complaint.

19          b.   The ASI Defendants deny the allegations in paragraph

20               119.b. of the Second Amended Complaint allegations.

21          c.   The ASI Defendants deny the allegations in paragraph

22               119.c. of the Second Amended Complaint allegations.

23          d.   The ASI Defendants deny the allegations in paragraph

24               119.d. of the Second Amended Complaint.

25          e.   The ASI Defendants deny the allegations in paragraph

26               119.e. of the Second Amended Complaint allegations.

27          f.   The ASI Defendants deny the allegations in paragraph

28               119.f. of the Second Amended Complaint.

120.   The ASI Defendants deny the allegations in paragraph 120 of the Second Amended Complaint.

      a.   The ASI Defendants deny the allegations in paragraph 120.a. of the Second Amended Complaint.

      b.   The ASI Defendants deny the allegations in paragraph 120.b. of the Second Amended Complaint allegations.

      c.   The ASI Defendants deny the allegations in paragraph 120.c. of the Second Amended Complaint allegations.

      d.   The ASI Defendants deny the allegations in paragraph 120.d. of the Second Amended Complaint.

      e.   The ASI Defendants deny the allegations in paragraph 120.e. of the Second Amended Complaint allegations.

      f.   The ASI Defendants deny the allegations in paragraph 119.f. of the Second Amended Complaint.

121.   The ASI Defendants deny the allegations in paragraph 121 of the Second Amended Complaint.

122.   The ASI Defendants deny the allegations in paragraph 122 of the Second Amended Complaint.

123.   The ASI Defendants deny the allegations in paragraph 123 of the Second Amended Complaint.

124.   The ASI Defendants deny the allegations in paragraph 124 of the Second Amended Complaint.

125.   The ASI Defendants deny the allegations in paragraph 125 of the Second Amended Complaint.

126.   The ASI Defendants re-allege the admissions, denials and allegations in paragraphs 1 to 125 of this Answer, and incorporate such admissions and denials herein as if fully set forth.

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

127. The ASI Defendants deny the allegations in paragraph 127 of the Second Amended Complaint

128. The ASI Defendants deny the allegations in paragraph 128 of the Second Amended Complaint.

129. The ASI Defendants re-allege the admissions, denials and allegations in paragraphs 1 to 128 of this Answer, and incorporate such admissions and denials herein as if fully set forth.

130. The ASI Defendants deny the allegations in paragraph 130 of the Second Amended Complaint.

131. The ASI Defendants deny the allegations in paragraph 131 of the Second Amended Complaint, including those allegations in sub-paragraphs 131.a., 131.b., 131.c., 131.d., 131.e. and 131.f.

132. The ASI Defendants deny the allegations in paragraph 132 of the Second Amended Complaint.

133. The ASI Defendants deny that KEXIM is entitled to any relief from this Court.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State Facts Sufficient)

134. As a separate and distinct affirmative defense, the ASI Defendants allege that the Second Amended Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Superseding / Intervening Cause)

135. As a separate and distinct affirmative defense, the ASI Defendants allege that the injuries and damages of which Plaintiff complains, if such injuries and damages occurred, were proximately caused by or contributed to by the acts of

-60-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

other persons and/or entities, and that such acts were an intervening, superseding, and primary cause of such injuries and damage, if any, such that any alleged breach of duty, negligent act, omission or any other conduct of the ASI Defendants or their agents, representatives, employees or any other person acting or purporting to act on the ASI Defendants' behalf, alleged in the Second Amended Complaint was not a proximate cause of Plaintiff's alleged damages.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

