UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-2056-MWF (JPRx)          **Date:** November 29, 2018
**Title:**    The Export-Import Bank of Korea v. ASI Corporation, et al.

**\Present:**    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER RE: PLAINTIFF THE EXPORT-IMPORT BANK OF KOREA'S MOTION FOR SANCTIONS AGAINST DEFENDANT ASI COMPUTER TECHNOLOGIES, INC. FOR FAILURE TO COMPLY WITH THE COURT'S AUGUST 3, 2018 DISCOVERY ORDER [494]

      Before the Court is Plaintiff the Export-Import Bank of Korea's ("KEXIM") Motion for Sanctions against Defendant ASI Computer Technologies, Inc. ("ASI") for Failure to Comply with the Court's August 3, 2018 Discovery Order (the "Motion"), filed on October 29, 2018. (Docket No. 494). The parties also submitted a Joint Stipulation on the Motion (the "Joint Stipulation"). (Docket No. 494-1). The hearing on the Motion, originally scheduled for November 19, 2018, was vacated and the Court instead held a telephonic status conference on November 7, 2018. (Docket Nos. 502–503).

      For the reasons discussed below, the Motion is **DENIED**. To the extent Mr. Lo performed an individualized review of all log files as the Court ordered at the status conference, that review is sufficient to comply with the August 3 Order. To the extent he did not, it is insufficient. The Court declines to award either evidentiary or monetary sanctions.

      The Court's Order on August 3, 2018, granting in part and denying in part KEXIM's Motion for an Order to Compel ASI to Produce Instant Messages and Awarding Sanctions Against ASI for Failing to Disclose Information (the "August 3

---
**CIVIL MINUTES—GENERAL**                             1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 16-2056-MWF (JPRx)     Date: November 29, 2018
Title:     The Export-Import Bank of Korea v. ASI Corporation, et al.

Order"), contained a detailed explanation of the relevant facts. (*See generally* Docket No. 481). KEXIM makes two arguments as to why ASI failed to comply with the Court's August 3 Order: (1) ASI failed to search for any Yahoo or AOL instant messages, and (2) ASI improperly reviewed and did not produce all relevant Skype and MSN instant messages. (Joint Stip. at 21–22).

*Yahoo and AOL IM Communications*. KEXIM first argues that ASI "did not search for instant messages from Yahoo or AOL," which is in clear violation of the Court's August 3 Order compelling ASI to produce responsive instant message communications from "all platforms." (*Id.* at 22).

KEXIM relies upon Mr. Kam's declaration, executed on September 28, and sent to KEXIM on October 3. In that declaration, Mr. Kam states that he searched "ASI's network for computers which had been used by the [custodians] . . . and the hard drives on th[ose] computers for log files for both MSN and Skype." (Declaration of Allan Kam on September 28, 2018 ("Kam Decl. I") ¶ 4 (Docket No. 495-4)). Mr. Kam also states that he "did not search for log files of other instant messaging programs as the IT Department would not have typically allowed the installation of non-approved software . . . [and] only MSN and Skype were approved for instant messaging." (*Id.*). Mr. Kam states that he collected a total of 1,324 log files and forwarded them to Ms. Yuan, who then "conduct[ed] searches in the log files without need for user ids and passwords." (*Id.* ¶ 5). KEXIM argues that ASI has defied the Court's August 3 Order by failing to "retrieve instant messages from Yahoo and AOL." (Joint Stip. at 23).

But ASI submitted another declaration by Mr. Kam, executed on October 26, and filed in connection with the Motion. Mr. Kam states the following:

From 2007 to 2014, when there was a new hire at ASI, the IT staff would register an MSN (and later Skype) messenger account if the new hire requested one. (Declaration of Allan Kam on October 26, 2018 ("Kam Decl. II") ¶ 3 (Docket No. 495-6)). ASI did not register a Yahoo or AOL account for the new hire, and ASI's "domain security policy [did] not permit users to install other software by himself or herself." (*Id.*). New software installation also requires an administrator's code, which only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-2056-MWF (JPRx)          **Date:** **November 29, 2018**
**Title:**     The Export-Import Bank of Korea v. ASI Corporation, et al.

high-level IT staff possess. (*Id.*). During this period, no one on the IT staff installed "Yahoo, AOL[,] or any other IM software for any of the 21 [custodians]." (*Id.* ¶ 4). Because the 21 custodians were not allowed (or capable) of installing Yahoo or AOL, those IM software did not exist on their hard drives. (*Id.*). Thus, Mr. Kam did not search for IM communications from Yahoo or AOL "when [he] conducted [his] search for instant message log files on the hard drives of the 21 [custodians]." (*Id.* ¶ 5). Mr. Kam also noted that this is consistent with his previous declaration, where he stated that he "did not search for Yahoo[] and AOL log files." (*Id.* ¶ 6). The reason was because the hard drives did not have "Yahoo or AOL messaging installed on them, not because [he] did not want to look or did not have the ability." (*Id.*).

But KEXIM submitted several news articles from 2007 to indicate that the custodians did not need to download any software and could have accessed Yahoo and AOL instant messenger through their browsers:

- "[M]any users work from computers where they can't download software and so web[-]based instant messaging is the only way they can use the service [Yahoo] . . . This evening [on May 2, 2007] Yahoo will launch a dedicated site for Yahoo chat at webmessenger.yahoo.com."

- "AIM Express [AOL], a new service, allows users to send IMs to friends without downloading or running any software. AIM Express runs in any Web browser and is convenient for users who can't access AIM."

