1 THOMAS A. ZACCARO (SB# 183241)
thomaszaccaro@paulhastings.com
2 NICOLAS MORGAN (SB# 166441)
nicolasmorgan@paulhastings.com
3 Paul Hastings LLP
515 South Flower Street
4 Twenty-Fifth Floor
Los Angeles, California 90071-2228
5 Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705
6
CHRISTOPHER B. QUEALLY (SB# 229154)
7 cqueally@grsm.com
PHILIP H. LO (SB# 178538)
8 plo@grsm.com
GORDON REES SCULLY
9 MANSUKHANI, LLP
2211 Michelson Drive, Suite 400
10 Irvine, CA 92612
Telephone: (949) 255-6950
11 Facsimile: (949) 474-2060

12 Attorneys for Defendants
ASI COMPUTER TECHNOLOGIES, INC.
13 and CHRISTINE LIANG

14 UNITED STATES DISTRICT COURT

15 FOR THE CENTRAL DISTRICT OF CALIFORNIA

16 WESTERN DIVISION

| | |
|---|---|
| THE EXPORT-IMPORT BANK OF KOREA, an agency or instrumentality of the Republic of Korea,<br>　　　　　　　　Plaintiff,<br>vs.<br>ASI CORPORATION, a Delaware corporation; ASI COMPUTER TECHNOLOGIES, INC., a California corporation; BILL CHEN, an individual; HENRY CHEN a/k/a HUNG CHEN, an individual; FRANCES CHOU a/k/a MEI LING CHOU a/k/a FRANCES MEILING CHOU, an individual; CHRISTINE LIANG a/k/a CHRISTINE LI-YIN LIANG a/k/a LI YIN CHU, an individual,<br>　　　　　　　　Defendants. | CASE NO. 2:16-cv-02056-MWF-JPR<br>**ASI COMPUTER TECHNOLOGIES, INC. AND CHRISTINE LIANG'S OPPOSITION TO PLAINTIFF EXPORT-IMPORT BANK OF KOREA'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>[Declarations of Nicolas Morgan and Peter Brejcha; Proposed Order filed concurrently herewith]<br>Honorable Michael W. Fitzgerald |

- 1 -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

**TABLE OF CONTENTS**

**Page(s)**

I.     INTRODUCTION ....................................................................................... 3
II.    PROCEDURAL AND FACTUAL BACKGROUND .................................. 5
III.   APPLICABLE LEGAL STANDARDS ....................................................... 6
       A.   The Request for Immediate Relief Should be Denied Because KEXIM Will Not be Irreparably Prejudiced ............................................ 6
       B.   Paul Hastings Timely Set Up an Ethical Screen and Promptly Notified KEXIM ................................................................................ 9
IV.    CONCLUSION .......................................................................................... 10

- i -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

# TABLE OF AUTHORITIES

**Cases**

*Beckenstein Enterprises-Prestige Park, LLC v. Lichtenstein*,
    No. X06CV030183486S, 2004 WL 1966863 (Conn. Aug. 11, 2004) ................ 10

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
    883 F. Supp. 488 (C.D. Cal. 1995) ................................................................. 6, 8

*O'Shea v. Epson America, Inc.*,
    No. CV 09-8063 PSG, 2010 WL 2305863 (C.D. Cal. June 4, 2010) ................... 3

*Vaccine Ctr., LLC v. Glaxosmithkline LLC*,
    No. 2:12-cv-01849-JCM-NJK, 2013 U.S. Dist. LEXIS 60046 (D.
    Nev. Apr. 25, 2013) ............................................................................................ 10

**Other Authorities**

California Rule of Professional Conduct 1.18 ..................................................... *passim*

California Rule of Professional Conduct 1.18(d)(2) ................................................. 7

