UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 16-2056-MWF (JPRx)          **Date:** December 18, 2018
Title:    The Export-Import Bank of Korea v. ASI Corporation, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER TO SHOW CAUSE

     Before the Court is Plaintiff The Export-Import Bank of Korea's ("KEXIM") Ex Parte Application for Order for Immediate Relief on Plaintiff The Export-Import Bank of Korea's Motion to Disqualify Paul Hastings LLP; or, in the Alternative, a Hearing Date of December 17, 2018 (the "Application"), filed on December 10, 2018. (Docket No. 517). Along with the Application, KEXIM has also filed a Motion to Disqualify Counsel Paul Hastings LLP and for an Order to Show Cause why Gordon Rees Scully Mansukhani, LLP Should Not Be Disqualified (the "Motion").

     On December 18, 2018, the Court held a telephonic status conference to discuss the Application and Motion. As the Court ordered at the status conference, by **Friday, December 21, 2018, at 12:00 p.m.**:

- KEXIM is **ORDERED** to file *in camera* and under seal the unredacted Request for Proposal (the "RFP") and Paul Hastings' Response;

- Defendant ASI Computer Technologies, Inc. ("ASI") and Paul Hastings are **ORDERED** to show cause, in writing, why Paul Hastings should not be disqualified;

- KEXIM is **ORDERED** to show cause, in writing, why the trial should not be continued to April 9, 2019, in order for the Motion to be thoroughly considered, and if need be, an evidentiary hearing be conducted.

---

**CIVIL MINUTES—GENERAL**          1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 16-2056-MWF (JPRx)**          **Date:  December 18, 2018**
**Title:**     The Export-Import Bank of Korea v. ASI Corporation, et al.

    As the Court indicated at the status conference, Paul Hastings may file under seal a separate memorandum arguing that the unredacted contents of the RFP and Response are not "confidential" information within the scope of Rule 1.18.  The separate memorandum shall be prepared by no more than two lawyers, who may also confer with a consultant.  Neither the lawyers nor the consultant shall have any further involvement in the action whatsoever.  Neither the lawyers nor the consultant shall reveal the contents of the RFP or the Response to anyone at Paul Hastings, any co-counsel, anyone at ASI, or anyone else.

    IT IS SO ORDERED.