CHRISTOPHER B. QUEALLY (SBN 229154)
cqueally@grsm.com
PHILIP H. LO (SBN 178538)
plo@grsm.com
MICHAEL J. WRIGHT (SBN: 231789)
mjwright@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
2211 Michelson Drive
Suite 400
Irvine, CA 92612
Telephone: (949) 255-6987
Facsimile: (949) 474-2060

Attorneys for Defendants
ASI CORPORATION, ASI COMPUTER TECHNOLOGIES, INC., and CHRISTINE LIANG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

THE EXPORT-IMPORT BANK OF KOREA, an agency or instrumentality of the Republic of Korea,

Plaintiff,

vs.

ASI CORPORATION, a Delaware corporation; ASI COMPUTER TECHNOLOGIES, INC., a California corporation; BILL CHEN, an individual; HENRY CHEN a/k/a HUNG CHEN, an individual; FRANCES CHOU a/k/a MEI LING CHOU a/k/a FRANCES MEILING CHOU, an individual; CHRISTINE LIANG a/k/a CHRISTINE LI-YIN LIANG a/k/a LI YIN CHU, an individual,

Defendants.

Case No. 2:16-cv-02056-MWF-JPR

***EX PARTE* APPLICATION OF DEFENDANTS ASI COMPUTER TECHNOLOGIES, INC., AND CHRISTINE LIANG FOR AN ORDER (1) VACATING THE MARCH 5, 2019 TRIAL DATE; (2) VACATING THE CURRENT PRETRIAL DEADLINES; (3) REQUIRING THE PARTIES TO MEET AND CONFER ON NEW DEADLINES; AND (4) SETTING A SCHEDULING CONFERENCE; DECLARATION OF BRIAN J. HENNIGAN IN SUPPORT THEREOF; [PROPOSED] ORDER**

Judge: Hon. Michael W. Fitzgerald

Complaint Filed: March 25, 2016
Disc. Cutoff: May 7, 2018
Pretrial Conf: February 21, 2019
Trial Date: March 5, 2019

## ***EX PARTE* APPLICATION**

Pursuant to Federal Rules of Civil Procedure 16(b) and C.D. Cal. Local Rule 7-19, Defendants ASI Computer Technologies, Inc., and Christine Liang ("ASI Defendants") respectfully apply *ex parte* for a reasonable continuance of the trial date and related pretrial deadlines by at least three months, or, in the alternative, a status conference to consider a trial continuance.

This *ex parte* application is necessary because ASI Defendants have had to retain new trial counsel in light of the January 16, 2019 disqualification of Paul Hastings LLP, and newly-retained counsel cannot reasonably prepare for trial in the next 26 days.

This Application is supported by the attached Memorandum of Points and Authorities and the Declaration of Brian Hennigan in Support of the ASI Defendants' *Ex Parte* Application, filed herewith ("Hennigan Decl.").

## **NOTICE OF *EX PARTE* APPLICATION**

Pursuant to C.D. Cal. Local Rule 7-19, on February 7, 2019, ASI Defendants' counsel provided notice to counsel for all other parties of their intention to file this *ex parte* application. (Hennigan Decl., ¶ 7.) Counsel for the Export-Import Bank of Korea ("KEXIM") has stated that KEXIM will oppose the Application.

Pursuant to C.D. Cal. Local Rule 7-19, contact information for other parties' counsel is:

//

//

//

//

//

//

//

//

*Attorneys for Plaintiff The Export-Import Bank of Korea:*
Bryan A. Merryman
Earle D. Miller
James K. Lee
White and Case LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071-2433
213-620-7700
Fax: 213-452-2329
bmerryman@whitecase.com
emiller@whitecase.com
jklee@whitecase.com

*Attorney for Defendant Frances Chou:*
Max Chien-Hsia Chiang
Law Office of Max C Chiang
Cerritos Corp Tower
18000 Studebaker Road, Suite 585
Cerritos, CA 90703-2684
562-809-3210
Fax: 562-684-4039
maxchiangesq@gmail.com

*Attorneys for Defendant Henry Chen*
Cathleen S. Huang
Richard A. Ergo
Bowles & Verna LLP
2121 N. California Boulevard, Suite 875
Walnut Creek, CA 94596
925-935-3300
Fax: 925-935-0371
chuang@bowlesverna.com
rergo@bowlesverna.com