136.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's claims are barred by the doctrine of unclean hands based on the misconduct of Plaintiff and Plaintiff's agents.  The ASI Defendants are informed and believe and based thereon allege that Woo Taek Seo, the former Chief of the SME, and Chang Jong Lee, a former team leader in the SME received bribes from Moneual for their assistance in Moneual securing the loans at issue, that four executives of KSURE including its president and others, accepted bribes from Harold Park to issue the business certification which Moneual used to secure the export factoring loans at issue, that all of these individuals were convicted of accepting the bribes, and that Harold Park was convicted of paying the bribes.  The ASI Defendants are informed and believe and based thereon allege that KEXIM withheld information from its own National Assembly by omitting information about Moneual from task reports submitted by KEXIM in preparation of business reports and audits to the National Assembly.  The ASI Defendants are informed and believe and based thereon allege that on June 5, 2015, KEXIM's South Korean counsel B.C. Yoon of Kim & Chang, sent a letter to ASI accusing ASI of being part of Moneual's fraud and demanding that ASI preserve all electronically stored information relating to Moneual, Frances Chou, Bill Chen under Rule 34 of the Federal Rules of Civil Procedure, but that KEXIM did not make any attempt itself to preserve ESI until *after* the case was filed, knowing that multiple employees had

-61-

1  been recommended for discipline by the FSS for their work on the loans to

2  Moneual, that KEXIM had a policy of deleting the hard drives of employees who

3  were terminated or quit, and that the Moneual incident was one of the largest

4  scandals ever to engulf KEXIM.  The ASI Defendants are informed and believe

5  and thereon allege that KEXIM has engaged in a systematic effort to hide and

6  conceal relevant information from ASI in this litigation which has included: (1)

7  claiming to not be able to locate the criminal judgments against Woo Taek Seo or

8  Chang Jong Lee until counsel for the ASI Defendants pointed out that such

9  judgments were quoted in the disciplinary report which precipitated the

10  terminations of Seo and Lee; (2) claiming in response to Requests for Production

11  of Document to not be able to locate the audit report of KEXIM's own Internal

12  Inspector when, thereafter, a 30(b)(6) witness testified he believed such a report

13  existed and had been turned over to ASI; (3) waiting until after March 2017, when

14  KEXIM knew its President would step down, to start searching for ESI knowing

15  the President's hard drive would be deleted and that immediately prior to his arrest

16  Woo Taek Seo was the Secretary for the President; (4) claiming to be unable to

17  locate any reports from the Korean Board of Audit and Inspection which reference

18  Moneual when, in fact, such reports were discussed by President Lee in his

19  testimony to the National Assembly; and (5) failing to produce the minutes from

20  any meeting of KEXIM's Board of Directors or Operations Committee regarding

21  Moneual or a privilege log, even though Moneual was KEXIM's largest non-

22  performing asset from 2014 through 2017, the most visible scandal in which

23  KEXIM has been involved, and the plain fact that it is not conceivable that

24  KEXIM's Board of Directors and Operations Committee have not discussed

25  Moneual at meetings from October 2014 to the present.

26  ///

27  ///

28  ///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          CASE NO: 2:16-CV-02056

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

137.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff is guilty of undue delay in filing and prosecuting this lawsuit because Plaintiff sat upon Plaintiff's rights, if any, to the detriment of the ASI Defendants and that, accordingly, the causes of action alleged are barred by the equitable doctrine of laches.  The ASI Defendants are informed and believe and thereon alleged that Moneual, Inc. is in bankruptcy in the Republic of Korea and that Plaintiff has filed a creditor's claim against the Moneual, Inc. bankruptcy estate which claim includes the same alleged unpaid advances on receivables which comprise KEXIM's claims against the ASI Defendants.  The ASI Defendants are informed and believe and thereon alleged that Plaintiff purposefully waited until after the claims period in the Moneual, Inc. bankruptcy closed to file this action against the ASI Defendants so that the ASI Defendants could not file cross claims for indemnification and contribution against Moneual, Inc. and that the ASI Defendants would be prejudiced to greatest possible extent.