- "Chat with your friends [via AOL] right from the browser . . . no download required."

(Declaration of Russell J. Gould III on November 5, 2018, Ex. 30 (Docket No. 500-1)).

Mr. Kam, in response, states that the "instant messaging history for the AOL or Yahoo web version will not be located on the hard drives of the identified custodians . . . [and] would be stored in the cloud for AOL or Yahoo." (Declaration of Allan Kam on November 28, 2018 ("Kam Decl. III") ¶ 5 (Docket No. 514-1)). The Court is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 16-2056-MWF (JPRx)        Date: November 29, 2018
Title:      The Export-Import Bank of Korea v. ASI Corporation, et al.

therefore satisfied that ASI adequately performed a search for instant messages from Yahoo and AOL in compliance with the August 3 Order.

     *Improper Review and Incomplete Production*. KEXIM next argues that ASI separately failed to comply with the August 3 Order by "improperly reviewing and not producing instant messages from Skype and MSN." (Joint Stip. at 24).

     KEXIM points to two documents provided by ASI. First, there is the declaration of Ms. Yuan, who acknowledges that she "was advised that 1,324 log files were located . . . represent[ing] the totality of instant messaging log files on hard drives of the [custodians]." (Declaration of Crystal Yuan on September 28, 2018 ("Yuan Decl.") ¶ 4 (Docket No. 495-5)). Ms. Yuan states that she "personally conducted the search of all 1,324 log files to determine whether any of the log files were responsive to the search terms for electronically stored information ["ESI"]." (*Id.* ¶ 5). Ms. Yuan also states that her search "resulted in the location of one (1) log file, which [was] a Skype log between Yoyo Li and Frances Chou." (*Id.* ¶ 6). Ms. Yuan finally notes that other examples of log files included communications between Henry Chen and Huei Tzen, Shu Hsueh and Yoyo Li, Yoyo Li and Julai Hsu, and Teresa Lo and Huei Tzen. (*Id.* ¶ 7). Second, there is the letter that counsel for ASI mailed to KEXIM on October 8, 2018. (Gould Decl. I, Ex. 27). KEXIM argues that the letter confirmed Ms. Yuan's deficient review, since the letter noted that "only one log file met the ESI search criteria, meriting disclosure." (*Id.* at 2).

     Based upon these two documents, KEXIM argues that "ASI misconstrue[d] the August 3 Order and its discovery obligations." (Joint Stip. at 24). According to KEXIM, ASI should not use search terms the parties agreed to under the ESI Order to determine what documents to produce, since the parties only initially used search terms to cull ESI, such as emails, from a server. (*Id.*). Instead, ASI must "determine what to produce based on responsiveness to the opposing party's requests for production." (*Id.*). KEXIM argues that ASI's review is inadequate, particularly considering that ASI's custodians frequently communicated via instant messaging. (*Id.* at 25–26). KEXIM appears to believe its evidence shows that other relevant communication existed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-2056-MWF (JPRx)       **Date:** November 29, 2018
**Title:**     The Export-Import Bank of Korea v. ASI Corporation, et al.

      In response, ASI argues that KEXIM cannot now disavow the ESI Order, whose scope covers all discovery disputes, and the parties' agreed-to search terms when the results of the log files rendered just one relevant log file. (*Id.* at 38). ASI argues that KEXIM is assuming that "all communications between ASI's custodians are relevant communications," which is simply not the case. (*Id.* at 39). The parties have previously agreed to ESI search terms for the purposes of ensuring production of relevant communication and preventing production of communication that is not relevant to the action. ASI argues that Ms. Yuan has only produced one log file because only one log file was "responsive to the search terms for [ESI]," and therefore relevant to KEXIM's request. (*Id.* at 39).

      At the status conference, Philip Lo, counsel for ASI, informed the Court that it would take approximately four to five hours to complete an individualized review of the 1,324 log files. The Court then indicated that it expected all log files to be individually reviewed, rather than some rote application of search terms, to be compliant with the August 3 Order. The Court gave Mr. Lo until November 28, 2018, to perform the review.

      Mr. Lo's declaration states that he spent over 30 hours and "personally reviewed close to 85% of the log files." (Declaration of Philip Lo on November 28, 2018 ("Lo Decl.") ¶¶ 5, 9 (Docket No. 514)). Mr. Lo also states that the "review entailed reviewing every single message contained in the log files using the ESI search terms and determining whether any messages that satisfied the ESI search terms were responsive to the discovery requests." (*Id.* ¶ 5).

      What the Court ordered was a review of the log files independent of the search terms. The Court was told that would take a few hours. The Court does not expect Mr. Lo to perform the search himself. To the extent Mr. Lo (or someone else) performed an individualized review of all log files as the Court indicated and expected, the review is sufficient to comply with the August 3 Order. To the extent he did not, it is insufficient, and he or someone else must review the remaining log files forthwith.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-2056-MWF (JPRx)          **Date:** November 29, 2018
**Title:**      The Export-Import Bank of Korea v. ASI Corporation, et al.

     The Court may impose sanctions for failing to comply with a discovery order under either Federal Rule of Civil Procedure 37 or the Court's inherent power. *See* Fed. R. Civ. P. 37(b)(2)(A)-(C). Here, the Court declines to award either evidentiary or monetary sanctions.

     Accordingly, the Motion is **DENIED**.

     IT IS SO ORDERED.