- ii -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

## I. INTRODUCTION

"*Ex parte* applications solely for extraordinary relief are rarely granted." (*See* Judge's Procedures (Fitzgerald, J.).) Nevertheless, Plaintiff, The Export-Import Bank of Korea ("KEXIM" or "Plaintiff"), has filed an *ex parte* application requesting immediate relief to disqualify Paul Hastings LLP ("Paul Hastings") from representing defendants ASI Computer Technologies, Inc. ("ASI") and Christine Liang (collectively "Defendants"). KEXIM's application implicates important interests of procedural and substantive fairness, and raises serious legal and evidentiary questions that must be thoroughly briefed to ensure that the Court has a complete record. While Defendants have agreed to an expedited briefing schedule, Plaintiff's request to disqualify Paul Hastings is not appropriate for *ex parte* adjudication.

KEXIM has not and cannot show why it would suffer irreparable prejudice if (1) Defendants are allowed two additional court days to file their opposition brief (on December 17, 2018 rather than December 13, 2018); and (2) Paul Hastings continues to represent Defendants until the Court resolves KEXIM's motion. First, KEXIM fails to identify any prejudice caused by affording Defendants two additional court days to file their opposition. Defendants filed the Notice of Association of Counsel for Paul Hastings on November 26, providing KEXIM with substantial time to prepare and file its motion. Defendants, on the other hand, will only have three days to gather information from key individuals in Asia to oppose KEXIM's motion if the *ex parte* relief is granted. The equities clearly favor allowing Defendants to file their opposition on December 17.

Second, and equally as important, Paul Hastings should not be precluded from representing ASI and Ms. Liang until the Court resolves KEXIM's motion. Disqualification is a drastic remedy that is strongly disfavored by the courts. *See O'Shea v. Epson America, Inc.*, No. CV 09-8063 PSG (CWx), 2010 WL 2305863,

- 3 -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

*2 (C.D. Cal. June 4, 2010) ("In fact, '[b]ecause a motion to disqualify is often tactically motivated and can be disruptive to the litigation process, disqualification is a drastic measure that is generally disfavored and should only be imposed when absolutely necessary.'") (brackets in original).  As Defendants intend to show in their opposition to the motion to disqualify, disqualification is not appropriate here because, among other things, Plaintiff has not and cannot show (i) that Paul Hastings received confidential information that is **material** to the litigation or (ii) that Paul Hastings did not timely implement an ethical screen.  Put simply, Plaintiff will not be able to meet its heavy burden for disqualification.

Further, ASI and Ms. Liang would suffer enormous prejudice if Paul Hastings is precluded from participating in the interim.  Paul Hastings was engaged to assist in preparation for this trial while Gordon Rees continued to represent ASI during the recently completed *Kang* trial.  As the Court is aware, most of the significant pretrial pleadings are due in the next nine days and Paul Hastings has prepared a significant amount of work-product for those pleadings.  Trial is just a month away and each day is critical for trial preparation.  Sidelining ASI and Ms. Liang's counsel during this critical period, even for just a few days, would be unfairly prejudicial to them, particularly if the Court were to accept KEXIM's conclusory and flawed allegations regarding a conflict as a basis to grant their *ex parte* relief.

In any event, the Paul Hastings attorneys who have entered appearances in this case have not received any of KEXIM's purportedly confidential information. KEXIM has not and cannot allege otherwise.  Therefore, there is no prejudice to KEXIM if Paul Hastings is afforded until Monday, December 17, 2018 to respond to KEXIM's motion and is allowed to continue to represent Defendants at least until the Court rules on the motion.