Dated: February 7, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/Christopher B. Queally*

Christopher B. Queally
Philip H. Lo
Michael J. Wright
Attorneys for Defendants
ASI CORPORATION, ASI COMPUTER TECHNOLOGIES, INC., and CHRISTINE LIANG

**MEMORANDUM OF POINTS AND AUTHORITIES**

This Court disqualified Paul Hastings LLP as counsel on January 16, 2019. (Dkt. 573.) The ASI Defendants were diligent in seeking new counsel to represent them at trial. On February 7, 2019, the ASI Defendants spoke for the first time to Hueston Hennigan LLP, and they retained the firm as counsel on the same day. (Hennigan Decl., ¶ 3.)

The trial date and related pretrial deadlines are fast approaching. On January 29, 2019, the Court scheduled this case for trial on March 5, 2019. (Dkt. 580.) On February 1, 2019, the Court scheduled the Final Pretrial Conference and hearing on the Motions in Limine for February 21, 2019. (Dkt. 581.)

A party seeking to continue the dates set by the court at a scheduling conference must demonstrate "good cause" and obtain the court's consent. Fed. R. Civ. P. 16(b); *Matrix Motor Co., Inc. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003). "This 'good cause' standard 'primarily considers the diligence of the party seeking the amendment.'" *Matrix Motor Co.*, 218 F.R.D. at 671 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Good cause is demonstrated when the party shows that, even with diligence, the party will be unable to meet the deadlines set forth in the court's scheduling order. *Id.* (citing *Johnson*, 975 F.2d at 609; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). When granting a continuance earlier in this action, this Court found that "good cause for a continuance" exists when a party "has demonstrated that his new counsel have been working diligently to get up to speed and prepare his defense since they undertook his representation." *Export-Import Bank of Korea v. ASI Corp.*, 2018 WL 2717845, at *2 (C.D. Cal. Apr. 26, 2018).

Good cause exists for continuing this trial date and the related pretrial deadlines. Hueston Hennigan LLP is now working quickly and diligently to collect and review the significant number of documents that have been filed in this matter and voluminous evidence that has been produced. (Hennigan Decl., ¶ 4.) This

includes reviewing the over 580 filings on the docket in this case, as well as what the firm understands to be over 100,000 pages of documents produced by the plaintiffs. (*Id.*) Given the volume of materials to review and the fast-approaching deadlines, even working diligently and quickly, the firm will be unable to prepare adequately for trial on March 5, 2019. (Hennigan Decl., ¶ 5.) A reasonable continuance would enable the ASI Defendants and their counsel the time to mount a proper defense. (Hennigan Decl., ¶ 6.)

The ASI Defendants now respectfully request that the Court vacate the trial date of March 5, 2019 and continue the pretrial deadlines in accordance with a new trial date so that the ASI Defendants and their counsel can meaningfully prepare for trial. Therefore, the ASI Defendants seek an order, *ex parte*: (1) vacating the March 5, 2019 trial date; (2) vacating the current pretrial deadlines; (3) requiring the parties to further meet and confer on new deadlines not earlier than 90 days after March 5, 2019; and (4) setting a scheduling conference on new pretrial deadlines. In the alternative, the ASI Defendants seek an order scheduling a status conference with the Court to consider a trial continuance.

Notice of this Application was provided to counsel for all parties via e-mail on February 7, 2019, at approximately 4:00 p.m. (Hennigan Decl., ¶ 7.) KEXIM has indicated that they oppose the application.

For the foregoing reasons, the ASI Defendants respectfully request a continuance of the upcoming trial date and related pretrial deadlines (Dkts. 580, 581). The ASI Defendants recognize that this Court generally considers *ex parte* applications on the papers and does not set these matters for hearing. However, in light of the rapidly-approaching trial date and pretrial deadlines, the ASI Defendants respectfully request that the Court set a hearing on this Application on Monday, February 11, 2019, or as soon as is practical.

Dated: February 7, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/Christopher B. Queally*

Christopher B. Queally
Philip H. Lo
Michael J. Wright
Attorneys for Defendants
ASI CORPORATION, ASI COMPUTER TECHNOLOGIES, INC., and CHRISTINE LIANG