## FIFTH AFFIRMATIVE DEFENSE

### (In Pari Delicto)

138.   As a separate and distinct affirmative defense, the ASI Defendants allege that the claims alleged are barred because Plaintiff has engaged in acts and courses of conduct which render Plaintiff *in pari delicto*.  The ASI Defendants are informed and believe and based thereon allege that Woo Taek Seo, the former Chief of the SME, and Chang Jong Lee, a former team leader in the SME received bribes from Moneual for their assistance in Moneual securing the loans at issue, that four executives of KSURE including its president and others, accepted bribes from Harold Park to issue the business certification which Moneual used to secure the export factoring loans at issue, that all of these individuals were convicted of accepting the bribes, and that Harold Park was convicted of paying the bribes.  The

-63-

ASI Defendants are informed and believe and based thereon allege that KEXIM withheld information from its own National Assembly by omitting information about Moneual from task reports submitted by KEXIM in preparation of business reports and audits to the National Assembly.  The ASI Defendants are informed and believe and based thereon allege that on June 5, 2015, KEXIM's South Korean counsel B.C. Yoon of Kim & Chang, sent a letter to ASI accusing ASI of being part of Moneual's fraud and demanding that ASI preserve all electronically stored information relating to Moneual, Frances Chou, Bill Chen under Rule 34 of the Federal Rules of Civil Procedure, but that KEXIM did not make any attempt itself to preserve ESI until *after* the case was filed, knowing that multiple employees had been recommended for discipline by the FSS for their work on the loans to Moneual, that KEXIM had a policy of deleting the hard drives of employees who were terminated or quit, and that the Moneual incident was one of the largest scandals ever to engulf KEXIM.  The ASI Defendants are informed and believe and thereon allege that KEXIM has engaged in a systematic effort to hide and conceal relevant information from ASI in this litigation which has included: (1) claiming to not be able to locate the criminal judgments against Woo Taek Seo or Chang Jong Lee until counsel for the ASI Defendants pointed out that such judgments were quoted in the disciplinary report which precipitated the terminations of Seo and Lee; (2) claiming in response to Requests for Production of Document to not be able to locate the audit report of KEXIM's own Internal Inspector when, thereafter, a 30(b)(6) witness testified he believed such a report existed and had been turned over to ASI; (3) waiting until after March 2017, when KEXIM knew its President would step down, to start searching for ESI knowing the President's hard drive would be deleted and that immediately prior to his arrest Woo Taek Seo was the Secretary for the President; (4) claiming to be unable to locate any reports from the Korean Board of Audit and Inspection which reference Moneual when, in fact, such reports were discussed by President Lee in his

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-64-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   testimony to the National Assembly; and (5) failing to produce the minutes from
2   any meeting of KEXIM's Board of Directors or Operations Committee regarding
3   Moneual or a privilege log, even though Moneual was KEXIM's largest non-
4   performing asset from 2014 through 2017, the most visible scandal in which
5   KEXIM has been involved, and the plain fact that it is not conceivable that
6   KEXIM's Board of Directors and Operations Committee have not discussed
7   Moneual at meetings from October 2014 to the present.

8                          **SIXTH AFFIRMATIVE DEFENSE**

9                            (Conditions Precedent)

10        139.   As a separate and distinct affirmative defense, the ASI Defendants
11   allege that performance by the ASI Defendants of any act was contingent upon
12   actions which were supposed to be undertaken by Plaintiff, Plaintiff's predecessor
13   in interest, Plaintiff's assignor, or other parties with whom Plaintiff was in privity
14   of contract, that such performance was a condition precedent to any alleged
15   obligation by the ASI Defendants, and that the failure of Plaintiff or others to
16   complete or satisfy such conditions precedent discharges any obligation,
17   performance or alleged breach by the ASI Defendants.

18                         **SEVENTH AFFIRMATIVE DEFENSE**

19                            (Excuse of Performance)

20        140.   As a separate and distinct affirmative defense, the ASI Defendants
21   allege that Plaintiff is barred from recovery because Plaintiff, Plaintiff's
22   predecessor in interest, Plaintiff's assignor, or other parties with whom Plaintiff
23   was in privity of contract failed to perform their obligations, duties, and
24   responsibilities and that such failure excuses any performance or alleged failure of
25   performance on the part of the ASI Defendants.