- 4 -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

## II. PROCEDURAL AND FACTUAL BACKGROUND

On November 26, 2018, a ASI and Ms. Liang filed a Notice of Association of Counsel associating Paul Hastings' attorneys Thomas Zaccaro, Nicolas Morgan, D. Scott Carlton, and Nicole Lueddeke on behalf of ASI and Ms. Liang. (Dkt. No. 511.) On November 30, 2018, representatives from KEXIM sent an email to the Seoul, South Korea office of Paul Hastings notifying Paul Hastings of the request for proposal ("RFP"). (Declaration of Peter Brejcha ("Brejcha Decl.") ¶3.) On that same day, Paul Hastings established a strict ethical screen between Mr. Zaccaro and the other Firm attorneys working on the ASI litigation (the "ASI Team"), on the one hand, and the attorneys who participated in Paul Hastings' response to KEXIM's request for proposal ("KEXIM RFP Team"). The members of the ASI Team and the KEXM RFP Team received a memorandum establishing the ethical screen. (Brejcha Decl. ¶4.)

On December 3, 2018, Bryan Merryman of White & Case LLP ("White & Case"), counsel for KEXIM, wrote to Mr. Zaccaro at Paul Hastings and demanded that Paul Hastings withdraw from representing ASI and Christine Liang due to purported communications between KEXIM and Paul Hastings. (*See* Declaration of Nicolas Morgan ("Morgan Decl.") ¶ 2, Ex. A.) General Counsel for Paul Hastings, Eve Coddon, responded to Mr. Merryman's correspondence on December 4, 2018. Ms. Coddon informed counsel for KEXIM that a strict ethical screen had been established between the ASI Team and the KEXIM RFP Team and provided notice of that ethical screen to White & Case. (*Id.* at ¶ 3, Ex. B.) Ms. Coddon also requested basic information from White & Case believed to be pertinent to its evaluation of disqualification.[1] On Monday, December 10, 2018, KEXIM filed the

---

[1] Since Paul Hastings did not have any evidence supporting KEXIM's claims regarding a purported conflict and the exchange of confidential information material to the case, Paul Hastings requested that KEXIM provide dates of any meetings, a schedule of documents or information supposedly provided to Paul

- 5 -

ASI AND MS. LIANG'S OPPOSITION TO
PLAINTIFF'S *EX PARTE* APPLICATION
REQUESTING IMMEDIATE RELIEF ON
ITS MOTION TO DISQUALIFY

motion to disqualify Paul Hastings and this *ex parte* application.

## III. APPLICABLE LEGAL STANDARDS

*Ex parte* applications are solely for extraordinary relief and are rarely granted. *Mission Power Eng'g Co. v. Cont'l Cas. Co.* ("Mission Power"), 883 F. Supp. 488, 489 (C.D. Cal. 1995). Such applications are "inherently unfair, and they pose a threat to the administration of justice. They debilitate the adversary system." *Id.* at 490. As such, *ex parte* relief is warranted only where the movant shows two things:

> First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect.

*Id.* at 492.

### A. The Request for Immediate Relief Should be Denied Because KEXIM Will Not be Irreparably Prejudiced

KEXIM's request for immediate relief should be denied because it has failed to demonstrate that will be irreparably prejudiced if (i) the ASI Team continues to

---

Hastings, and dates of communications between Paul Hastings and KEXIM. (*See* Declaration of Earle Miller (Dkt. No. 516-3) ¶ 8, Ex. H (Letter from E. Coddon (Paul Hastings) to B. Merryman (White & Case), dated Dec. 4, 2018).) KEXIM has never provided that information and continues to be coy about what, if any, confidential information was exchanged that was material to his case. (*See, e.g.*, *id.*, Ex. K (Letter from B. Merryman (White & Case) to E. Coddon (Paul Hastings), dated Dec. 6, 2018.); *see also* Declaration of Earle Miller (DKt. No. 517-2) ¶ 14 Ex. O ¶ 4 (Decl. of Cholkyu Lee) ("No one at Paul Hastings told me to provide only certain information or limit the amount of information KEXIM provided to the firm.").)

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

represent Defendants while the Court resolves the motion to disqualify or (ii) Defendants are afforded an additional two court days to respond to the motion.