26   ///

27   ///

28   ///

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          CASE NO: 2:16-CV-02056

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

## EIGHTH AFFIRMATIVE DEFENSE

### (Violation of Law)

141.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff is barred from any relief based on Plaintiff's violations of U.S. federal law, California state law and the banking laws of the Republic of Korea as identified in the Examination Report of the FSS and the Memorandum from the Minister of Strategy and Finance to KEXIM requesting that KEXIM institute disciplinary measures against those involved in issuing loans to Moneual, including those involved in the export factoring loans at issue.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

142.   As a separate and distinct affirmative defense, the ASI Defendants allege that any claim for damages occasioned by any alleged act, omission, or breach on the part of the ASI Defendants is barred by Plaintiff's implicit and explicit consent to such alleged act, omission, or breach.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

143.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff has failed to join and serve all indispensable parties necessary to the full and complete adjudication of the claims and defenses of the parties to this action, including Moneual, Hong-seok (Harold) Park, Chol Wook (Charlie) Shin and KSURE.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Apportionment)

144.   As a separate and distinct affirmative defense, the ASI Defendants allege that to the extent Plaintiff sustained any of the damages alleged in the Second Amended Complaint, said damages were proximately caused, in whole or in part, by the negligence, carelessness, fault, acts, omissions, wrongful conduct,

-66-

and/ or misconduct of other persons and/or entities over whom the ASI Defendants had, at no relevant time, any control.  Therefore, if the ASI Defendants are ultimately held liable for any of such damages, the amount of the ASI Defendants' liability should be proportionately reduced, in light of said other persons' comparative fault.

## TWELFTH AFFIRMATIVE DEFENSE

### (Comparative Fault / Contributory Negligence)

145.   As a separate and distinct affirmative defense, Defendant the ASI Defendants allege that to the extent Plaintiff sustained any of the damages alleged in the Second Amended Complaint, said damages were proximately caused, in whole or in part, by the negligence, carelessness, fault, acts, omissions, wrongful conduct, and/or misconduct of Plaintiff and Plaintiff's agents.  Therefore, if the ASI Defendants is ultimately held liable for any of such damages, the amount of the ASI Defendants' liability should be proportionately reduced in light of the comparative fault of Plaintiff and Plaintiff's agents.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnification / Contribution)

146.   As a separate and distinct affirmative defense, the ASI Defendants allege that if Plaintiff suffered or sustained any loss, damages, or injury as alleged in the Second Amended Complaint, the loss, damages, or injury was proximately caused or contributed to by the actions of Plaintiff or concurrent tortfeasors, persons, entities, named or un-named, and that the actions or omissions, if any, of these answering ASI Defendants are imputed to or should be indemnified by said named or unnamed tortfeasors.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Adverse Interest Exception)

147.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's Second Amended Complaint and all causes of action alleged

-67-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

by Plaintiff are barred by the adverse interest exception to the doctrines of imputation, vicarious liability and respondent superior.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

148.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's Second Amended Complaint and all causes of action alleged by Plaintiff are barred based on the business judgment rule.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Abstention)

149.   As a separate and distinct affirmative defense, the ASI Defendants allege that the Court should decline to exercise jurisdiction in this matter under the doctrine of abstention given the fact that Plaintiff has filed a claim against Moneual, Inc. which is bankruptcy in the Republic of Korea for the same amounts and damages Plaintiff seeks in this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (International Abstention Doctrine)

150.   As a separate and distinct affirmative defense, the ASI Defendants allege Plaintiff's Second Amended Complaint should be dismissed or the action stayed under the international abstention doctrine since parallel proceedings are pending in a court in the Republic of Korea regarding the claims of Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

151.   As a separate and distinct affirmative defense, the ASI Defendants allege Plaintiff lacks standing to prosecute the Second Amended Complaint, and is not a real party in interest.