*First*, KEXIM's requested *ex parte* relief is inappropriate because, as Defendants will demonstrate in their opposition to KEXIM's disqualification motion, KEXIM has failed to show that Paul Hastings' disqualification is required. Paul Hastings' continued representation of ASI and Ms. Liang is entirely proper under newly adopted California Rule of Professional Conduct 1.18 ("Rule 1.18"), and prior authority, which governs the duties owed by attorneys to prospective clients. Under Rule 1.18, a law firm may represent a client adverse to the prospective client in the *same or substantially related matter* provided that: (1) the lawyer who received confidential information from the prospective client took reasonable measures to avoid exposure to more information than was reasonably necessary to determine whether to represent the prospective client; (2) the prohibited lawyer is timely screened from participation in the new matter and apportioned no part of the fee therefrom; and (3) written notice is promptly given to the former prospective client. Cal. Rule of Prof'l Conduct 1.18(d)(2) (emphasis added). Paul Hastings has followed Rule 1.18(d)(2)'s safe harbor to the letter and should not be disqualified.

*Second*, KEXIM has not provided the Court with sufficient evidence to show that Paul Hastings has received confidential information that is material to this case from KEXIM, or that disqualification is warranted under Rule 1.18. KEXIM has filed a heavily redacted RFP with the Court. (*See* Dkt. No. 516-1, Ex. A.) It is impossible to judge whether the unredacted RFP contained confidential information that is material to this case. Additionally, KEXIM filed Paul Hastings' response (in redacted form). (Dkt. No. 516-1, Ex. B.) There is nothing in the redacted response that would lead the Court to believe that Paul Hastings received material confidential information. Likewise, the Declaration of Jin-oh Park, at best,

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

provides conclusory allegations that he "discussed confidential facts and documents." (Dkt. No. 516-1, ¶ 6.) Moreover, the declaration fails to provide even the most basic information about the meeting, including where the meeting took place and on what date.[2] (*See generally id.*)

*Third*, as Ms. Coddon identified in her correspondence to White & Case dated December 4, 2018, Paul Hastings timely enacted a strict ethical screen in compliance with Rule 1.18. So even if the RFP or the response contained material confidential information, which it did not, it would not justify the issuance of an order for immediate relief. No member of the ASI Team has received or reviewed any confidential information from KEXIM. (Morgan Decl. ¶ 4.) Paul Hastings is also supervising all attorneys and staff members working on the ASI representation to ensure compliance with the ethical screen instructions, and has distributed detailed ethical screen instructions to all current and former team members who have worked on the ASI representation and likewise will supervise and distribute these ethical screen instructions to all future team members who will work on the ASI representation. (*See id.*, ¶ 3, Ex. B at 1.) Therefore, allowing the ASI Team to represent the Defendants while the disqualification motion is pending poses zero risk that confidential information could be utilized against KEXIM because the ASI Team *does not possess or have access to* any purported confidential information.

*Fourth*, ASI and Ms. Liang may be substantially prejudiced if they are not afforded sufficient time to respond to KEXIM's motion. The events outlined in KEXIM's papers purportedly occurred in the Republic of Korea. KEXIM presumably has taken weeks to gather facts overseas in support of its motion, but now urges the Court to shorten ASI and Ms. Liang's response time to just three days, which would severely hinder their ability to gather facts in response to the

---

[2] Paul Hastings has no record of such a meeting and believes it never took place. Mr. Park's failure to state when or where the meeting took place is telling.

- 8 -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

motion. As the Court is well aware, the differences in time zones and schedules can make gathering information overseas significantly more cumbersome than if the events took place in only the United States. ASI and Ms. Liang should be afforded a sufficient opportunity to gather and present information opposing KEXIM's motion. Allowing ASI and Ms. Liang to file their opposition two court days after KEXIM's proposed date will have no prejudicial impact on KEXIM, but will prevent substantial prejudice to Defendants by providing them a meaningful opportunity to oppose the motion.