///

///

///

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    CASE NO: 2:16-CV-02056

**NINETEENTH AFFIRMATIVE DEFENSE**

(Ripeness)

152.    As a separate and distinct affirmative defense, the ASI Defendants allege Plaintiff's claims, if any, are not ripe for adjudication and Plaintiff's Second Amended Complaint should be dismissed or the action stayed until final adjudication of Plaintiff's claims in the bankruptcy of Moneual, Inc. pending in the Republic of Korea.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Superior Equities)

153.    As a separate and distinct affirmative defense, the ASI Defendants allege Plaintiff's claims, if any, are barred by the doctrine of superior equities.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

154.    As a separate and distinct affirmative defense, the ASI Defendants allege Plaintiff failed to take reasonable steps to minimize, mitigate or prevent the damages Plaintiff claims to have suffered and any damages award to Plaintiff must thereby be equitably reduced.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

155.    As a separate and distinct affirmative defense, the ASI Defendants allege Plaintiff's causes of action are barred by the applicable statutes of limitation including but not limited to California Code of Civil Procedure sections 335.1, 337, 337a, 338, 339, and 343.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Estoppel)

156.    As a separate and distinct affirmative defense, the ASI Defendants allege that the injuries and damages of which Plaintiff complains, and each and every cause of action contained in the Second Amended Complaint, are barred by

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

reason of acts, omissions, representations and courses of conduct by Plaintiff which the ASI Defendants were led to rely upon to its their detriment, thereby barring any causes of action asserted by Plaintiff under the doctrine of estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Rescission)

157.   As a separate and distinct affirmative defense, the ASI Defendants allege that the alleged contract upon which Plaintiff bases Plaintiff's claims of damages, the Supply Agreement, must be rescinded because the document was fabricated, the alleged signature of Frances Chou was forged and Frances Chou did not have actual or apparent authority to enter into the Supply Agreement on behalf of the ASI Defendants.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Equal Dignities Rule)

158.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff is barred from recovery based on the equal dignities rule.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

159.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's causes of action are barred based upon a failure of consideration.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Void)

160.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff is barred from recovery based on the fact that the alleged contract sued upon is void since the alleged Supply Agreement was fabricated, the signature of Frances Chou was forged and Frances Chou did not have actual or apparent authority to enter into contracts on behalf of the ASI Defendants.

///

-70-

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

161.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff is barred from recovery based on waiver.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Assumption of the Risk)

162.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's Second Amended Complaint and all causes of action asserted therein are barred by the doctrine of assumption of the risk.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Fraud)

163.   As a separate and distinct affirmative defense, the ASI Defendants allege that Plaintiff's claims are barred because such claims are the product of fraud by former agent(s) of the ASI Defendants against the ASI Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Ratification)

164.   As a separate and distinct affirmative defense (without admitting it need be asserted as an affirmative defense) the ASI Defendants allege that Plaintiff's claims are barred by the fact that Plaintiff's employees and authorized agents engaged in inequitable, unfair, unconscionable, fraudulent, and illegal conduct with regard to the subject of Plaintiff's action and Plaintiff ratified such conduct by virtue of suing to collect the profits KEXIM would have earned had the illegal export factoring loans been repaid and Moneual's scheme continued unabated.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Further Affirmative Defenses)

165.   As a separate and distinct affirmative defense, the ASI Defendants allege that the ASI Defendants do not presently know all facts concerning the

-71-

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1   conduct of Plaintiff or Plaintiff's claims sufficient to state all affirmative defenses

2   at this time.  The ASI Defendants will seek leave of this Court to amend this

3   Answer should the ASI Defendants later discover facts demonstrating the existence

4   of additional affirmative defenses.

5

6

7   Dated:  March 5, 2018                    GORDON REES SCULLY
                                             MANSUKHANI, LLP
8

9                                            By: _____

10                                              Christopher B. Queally
                                                Philip H. Lo
11                                              Attorneys for Defendants
                                                ASI COMPUTER
12                                              TECHNOLOGIES, INC.,
                                                CHRISTINE LIANG and HENRY
13                                              CHEN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1144768/37066821v.1

-72-

**DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., CHRISTINE LIANG AND HENRY CHEN'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          CASE NO: 2:16-CV-02056**