*Fifth*, while ASI and Ms. Liang agree that the Court should hear the motion on an expedited basis in light of the pre-trial deadlines and the upcoming trial date, KEXIM offers no reason why ASI and Ms. Liang should not be permitted to file an opposition on December 17, 2018. To the contrary, allowing ASI and Ms. Liang to file an opposition on December 17 is eminently reasonable given the importance of this issue and the necessity to confer with individuals located in Asia and gather information overseas to respond to KEXIM's assertions in the motion.

*Sixth*, ASI and Ms. Liang will be unfairly prejudiced if Paul Hastings were sidelined, even just for a few days, until KEXIM's disqualification motion is resolved. This is a critical time for trial preparation, with most of the critical pretrial pleadings due to be filed in the next nine days. Paul Hastings has been taking the lead in preparing those filings, but will be unable to complete them if it is precluded from assisting in ASI and Ms. Liang's defense. This result is particularly unwarranted given Paul Hastings' demonstrated compliance with Rule 1.18's safe harbor and the weakness of KEXIM's disqualification motion.

**B.     Paul Hastings Timely Set Up an Ethical Screen and Promptly Notified KEXIM**

KEXIM contends that Paul Hastings did not timely set up an ethical screen. This contention is without merit. Paul Hastings received email correspondence

- 9 -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

from KEXIM raising the issue of the RFP on November 30, 2018.  (Brejcha Decl. ¶ 3.)  Paul Hastings established the ethical screen that same day.  (*Id.* ¶ 4.)  In other jurisdictions that have adopted ABA Model Rule 1.18, this would be considered a "timely" ethical screen.  *See Vaccine Ctr., LLC v. Glaxosmithkline LLC*, No. 2:12-cv-01849-JCM-NJK, 2013 U.S. Dist. LEXIS 60046 at *7 (D. Nev. Apr. 25, 2013) (finding that screening the lawyers who spoke with the prospective clients promptly upon the prospective client's notification to the firm of the possible violation of Rule 1.18 was timely); *Beckenstein Enterprises-Prestige Park, LLC v. Lichtenstein*, No. X06CV030183486S, 2004 WL 1966863, at *6 (Conn. Super. Ct. Aug. 11, 2004) (finding screening was timely when the disqualified attorney was screened "[a]s soon as he was notified by plaintiffs' counsel of [the disqualified attorney's] discussion with [the plaintiff]").

Likewise, Paul Hastings promptly notified KEXIM of the ethical wall implemented by the firm on December 4, 2018. (Morgan Decl., Ex. B), the day after receiving Mr. Merryman's letter.  *See, e.g., Vaccine Center*, 2013 WL 178176, at *2 (finding the notice was prompt when it was provided roughly ten days after receipt of notice of the potential conflict); *Beckenstein*, 2004 WL 1966863, at *6 (finding the notice was prompt even when it was provided 30 days after the lawyer was informed of the possible conflict).

## IV.  CONCLUSION

For the reasons stated herein, ASI and Ms. Liang respectfully request the Court deny KEXIM's *ex parte* relief.  ASI and Ms. Liang instead request that the Court allow Paul Hastings to continue to represent them until reaching a final decision on KEXIM's motion and afford them the opportunity to file their opposition to the motion to disqualify by December 17, which will further establish that the motion to disqualify is without merit.

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY

DATED: December 12, 2018

THOMAS A. ZACCARO
NICK MORGAN
D. SCOTT CARLTON


By: /s/ Thomas A. Zaccaro
　　　THOMAS A. ZACCARO

PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone: 1(213) 683-6000
Facsimile: 1(213) 627-0705

CHRISTOPHER B. QUEALLY
PHILIP H. LO
MICHAEL J. WRIGHT
GORDON REES SCULLY
MANSUKHANI, LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Defendant

ASI COMPUTER TECHNOLOGIES, INC. and CHRISTINE LIANG

- 11 -

ASI AND MS. LIANG'S OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION REQUESTING IMMEDIATE RELIEF ON ITS MOTION TO DISQUALIFY